IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SEAN PAUL REYES, )<br> )<br>Plaintiff, )<br> )<br>v. )<br> )<br>RICHARD VOLANTI, DETECTIVE )<br>MONACO, OFFICER GHILONI, RUTH )<br>SIABA [GREEN][1], individually, and the )<br>CITY OF BERWYN, )<br>a municipal corporation, )<br> )<br>Defendants. ) | Case No. 22 CV 07339 |

## ANSWER TO COMPLAINT

NOW COMES the Defendants, VOLANTI, MONACO, GHILONI, SIABA GREEN, and the CITY by and through their attorney Cynthia S. Grandfield of Del Galdo Law Group, LLC and in answering provides:

## COUNT I – FALSE ARREST/SEIZURE

1. This action is brought pursuant to the laws of the United States Constitution, specifically, 42 U.S.C. §1983 and §1988, and the laws of the State of Illinois, to redress deprivations of the civil rights of the Plaintiff, SEAN PAUL REYES accomplished by acts and/or omissions of the Defendants, RICHARD VOLANTI, DETECTIVE MONACO, OFFICER GHILONI, and RUTH SIABA [GREEN],

---

[1] Throughout the course of the complaint, Reyes interchanges "Ruth Siaba" with "Ruth Siaba Green." As her name is "Ruth Siaba Green," the "Green" is reflected in brackets for the sake of consistency and clarity.

1

individually, and the CITY OF BERWYN, a municipal corporation, committed under color of law.

*Answer: Defendants admit that the Plaintiff brings causes of action pursuant to these laws but deny that any violation occurred. Defendants deny each and every remaining allegation contained in Paragraph 1.*

2. This Court has jurisdiction pursuant to 28 U.S.C. 1331 and 1343 as this matter involves issues of federal law.

*Answer: Defendants admit the allegations contained in Paragraph 2.*

3. The Plaintiff, SEAN PAUL REYES, is a resident of the State of Illinois.

*Answer: Defendants deny the allegations contained in Paragraph 3.*

4. The Defendants, RICHARD VOLANTI, DETECTIVE MONACO, OFFICER GHILONI, and RUTH SIABA [GREEN] individually, were at all times relevant to the allegations of the Complaint, duly appointed Berwyn police officers and were acting within their scope of employment and under color of law.

*Answer: Defendants admit that Volanti, Monaco and Ghiloni were duly appointed Berwyn police officers. Defendants admit that they were acting within the scope of their employment. Defendants deny that Ruth Siaba Green is a Berwyn police officer and each and every remaining allegation contained in Paragraph 4.*

5. On or about November 2021, the Plaintiff, SEAN PAUL REYES, was lawfully in the Berwyn City Hall.

*Answer: Defendants deny the allegations contained in Paragraph 5.*

6. The Plaintiff filmed some of the activities in City Hall.

*Answer: Defendants admit that Plaintiff was video recording on his cell phone while in City Hall. Defendants deny each and every remaining allegation contained in Paragraph 6.*

7. Plaintiff SEAN PAUL REYES was not committing a crime or breaking any laws.

*Answer: Defendants deny the allegations contained in Paragraph 7.*

8. One of the Defendants seized the plaintiff restricting his movement and taking him into custody.

*Answer: Defendants deny the allegations contained in Paragraph 8.*

9. The plaintiff was not free to go.

*Answer: Defendants deny the allegations contained in Paragraph 9.*

10. The Defendants, after a period of time, escorted the plaintiff outside the building.

*Answer: Defendants admit that Plaintiff was escorted out of the building. Defendants deny each and every remaining allegation.*

11. The Plaintiff attempted to film GHILONI but his phone was forced out of his hands by one of the officers and confiscated.

*Answer: Defendants admit that Plaintiff's phone was taken. Defendants deny each and every remaining allegation contained in Paragraph 11.*

12. There were no facts to support any probable cause that Plaintiff was committing any crime.

*Answer: Defendants deny the allegations contained in Paragraph 12.*

13. The plaintiff was arrested and charged with disorderly conduct.

*Answer: Defendants admit the allegations contained in Paragraph 13.*

14. The Defendants' actions constituted an unlawful seizure and arrest.

*Answer: Defendants deny the allegations contained in Paragraph 14.*

15. The actions of the Defendants were intentional, willful, and wanton.

*Answer: Defendants deny the allegations contained in Paragraph 15.*

16. As a result of the Defendants' actions, the plaintiff was seized and handcuffed.

*Answer: Defendants deny the allegations contained in Paragraph 16.*

17. The actions of the Defendants constituted a violation of the Plaintiff SEAN PAUL REYES's Fourth Amendment rights as protected by 42 U.S.C. § 1983.

*Answer: Defendants deny the allegations contained in Paragraph 17.*

18. As a result of the actions of the Defendants, the Plaintiff, SEAN PAUL REYES, suffered fear, anxiety, pain and suffering, emotional distress, and money damages.

