UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SEAN PAUL REYES, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:22-cv-07339 |
| | ) | |
| v. | ) | Magistrate Judge Valdez |
| | ) | |
| RICHARD VOLANTI, | ) | |
| DETECTIVE MONACO, | ) | |
| OFFICER GHILONI, and RUTH SIABA | ) | |
| GREEN Individually, the CITY | ) | Jury Demand |
| OF BERWYN, A Municipal Corporation, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S REPLY ON HIS MOTION TO COMPEL

**NOW COMES** the Plaintiff, **SEAN PAUL REYES**, by and through his attorneys, Gregory E. Kulis and Associates Ltd, replying on behalf of his Motion to Compel. In support of said Motion, Plaintiff states as follows:

1) On March 6th, 2024, Defendants replied to Plaintiff's Motion to Compel with an 11-page Response containing a manifesto of Defendant's opinions on the legal basis of Mr. Reyes' case, his personal motivations for filing, and even his profession as a YouTuber. Much of the argument Defense Counsel details has little to do with the basis for her objection to the Motion (for instance, the aside that Mr. Reyes has 'no media credentials or journalist training,' or the irrelevant assertion that Mr. Reyes' completely legal submission of a public records request was an attempt to 'intimidate' Defense counsel). These completely unwarranted personal attacks are a clear reflection of Defense Counsel's personal distaste for Plaintiff, and carry little weight in an evaluation of the substance of the issue.

2) As to the substance of Defendant's concerns, Plaintiff is certainly sympathetic regarding the online messaging Defendants and Defense Counsel has received, and understands their

concerns about the recording of their Depositions. It is certainly neither the intent of Plaintiff or Plaintiff's counsel to have these individuals subject to online harassment. However, absolutely none of these instances were desired or incited by Plaintiff. While Plaintiff has made public comment about his lawsuit and the individuals involved on his YouTube channel, he has certainly never called upon the individuals who follow his channel to harass or bully any party or counsel. What Plaintiff has done—which is merely make public comment on the proceedings of a lawsuit—is not illegal, nor is it harassment. In an internet age, such results may even be unforeseeable. Plaintiff certainly has no ability to control the actions of others, even if they proclaim to move at his behest. Defense Counsel makes the basis of her argument for opposing the Motion to Compel by attributing the actions of Plaintiff's followers to Plaintiff, which is, to be frank, baseless and unjustified.

3) Defendant's concerns also come at a point so delayed in the discovery process that they rise to the point of meriting a Motion to Compel. As demonstrated in Exhibit A, Plaintiff's office reached out to Defendant's Counsel on February 21st, 2024—immediately after this Honorable Court's ruling on the extension of discovery—and listed every date which they had availability. After five days without response from Defendant's counsel, Plaintiff scheduled the Deposition of Defendants on February 26th, 2024, and amended to reflect Defendant Counsel's preferences on conducting the deposition in-person on February 27th, 2024.

4) Despite the Amended Notice being clearly marked to reflect the preference for a Video Deposition after consultation with Plaintiff (See Exhibit B), Defendant's Counsel did not reply until four days later on Friday, March 1st 2024—a business day prior to when the Plaintiff intended to conduct these depositions. Defendant Counsel's repeated lack of assistance with scheduling and inattentiveness to correspondence forced Plaintiff's counsel

into a position where they could not practically conduct extensive discussions and still move quickly towards conducting their necessary discovery.

5) Defense Counsel's statement that she provided a draft of a Protective Order just prior to Plaintiff filing a Motion to Compel is accurate, and there was an error in Plaintiff's initial motion stating that one was not provided. The fact is, however, that counsel for both parties discussed the proposed order and the language of the drafted order that Defendant's counsel provided was not agreed upon.

6) Defendant's counsel cannot cite legal basis for the prevention of a video recorded deposition because no such basis exists. As Federal Rule of Civil Procedure 30 (3) (A) clearly states,

"(A) *Method Stated in the Notice.* The party who notices the deposition must state in the notice the method for recording the testimony. Unless the court orders otherwise, testimony may be recorded by audio, audiovisual, or stenographic means. The noticing party bears the recording costs. Any party may arrange to transcribe a deposition."

As the language of the rule clearly indicates, there is absolutely no basis for the cancellation of a deposition based upon the desire to enter a protective order.

7) Similarly, the case law counsel cites also fails to provide sufficient grounding. *Newson v. Oakton Cmty. Coll.*, 2022 U.S. Dist. LEXIS 118714, 2022 WL 2355886 concerns a Defendant who failed to remove deposition recordings from YouTube upon Court Order, which is not relevant here as Mr. Reyes has received no court instruction regarding his legal proceedings in this case. Defense Counsel has no other legal grounding in contemporary Northern District of Illinois procedure.

8) Plaintiff should not be deprived of a right entitled to him by the Federal Rule of Civil Procedure 30(3)(A) because of the actions of individuals who follow his YouTube channel. Plaintiff should not be deprived of a right entitled to him by the Federal Rule of Civil

Procedure 30(3)(A) because Defendants and their counsel make assumptions about his motives or desires. Plaintiff should not be deprived of a right entitled to him by the Federal Rule of Civil Procedure 30(3)(A) because Defendants—or Defense Counsel—simply do not like him. There is no basis for denying Plaintiff's Motion to Compel, and no basis for entry of a protective order that prevents Mr. Reyes from using the recording after the conclusion of the case if he desires. There is also *certainly* no basis for seizure of Plaintiff's personal business profits because he requested a video recording of a deposition.

9) Plaintiff brought this Motion to Compel in a good-faith effort to comply with the Court's extended deadline for completion of discovery set for March 15th, 2024 (Dkt. 54).

**WHEREFORE** Plaintiff respectfully requests that this Honorable Court grant Plaintiff's Motion to Compel, reimburse Plaintiff for all costs and attorney's fees associated with bringing this motion, and Deny Defendant's Motion for Entry of a Protective Order with the restrictive language used, as well as whatever other such relief this Honorable Court deems necessary.

        **Respectfully submitted,**
        **PLAINTIFF SEAN PAUL REYES**

        By: */s/ Gregory E. Kulis*

**Atty. Gregory E. Kulis**
**Gregory E. Kulis & Associates, Ltd.**
**134 N. LaSalle, #444**
**Chicago, Illinois 60602**
**p. 312-580-1830**
**e. service@kulislawltd.com**
**e. gkulis@kulislawltd.com**