IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SEAN PAUL REYES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 22 C 7339 |
| v. | ) | |
| | ) | Magistrate Judge |
| RICHARD VOLANTI, | ) | Maria Valdez |
| DETECTIVE MONACO, OFFICER | ) | |
| GHILONI, RUTH SIABA GREEN, | ) | |
| individually, and the CITY OF | ) | |
| BERWYN, a municipal | ) | |
| corporation, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter is before the Court on Plaintiff's motion to compel [Doc. No. 55] and Defendants' cross-request for a protective order and sanctions [Doc. No. 57]. In this suit, Plaintiff alleges that he was wrongfully arrested in November 2021 when he was taking video of "some of the activities" within Berwyn City Hall. (Am. Compl. ¶ 6.) The parties' instant dispute centers around the individual Defendants' anticipated depositions and, more specifically, the videotaping of those depositions. Plaintiff now moves to compel Defendants to sit for videotaped depositions. Defendants previously agreed to sit for videotaped depositions if certain limitations were put in place, and they now seek a protective order with respect to their depositions.

Pertinent to the parties' dispute, Federal Rule of Civil Procedure 30 provides that "[u]nless the court orders otherwise, [deposition] testimony may be recorded by audio, audiovisual, or stenographic means." Fed. R. Civ. P. 30(b)(3)(A). In keeping with this language stating that courts may place conditions on the method of recording, and as relevant here, this Court may issue a protective order for "good cause" to "protect a party or person from annoyance, embarrassment, [or] oppression." Fed. R. Civ. P. 26(c)(1). The question of "whether a proposed protective order is appropriate, and . . . the degree of protection the law may require, is within the broad discretion of the district court." *Williams v. City of Chicago*, No. 22 C 1084, 2022 WL 101805656, at \*4 (N.D. Ill. Oct. 17, 2022) (citation omitted).

With respect to the videotaping of Defendants' depositions in this case, the Court finds that there is good cause for the issuance of a protective order placing limitations on Plaintiff's use of the video footage. The record reflects that Plaintiff is a YouTube personality. Plaintiff takes videos in and around government properties and posts the videos to his YouTube channel (including the video underlying this lawsuit that he took in Berwyn City Hall). The record indicates that Plaintiff has a substantial and devoted online following and that he makes significant profits from his YouTube channel. Defense counsel represents to the Court that, in or around December 2023, Plaintiff posted defense counsel's law firm profile to his YouTube channel and offered commentary about her. Defense counsel further represents that she then received extremely offensive e-mails, voicemails, and texts from Plaintiff's followers (noting that her cell phone number is not public knowledge). Defense

2

counsel also represents that the named Defendants have received similar threatening messages in an even much larger volume.

Courts have made clear that videotaped depositions are "not intended to be a vehicle for generating content for broadcast and other media." *Paisley Park Enterprises, Inc. v. Uptown Prods.*, 54 F. Supp. 2d 347, 349 (S.D.N.Y. 1999). Based on the information set forth above, the Court has reason to believe that, if he is allowed an unfettered right with respect to his use of the deposition videos, Plaintiff may be inclined to post the deposition video footage to his YouTube channel. The Court also has reason to believe that the named Defendants will be subject to further harassment from Plaintiff's followers if video from their depositions is posted online. As such, the Court finds that a protective order is warranted to protect Defendants from further annoyance, embarrassment, and oppression. *See Leleux-Thubron v. Iberia Par. Gov't*, No. CV 6:13-0852, 2015 WL 13867131, at *4 (W.D. La. June 25, 2015) ("In this case, Romero has shown a more than adequate reason for issuance of the requested protective order – further public dissemination of the video-taped deposition by the litigants and their counsel will most certainly cause Romero undue embarrassment and humiliation . . . "); *Drake v. Benedek Broad. Corp.*, No. CIV.A.99-2227GTV, 2000 WL 156825, at *2 (D. Kan. Feb. 9, 2000) ("Based on the record before it, the Court finds there is some likelihood that Plaintiff intends to use the videotaped deposition . . . for purposes unrelated to the resolution of this lawsuit and even for some commercial or personal financial gain. . .

. . [T]he court will fashion safeguards to ensure that the videotape will be used solely for purposes of the lawsuit.").

Accordingly, Plaintiff's motion to compel [Doc. No. 55] is granted in part and denied in part, and Defendants' cross-request for a protective order and sanctions [Doc. No. 57] is granted in part and denied in part. Defendants shall be presented to sit for videotaped depositions. However, the resulting video footage shall be used only for purposes of this litigation and shall not be posted online or on social media or utilized outside the court proceedings in any manner. *See Paisley Park*, 54 F. Supp. 2d at 349 ("Given the existence of a legitimate litigation purpose for taping the deposition, the Court will permit the videotaping. But the videotape may be used solely for purposes of this litigation."). The prohibitions set forth in this order shall survive the conclusion of these proceedings. Plaintiff's failure to abide by this order will result in sanctions, up to and including dismissal of this action. *See Newsom v. Oakton Cmty. Coll.*, No. 19 CV 2462, 2022 WL 2355886 (N.D. Ill. Mar. 9, 2022). Plaintiff is also ordered to remove the post referencing defense counsel from his YouTube channel. *See Newsom v. Oakton Cmty. Coll.*, No. 19 C 02462, 2022 WL 2874801, at *2 (N.D. Ill. July 12, 2022) ("To the extent that Newsom argues that Magistrate Judge McShain did not have the authority to order him to remove the records from YouTube, he is incorrect. The Magistrate Judge . . . has the power to order Newsom to remove the videos from YouTube under Rule 37(b)."). Defendants'

request for sanctions is otherwise denied. Plaintiff's request for costs and attorney's fees is also denied.

**SO ORDERED.**               **ENTERED:**

*Maria Valdez*

**DATE:**    **March 12, 2024**               _____
                                                            **HON. MARIA VALDEZ**
                                                            **United States Magistrate Judge**