UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SEAN PAUL REYES, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:22-cv-07339 |
| ) | |
| v. ) | Magistrate Judge Valdez |
| ) | |
| RICHARD VOLANTI, ) | Judge Seeger |
| DETECTIVE MONACO, ) | |
| OFFICER GHILONI, and RUTH SIABA ) | Jury Demand |
| Individually, the CITY OF BERWYN, ) | |
| A Municipal Corporation, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S OPPOSITION TO DEFENANTS'
MOTION FOR SANCTIONS UNDER COURT'S INHERENT POWERS AND FOR
RULE TO SHOW CAUSE WITH RESPECT TO PLAINTIFF**

NOW COMES the Plaintiff, SEAN PAUL REYES, by and through his attorneys, Gregory E. Kulis and Associates, Ltd., and in support of his response, states as follows:

1. On March 12, 2024, this Court entered an order allowing the videotaping of Defendant depositions in this case. The Court further entered a protective order that the resulting video footage shall be used only for purposes of this litigation and shall not be posted online or on social media or utilized outside of the court proceedings in any manner. Finally, this Court ordered Plaintiff to remove the post referencing defense counsel from his YouTube channel. The Plaintiff has complied with the March 12, 2024 order.

2. Federal Rule of Civil Procedure 37 provides for the imposition of sanctions for failing to disclose, answer or respond to discovery requests, or for failing to supplement an incomplete or incorrect response. " Yahnke v. Cty. of Kane, 2014 U.S. Dist. LEXIS 59271, at *2-3 (N.D. Ill. Apr. 4, 2014). Courts have the power to impose discovery sanctions either pursuant to Fed. R. Civ. P. 37(b)(2), which requires the violation of a court order, or under its own 'inherent power to impose

1

sanctions for the abuse of the judicial system, including the failure to preserve or produce documents.'" Id. (citing Daniels v. Spencer Gifts, LLC, 2012 WL 488099, at *6 (N.D. Ill. Feb. 14, 2012). The Plaintiff has not violated any discovery related issues.

3. On May 22, 2024, Plaintiff in his YouTube channel Long Island Audit posted a video, "'Super' Mayor's Attorneys Are Trying to SILENCE Hournalist! + Berwyn Lawsuit Update". The entire first 45 minutes of the video is about Dolton and its Mayor. It is not until minute 43 that the Plaintiff begins to mention Defendants' counsels' law firm. The firm is originally mentioned because they represented Dolton and the Mayor.

4. Plaintiff states the following: "I first heard about theses…apparently they have…they're not getting paid. I was told by one of the partners in the firm that's actually defending Berwyn Illinois, the city of Berwyn Illinois in my federal lawsuit against them for unlawful arrest." (43:52) "Cynthis if you're watching this you will never silence me…" (47:16) "I'm not threatening you, I'm just telling facts." (47:22). "Where are the videos, I can't show them to you , I have video depositions of three defendants in a federal lawsuit…." (47:47). "I can't show you the video, why can't I show you the video" (48:18). "The court unfortunately sided with her, this is the order (proceeds to show order)". (48:48). "You know you guys watching me for over three years now, I don't make threats against anyone." (51:42). "Any type of threats of any harm of any sort I don't engage in that kind of activity." (51:54).

5. The Second video mentioned by Defendants' is not posted by Plaintiff, and he has no control over the other YouTubers or her followers. Defendants' have misrepresented the fact that Plaintiff personally joined the video with the YouTuber. Plaintiff never made an appearance and he is personally not on the video at all.  This video is created by someone else, though somehow the movant attributes the video to him. In fact, at 13:17 of the video, she states, "so since Sean can no longer talk about Cynthia, I'mma look it up, I'mma.. I can talk about her, I can talk about her, and no

2

Sean did not put me up to this, he does not know I'm making a video." Further, at 18:29, she states, "he's so careful, he goes as far with the disclaimers as me, and he's truly a peaceful person, he does not encourage any type of threats, any type of maliciousness, or anything, he is very, very, um, peaceful and very nonviolent, he would never, and I've never heard him make anything that even could be construed as a threat, or a call to action to hurt somebody" Finally, a disclaimer rolls across the video, "do not contact anyone in this video or send any hate". Therefore, this video does not apply to this alleged matter.

6. On May 31, 2024, the Defendants filed a Motion for Sanctions under the Court's Inherent Powers and a Motion for a Rule to Show Cause with respect to the Plaintiff. The Defendants argue that the Plaintiff has litigated in bad faith by posting a video containing public information unrelated to the videotaping of depositions and that he violated the Court's order by posting a video while exercising his First Amendment rights.

