**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SEAN PAUL REYES, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 22 CV 07339 |
| RICHARD VOLANTI, DETECTIVE | ) | |
| MONACO, OFFICER GHILONI, RUTH | ) | |
| SIABA [GREEN][1], individually, and the | ) | |
| CITY OF BERWYN,  a municipal corporation, | ) | |
|     Defendants. | ) | |

**DEFENDANTS' JOINT LOCAL RULE 56.1 STATEMENT OF UNDISPUTED**
**MATERIAL FACTS IN SUPPORT OF THEIR MOTIONS FOR SUMMARY**
**JUDGMENT**

Pursuant to Local Rule 56.1, Defendants, RICHARD VOLANTI ("Sgt. Volanti"),

ROBERT MONACO ("Det. Monaco"), CHARLES GHILONI ("Officer Ghiloni"), RUTH

SIABA GREEN ("Siaba Green"), and the CITY OF BERWYN (the "City") by and through their

attorney Cynthia S. Grandfield of Del Galdo Law Group, LLC submit the following Statement of

Undisputed Material Facts in support of their Motion for Summary Judgment:

1.　　　Defendants Sgt. Volanti, Det. Monaco, and Officer Ghiloni were at all times relevant

duly appointed Berwyn police officers. *See* Exhibit 1 (Defendants' Answer to Pl's Compl. ("Def's

Ans."), Dkt. No. 11), ¶ 4; *See* Exhibit 2 (Deposition of Sgt. Volanti ("Volanti Dep.")), 11:3-10; *see*

Exhibit 3 (Deposition of Det. Monaco ("Monaco Dep.")), 10:22-12:3; *see* Exhibit 4 (Officer

Ghiloni's Answers to Interrogatories ("Ghiloni Interrog. Ans."), ¶ 1.

2.　　　Defendant Siaba Green was at all times relevant the City Administrator of Berwyn.

*See* Ex. 1 (Def's Ans.), ¶ 19; s*ee* Exhibit 5 (Siaba Green's Answers to Interrogatories ("Siaba Green

---

[1] Throughout the course of the complaint, Reyes interchanges "Ruth Siaba" with "Ruth Siaba Green."  As her name is "Ruth Siaba Green," the "Green" is reflected in brackets for the sake of consistency and clarity.

Interrog. Ans.")), ¶ 19; *see* Exhibit 6 (Deposition of Siaba Green on April 9, 2024 ("Siaba Green Dep."), 13: 22-24.

3.      On November 8, 2021, Plaintiff, Sean Paul Reyes ("Reyes") entered Berwyn City Hall. *See* Ex. 1 (Def's Ans.), ¶ 5; *see* Ex. 6 (Siaba Green Dep.), 17:6-19; *see* Ex. 9 (Deposition of Reyes ("Reyes Dep."), 12:20-13:1.

4.      Prior to November 8, 2021, none of the individual defendants were familiar with Reyes. *See* Ex. 6 (Siaba Green Dep.), 15:12-20; *see* Ex. 3 (Monaco Dep.), 12:17-19; *see* Ex. 4 (Ghiloni Interrog. Ans.), ¶ 20; *see* Ex. 2 (Volanti Dep.), 11: 19-12:5.

5.      Initially, Reyes entered Berwyn City Hall with a GoPro camera strapped to his person while also recording with the camera on his cell phone. *See* Ex. 9 (Reyes Dep.), 13:16-14:15.

6.      On November 8, 2021, Reyes began recording the first floor of Berwyn City Hall, including the signs posted referencing a prohibition on video recording, the layout of the building, and the employees and citizens present. *See* Ex. 9 (Reyes Dep.), 14:19-15:5.

7.      On November 8, 2021, Reyes filmed the employees working at Berwyn City Hall on the first floor. *See* Ex. 1 (Def's Ans.), ¶ 6; *see* Ex. 9 (Reyes Dep.), 14:17-16:13, 46:1-9.

8.      A Berwyn City Hall employee told Reyes that he was not permitted to engage in video recording and referenced the sign that was posted in the lobby area. *See* Ex. 9 (Reyes Dep.), 15:17-16:8, 45:20-24.

9.      Berwyn City Hall employees appeared alarmed and upset by Reyes' filming of their employment activities. *See* Exhibit 7 (Det. Monaco's Answers to Interrogatories (hereinafter, "Monaco Interrog. Ans."), ¶ 7-8; *see* Ex. 6 (Siaba Green Dep.), 15:15-16:14; *see* Ex. 5 (Siaba Green Interrog. Ans.).