*Answer: Defendants deny the allegations contained in Paragraph 18.*

## COUNT II – CONSPIRACY

1-18. The Plaintiff hereby realleges and incorporates his allegations of paragraphs 1-18 of Count I as his respective allegations of paragraphs 1-18 of Count II as though fully set forth herein.

*Answer: Defendants refer Plaintiff to the answers to those paragraphs as if fully restated here.*

4

19. The Defendant Ruth Siaba [Green] was the City Administrator of Berwyn.

*Answer: Defendants admit the allegations contained in Paragraph 19.*

20. During the time he was handcuffed and in custody, the defendants got Ruth Siaba Green, the city administrator to sign a criminal complaint.

*Answer: Defendants admit that Ruth Siaba Green signed a criminal complaint against Plaintiff. Defendants deny each and every remaining allegation contained in Paragraph 20.*

21. The Defendants did not have probable cause to have the plaintiff arrested or charged.

*Answer: Defendants deny the allegations contained in Paragraph 21.*

22. The defendants conspired to have Sean Paul Reyes criminally arrested and charged.

*Answer: Defendants deny the allegations contained in Paragraph 22.*

23. The actions of the arrest constituted a violation of the Plaintiff's Fourth Amendment rights.

*Answer: Defendants deny the allegations contained in Paragraph 23.*

24. The actions of the Defendants were intentional, willful, and wanton.

*Answer: Defendants deny the allegations contained in Paragraph 24.*

25. The actions of the Defendants constituted a violation of the Plaintiff's Fourth Amendment rights as protected by 42 U.S.C. § 1983.

*Answer: Defendants deny the allegations contained in Paragraph 25.*

26. As a result of the actions of the Defendants, RICHARD VOLANTI,

DETECTIVE MONACO, OFFICER GHILONI, and RUTH SIABA [GREEN], individually, the Plaintiff, SEAN PAUL REYES, suffered fear, anxiety, pain and suffering, emotional distress, and money damages.

*Answer: Defendants deny the allegations contained in Paragraph 26.*

## COUNT III – MALICIOUS PROSECUTION

1-26. The Plaintiff hereby realleges and incorporates his allegations of paragraphs 1-26 of Count II as his respective allegations of paragraphs 1-26 of Count III as though fully set forth herein.

*Answer: Defendants refer the Plaintiff to its answers to those paragraphs as if fully state here.*

27. The defendant proceeded with prosecution of their charges knowing they were false.

*Answer: Defendants deny the allegations contained in Paragraph 27.*

28. The Plaintiff retained counsel for his defense.

*Answer: Defendants admit the allegations contained in Paragraph 28.*

29. The charges were ultimately dismissed in his favor.

*Answer: Defendants admit that the charges were stricken on leave with leave to reinstate by the State's Attorney. Defendants deny each and every remaining allegation contained in Paragraph 29.*

## COUNT IV – CITY OF BERWYN/INDEMNIFICATION

1-29. Plaintiff hereby realleges and incorporates his allegations of paragraphs 1-29 of Count I-III as his respective allegations of paragraph 1-29 of Count I-III as his

6

respective allegations of paragraph 1-29 of Count IV as though fully set forth herein.

*Answer: Defendants refer Plaintiff to their answers to those Paragraphs as if fully restated here.*

30. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

*Answer: Defendants admit the allegations contained in Paragraph 30.*

31. Defendants, RICHARD VOLANTI, DETECTIVE MONACO, OFFICER GHILONI, and RUTH SIABA [GREEN] are or where employees of the CITY OF BERWYN and acted within the scope of their employment in committing the misconduct described herein.

*Answer: Defendants deny the allegations contained in Paragraph 31.*

## AFFIRMATIVE DEFENSES

1. With respect to Counts I and II against the individual defendants VOLANTI, MONACO, GHILONI, and SIABA GREEN, they are each entitled to qualified immunity in that it was not clearly established at the time what constituted probable cause for disorderly conduct in the context of repeated non-consensual cell phone video recording at the time of arrest.

2. With respect to Count III, the individual defendants VOLANTI, MONACO, GHILONI, and SIABA GREEN are not liable for any of their acts in responding to Plaintiff's conduct as the decision as to if to charge Plaintiff and what to charge him

7

with was an exercise of discretion and/or a determination of policy within the meaning of 745 ILCS 10/2-201.

3. With respect to Count IV, the City is not liable for any act for which the individual defendant officers are not liable pursuant to 745 ILCS 10/2-109.

Respectfully submitted,
Defendants

By: */s/ Cynthia S. Grandfield*

Cynthia S. Grandfield (ARDC No. 6277559)
Sean M. Sullivan
DEL GALDO LAW GROUP, LLC
grandfield@dlglawgroup.com
1441 S. Harlem Avenue
Berwyn, Illinois 60402
(708) 222-7000 (t)