7. The Plaintiff did not violate the court's order by posting public information and exercising his First Amendment rights. In his videos, the Plaintiff clearly stated that he does not make threats and would not show the videotaped depositions. He is not willfully disobeying a court order. Rather, he expresses that he will comply. Furthermore, the Defendants are conflating their argument regarding the court's inherent powers by claiming that the Plaintiff is acting in bad faith. The standard for sanctions is whether the offender has willfully abused the judicial process or otherwise conducted litigation in bad faith. The Plaintiff is doing neither; he is peacefully speaking on public information and exercising his First Amendment rights. He has no control over third parties who act irrationally or illegally and should not be sanctioned for such acts of others, which the Defendants have not even demonstrated to be illegal or threatening. Lastly, Defendants' counsel's website indicates that she handles "high-profile cases," and these emails, although distasteful and inaccurate, are not unusual for such cases.

3

8. To support Defendants' position, they cite Emerson v. Dart, 900 F.3d 469 (7th Cir. 2018). "Sanctions meted out pursuant to the court's inherent power are appropriate where the offender has willfully abused the judicial process or otherwise conducted litigation in bad faith." Id. at 473, (citing Salmeron v Enter. Recovery Sys., Inc., 579 F.3d787, 793 (7th Cir. 2009). The district judge reasonably concluded that Emerson's Facebook post merited sanctions under these standards. Id. She targeted and publicly threatened potential witnesses if they spoke out. Id. Emerson's post was a bald effort to "keep witnesses from testifying," Id. (citing United States v. Rand, 482 F.3d 943, 950 (7th Cir. 2007), and we have long held that "witness tampering is among the most grave abuses of the judicial process," Id. (citing Ramirez v. T&H Lemont, Inc., 845 F.3d 772, 782 (7th Cir. 2016). In this case, movant may not like what Plaintiff has done, but what Plaintiff has done does not violate the court orders.

9. The Plaintiff's YouTube video has nothing to do with witness tampering, nor have the Defendants argued this. The Plaintiff clearly states that he is not threatening anyone and is commenting on public matters. Defendants' counsel is merely arguing that the Plaintiff has shown the law firm's website, which is public information. Anyone can find this case and see the law firm representing the Defendants. Additionally, the main content of the YouTube video is 45 minutes long and unrelated to this case; the law firm is only mentioned because they represented Dolton. The Emerson case concerns the abuse of the judicial process and threatening witnesses, which does not apply here. Therefore, the Defendants have failed to demonstrate that the Plaintiff has willfully abused the judicial process, conducted litigation in bad faith, how he specifically violated the court's previous order.

10. Finally, the Defendants argue for a rule to show cause regarding this Court's order to remove the defense counsel's profile. The Plaintiff complied with that order by removing the video from his YouTube channel.

11. The new video posted is not intended to show the defense counsel's profile. The video primarily focuses on another matter. Additionally, the Plaintiff shows the firm's website, which is publicly available, and does not make any threats. The Plaintiff explicitly states that he will not click on counsel's profile. He also mentions that he cannot show the deposition videos and refuses to do so. Therefore, the Defendants have failed to establish by clear and convincing evidence that the Plaintiff did not comply with this Court's specific command. No where does movant point out "with specificity" as to what part of the order Plaintiff has violated.

12. The Supreme Court has cautioned that this power "must be exercised with restraint and discretion." Evans v. Griffin, 932 F.3d 1043, 1047 (7th Cir. 2019). Dismissing a case with prejudice is one of the harshest sanctions a court can impose, and so courts must be especially careful before taking that step. Id., at 1048.

13. The movant may not like the attention this case has brought them, but Plaintiff has not violated the court order and has gone out of his way to point that he has been ordered to refrain from certain activity.

WHEREFORE the Plaintiff prays that this honorable court deny Defendants' Motion for Sanctions Under Court's Inherent Powers and for Rule to Show Cause, and for other and further relief as this Court deems.

    Respectfully submitted,

    By: /s/Gregory E. Kulis_____
    Gregory E. Kulis and Associates, Ltd.

Gregory E. Kulis #6180966
Gregory E. Kulis and Associates, Ltd.
134 North LaSalle Street, Suite 444
Chicago, Illinois 60602
p. (312) 580-1830
gkulis@kulislawltd.com

service@kulislawltd.com

## **CERTIFICATE OF SERVICE**

The undersigned non-attorney hereby certifies that the above Plaintiff's Opposition to Defendants' Motion for Sanctions Under Court's Inherent Powers and for Rule to Show Cause filed on June 14, 2024 with the Northern District of Illinois ECF System, serving a copy on all parties.

*/s/ Tyler Hill*
Tyler Hill