10.     Berwyn City Hall employees called Siaba Green for assistance. *See* Ex. 5 (Siaba Green Interrog. Ans.), ¶ 8; *see* Ex. 6 (Siaba Green Dep.), 15:15-16:20.

11.     Shannon Reberski, a City Hall employee who works on the first floor, called Siaba Green on November 8, 2021, and stated that Reyes' conduct made her uncomfortable. *See* Ex. 6 (Siaba Green Dep.), 29: 15-21.

12.     On November 8, 2021, Reyes ascended to the second level of Berwyn City Hall. *See* Ex. 6 (Siaba Green Dep.), 17:6-16, 43:17-20; *see* Ex. 9 (Reyes Dep.), 52:3-11.

13.     The second floor of the Berwyn City Hall is home to the City's administrative offices. *See* Ex. 6 (Siaba Green Dep.), 17:11-16.

14.     Siaba Green's office is located on the second floor of Berwyn City Hall. *See* Ex. 6 (Siaba Green Dep.), 16:21-23.

15.     Det. Monaco and Siaba Green witnessed Reyes' video recording them while they were conducting official business inside Siaba Green's office. *See* Ex. 3 (Monaco Dep.), 13:2-15; *see* Ex. 6 (Siaba Green Dep.), 19:2-9, 53:16-20, 54:12-18; *see* Ex. 9 (Reyes Dep.), 52: 4-11, 53: 8-20.

16.     Siaba Green walked over to the doorway of her office while Reyes was standing in the hallway outside of her office and asked Reyes to stop recording her. *See* Ex. 4 (Siaba Green Interrog. Ans.), ¶ 8; *see* Ex. 6 (Siaba Green Dep.), 54:18-23.

17.     Det. Monaco asked Reyes to stop video recording him. *See* Ex. 3 (Monaco Dep.), 21:19-22:9, 38:16-16; *see* Ex. 9 (Reyes Dep.), 56:5-8, 60:13-15; *see* Ex. 7 (Monaco Interrog. Answer), ¶ 8.

18.     Siaba Green asked Det. Monaco to contact the station to call for a supervisor. *See* Ex. 3 (Monaco Dep.), p. 13:7-10.

19.     After Det. Monaco interceded, Siaba Green continued doing her business while Reyes was taken downstairs. She did not participate in the situation with Reyes after that. *See* Ex. 6 (Siaba Green Dep.), 24:15-25:5.

20.     Dispatch called Sgt. Volanti regarding a person video recording at City Hall. *See* Ex. 2 (Volanti Dep.), 12:3-16, 14:4-17.

21.     Sgt. Volanti arrived at Berwyn City Hall on November 8, 2021 and walked in the front doors to the first floor, where he observed Reyes filming and also speaking with Officer Ghiloni and Det. Monaco. *See* Ex. 2 (Volanti Dep.), 15:1-16:3.

22.     Upon arrival, Sgt. Volanti was told by Det. Monaco of Reyes' recording and their requests to get him to cease. *See* Ex. 2 (Volanti Dep.), 38:19-22; *see* Ex. 3 (Monaco Dep.), 18:9-17.

23.     Shortly after his arrival on that day, Sgt. Volanti went up to the second floor to speak with Siaba Green in her office regarding the request she had made for a supervisor. *See* Ex. 2 (Volanti Dep.), 16:6-13.

24.     Sgt. Volanti then spoke with Shannon Reberski, who was highly upset and visibly shaking during this conversation, about Reyes' conduct and Ms. Reberski expressed to Sgt. Volanti during that conversation that she was uncomfortable. *See* Ex. 2 (Volanti Dep.), 16:14-21.

25.     Tricia Powers, a City Hall employee who works on the first floor spoke to Sgt. Volanti on November 8, 2021 and told him that she observed Reyes filming and was frightened, alarmed, and disturbed. *See* Ex. 2 (Volanti Dep.),40:19-25, 42:8-43:18.

26.     Sgt. Volanti then, having personally witnessed Reyes filming, approached Reyes and asked for his name, which Reyes refused to give, and asked Reyes what his business was at Berwyn City Hall. *See* Ex. 2 (Volanti Dep.), 15:9-10, 17:10-14.

27.     Sgt. Volanti asked Reyes what business he was conducting at City Hall on that day. *See* Ex. 2 (Volanti Dep.), 17:19-23.

28.     Reyes then told Sgt. Volanti that he was there to put in a FOIA request. *See* Ex. 2 (Volanti Dep.), 17:24-18:3.

29.     Reyes then proceeded to put in his FOIA request without incident, continuing to film while doing so. *See* Ex. 9 (Reyes Dep.), 46:7-14, 58:3-22.

30.     After Reyes put in his FOIA request, Sgt. Volanti showed Reyes the sign affixed to the exterior walls of City Hall, which stated that it was illegal to record at City Hall pursuant to a statute. *See* Ex. 3 (Monaco Dep.), 24:2-25; *see* Ex. 2 (Volanti Dep.) 22:25-23:17.

31.     Siaba Green was aware of several signs at Berwyn City Hall prohibiting video recording based on a statute. *See* Ex. 6 (Siaba Green Dep.), 20:2-14, 38:21-25.

32.     The signs stated please do not record unless you ask permission, and were posted in various places in and around City Hall, including on the front door of City Hall, on the Plexiglass near the clerk's counters,  the first-floor lobby near the public entrance, and outside of City Hall on the exterior of the building near the front doors. *See* Ex. 6 (Siaba Green Dep.), 20:6-14, 38:21-24; *see* Ex. 9 (Reyes Dep.), 14:20-24, 15:21-22, 59:19-20; *see* Ex. 3 (Monaco Dep.), 24:12-15, 27:7-8.

33.     Siaba Green believed that the posted signs prohibiting video recording without obtaining consent permitted her to refuse Reyes from recording her while she was working in her office at Berwyn City Hall. *See* Ex. 6 (Siaba Green Dep.), 19:16-25, 20:6-24.

34.     Siaba Green did not learn the statute referenced in the signs was not valid till after the fact. *See* Ex. 6 (Siaba Green Dep.), 20:6-14.

35.     Det. Monaco was aware of the posted signs prohibiting video recording at Berwyn City Hall and did not learn that the referenced statute on those signs was not valid till he was leaving work that day. *See* Ex. 3 (Monaco Dep.), 33:3-34:15.

36.     Sgt. Volanti was not sure if permission from the entity occupying a building was required in order to videorecord private offices because he believed the laws kept changing. *See* Ex. 2 (Volanti Dep.), 24:2-20.

37. Sgt. Volanti reached out to two other officers via phone before the arrest for "guidance" because the law was unclear to him, but the individuals who he was trying to contact for that purpose did not answer. *See* Ex. 2 (Volanti Dep.), 25:22-28:12; 70:24-71:4, 72:5-73:9.

38. Sgt. Volanti had been promoted to Sergeant just prior to the date of the incident. *See* Ex. 2 (Volanti Dep.), 10:12-17.

39. Sgt. Volanti made the decision to arrest Reyes and bring him in for an investigation regarding disorderly conduct and the posted statute prohibiting videotaping at Berwyn City Hall. *See* Ex. 2 (Volanti Dep.), 28:23-29:18, 37:17-25.

40. Officer Ghiloni and Det. Monaco were the assisting officers. *See* Ex. 2 (Volanti Dep.), 42:3-5.

41. Det. Monaco was present while Sgt. Volanti handcuffed Reyes and Officer Ghiloni transported Reyes to the police station. *See* Ex. 2 (Volanti Dep.), 38:1-3; *see* Ex. 3 (Monaco Dep.), 28:20-29:8; 29:16-20.

42. Officer Ghiloni arrived at the scene at City Hall on November 8, 2021 in response to a call for service; at the time of his arrival, the incident was already in progress and Officer Ghiloni's involvement was inconsequential. *See* Ex. 4 (Ghiloni Interrog. Ans.) ¶ 8.

43. Reyes was placed in Officer Ghiloni's vehicle, and he was transported by Officer Ghiloni from Berwyn City Hall to the Berwyn Police Station. *See* Ex. 3 (Monaco Dep.), 29:16-20; *see* Ex. 2 (Volanti Dep.), 25:16-20, 38:4-7.

44. No one asked Sgt. Volanti to arrest Reyes. *See* Ex. 2 (Volanti Dep.), 33:19-24.

45. When Sgt. Volanti got back to the police station, he was able to look up the statute himself, read it, and conclude that the statute had nothing to do with videotaping in public places. *See* Ex. 2 (Volanti Dep.), 49:3-19.

46.     Reyes was charged with Disorderly Conduct. *See* Ex. 9 (Reyes Dep.), 65:3-66:1; *see* Ex. 1 (Def's Ans.), ¶ 13; *see* Exhibit 10 (Docket)[2].

47.     After Reyes was arrested, a criminal complaint was filed against him. *See* Ex. 6 (Siaba Green Dep.), 27:10-28:25; *see* Ex. 1 (Def's Ans.), ¶ 20.

48.     Sgt. Volanti asked Siaba Green if she would sign complaints against Reyes for his conduct at Berwyn City Hall on November 8, 2021. *See* Ex. 2 (Volanti Dep.), 33:19-34:20; 37:10-16; Ex. 6 (Siaba Green Dep.), 27:10-12; 28:15-25.

49.     After Sgt. Volanti typed up the criminal complaint against Reyes on November 8, 2021, he brought the complaint to Siaba Green's office at Berwyn City Hall and asked Siaba Green to sign it. *See* Ex. 2 (Volanti Dep.), 38:19-22.

50.     Siaba Green signed the criminal complaint. *See* Ex. 6 (Siaba Green Dep.), 27:10-20; *see* Ex. 1 (Def's Ans.), ¶ 20.

51.     Siaba Green signed the criminal complaint against Reyes on behalf of the City Hall employees. *See* Ex. 2 (Volanti Dep.), 58:12-59:18.

52.     Siaba Green did not know Reyes had been arrested until after he had been arrested. *See* Ex. 6 (Siaba Green Dep.), 27:3-19.

53.     The disturbance was Reyes going through City Hall, not seeking any specific City services, interrupting daily business by filming, making City clerks feel uncomfortable and threatened, and continuing to film even after being asked to stop. And then when she asked him to

---

[2] Courts can take judicial notice of court dockets. *See, e.g., Skinner v. LVNV Funding, LLC*, No. 16 C 7089, 2018 WL 319320, at *2 (N.D. Ill. Jan. 8, 2018) Judicial notice of Plaintiff's document is proper because the entries' existence is not in dispute and their accuracy can be easily confirmed by examining the court's electronic docket (*citing Stern v. Great W. Bank*, 959 F.Supp. 478, 481 (N.D. Ill. 1997) (taking judicial notice of the court record of a related proceeding); *Montanez v. Velasco*, No. 1:12 C 00250 AWI, 2013 WL 4041847, at *3 n.1 (E.D. Cal. Aug. 7, 2013) (taking judicial notice of the results of a county court's electronic docket search); *Rice v. Jones*, No. CV 112 051, 2012 WL 3242038, at *1 n.3 (S.D. Ga. July 12, 2012), report and recommendation adopted, No. CV 112 051, 2012 WL 3242025 (S.D. Ga. Aug. 7, 2012) (same)).

stop filming, he continued. Never representing who he was, or his name. *See* Ex. 6 (Siaba Green Dep.), 29:1-13.

54.     Siaba Green believed that Reyes was not at City Hall to seek any City services but instead to interrupt daily business by filming City Hall employees. *See* Ex. 6 (Siaba Green Dep.), 29:1-6.

55.     Siaba Green believed that the City Hall employees were feeling threatened, uncomfortable, and disturbed by Reyes' conduct. *See* Ex. 6 (Siaba Green Dep.), 29:7-20.

56.     Siaba Green is responsible for ensuring that City Hall runs smoothly so everyone can get the services they need, and employees feel safe. *See* Ex. 6 (Siaba Green Dep.), 13:25-14:18.

57.     The disorderly conduct charge against Reyes was stricken off with leave to reinstate on August 10, 2022. *See* Ex. 1 (Def's Ans., ¶ 29); *see* Ex. 10 (Docket).

58.     Reyes continued filming while outside of City Hall until he was placed under arrest. *See* Ex. 9 (Reyes Dep.), 60:11-63:2.

Respectfully submitted,
Defendants

By: */s/ Cynthia S. Grandfield*

Cynthia S. Grandfield (ARDC No. 6277559)
DEL GALDO LAW GROUP, LLC
grandfield@dlglawgroup.com
1441 S. Harlem Avenue
Berwyn, Illinois 60402
(708) 222-7000 (t)