IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SEAN PAUL REYES, )<br>  Plaintiff, )<br>)<br>v. )<br>)<br>RICHARD VOLANTI, DETECTIVE )<br>MONACO, OFFICER GHILONI, RUTH )<br>SIABA [GREEN][1], individually, and the )<br>CITY OF BERWYN, a municipal corporation, )<br>  Defendants. ) | Case No. 22 CV 07339 |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF ADDITIONAL MATERIAL FACTS**

NOW COMES RICHARD VOLANTI ("Sgt. Volanti"), ROBERT MONACO ("Det. Monaco"), CHARLES GHILONI ("Officer Ghiloni"), RUTH SIABA GREEN ("Siaba Green"), and the CITY OF BERWYN (the "City"), by and through their attorney Sean M. Sullivan of Del Galdo Law Group, LLC, and pursuant to 56.1 (c)(2), as its response to Plaintiff's Rule 56.1(b)(3) Statement of Additional Facts, states as follows:

59. Reyes' company is named Long Island Audit, Inc. See Exhibit 9, pg. 6, ln. 16-17. The company is run through various social media websites. Id. See also Exhibit 9, pg. 6, ln. 19-20. Through his company, Reyes travels to various other municipalities to record for his journalism. See Exhibit 9, pg. 9, ln. 1-5.

**RESPONSE: Defendants object as this allegation fails to comply with Local Rule 56.1 in that this allegation violated LR 56.1(d), requiring each numbered paragraph to contain only <u>one</u> fact. Defendants dispute the characterization of Reyes as a journalist.** *See* **Dkt. No. 82-1 at 99, 36:3-13. Notwithstanding and without waiving the objection, Defendants admit the remainder.**

60. Reyes' company received a tip from his viewership that the City of Berwyn had some signage that prevented people from exercising their First Amendment right to record government officials in the course of their duty, and he therefore went to investigate. See Exhibit 9, pg. 10, ln. 7-13.

**RESPONSE: Defendants object as this allegation fails to comply with Local Rule 56.1 in that this allegation violated LR 56.1(d), requiring each numbered paragraph to contain only <u>one</u>**

---
[1] Throughout the course of the complaint, Reyes interchanges "Ruth Siaba" with "Ruth Siaba Green." As her name is "Ruth Siaba Green," the "Green" is reflected in brackets for the sake of consistency and clarity.

1

fact. Defendants also object to the statement **"prevented people from exercising their First Amendment right to record governmental officials in the course of their duty" as speculative and argumentative. Notwithstanding and without waiving the objection, Defendants admit.**

61. Before entering city hall, Reyes first recorded the relevant sign on the door that read, "No cameras or recording devices without prior approval," "PER 720 ILCS 5/ART. 14". (hereinafter "Eavesdropping Sign") See Exhibit A, (0:41).

**RESPONSE: Defendants admit.**

62. Reyes walked into city hall while recording and a city hall employee told Reyes, "Sir, it's illegal to record in city hall." See Exhibit A, (0:53-1:13). Reyes responded, "I'm sorry." Id. The employee then states, "It's illegal to record in city hall." Id. Reyes responded "Why is that? What law is that?" Id. During this conversation, the city hall employees were calm, conducted a discussion with Plaintiff Reyes regarding recording and laws, and other employees continued to work while not even looking at Reyes. Id. The city employee ultimately does not answer Reyes' question and Reyes then walks away. See Exhibit A, (1:06-1:13).

**RESPONSE: Defendants object as this allegation fails to comply with Local Rule 56.1 in that this allegation violated LR 56.1(d), requiring each numbered paragraph to contain only <u>one</u> fact. Defendants also object to the statements "city hall employees were calm" and "other employees continued to work while not even looking at Reyes" as speculative and argumentative. Notwithstanding and without waiving the objection, Defendants admit.**

63. Reyes walked to the next location inside city hall while recording. See Exhibit A, (1:13-1:18). The nearby people in line paid no attention to Reyes, and the employees behind the window continued to work. See Exhibit A, (1:13-1:25). Reyes again sees the Eavesdropping Sign in a second location inside the building. See Exhibit A, Video (1:29).

**RESPONSE: Defendants object as this allegation fails to comply with Local Rule 56.1 in that this allegation violated LR 56.1(d), requiring each numbered paragraph to contain only <u>one</u> fact. Defendants also object as this allegation fails to comply with Local Rule 56.1 in that this allegation is immaterial and lacks appropriate evidentiary support pertaining to the video evidence. Defendants further object to the statements "nearby people in line paid no attention to Reyes" and "the employees behind the window continued to work" as speculative and argumentative. Notwithstanding and without waiving the objection, Defendants admit.**

64. At one point, Defendant Green asked Reyes, "How can I help you?" See Exhibit A, Video (2:06). Reyes asked what office she is in, and Green responded that she is the city administrator. See Exhibit A, (2:08-2:14). Green asked if she was being recorded, and Reyes readily confirmed that he was recording. See Exhibit A, (2:14-2:16). Green stated, "I would ask that you not record me please." See Exhibit A, (2:16-2:18).

**RESPONSE: Defendants object as this allegation fails to comply with Local Rule 56.1 in that this allegation violated LR 56.1(d), requiring each numbered paragraph to contain only <u>one</u> fact. Notwithstanding and without waiving the objection, Defendants admit.**

65. They both proceed to calmly discuss recording public officials and that there was a sign on the door. See Exhibit A, (2:18-2:39). Green stated that it said, "no recording allowed unless we give permission." See Exhibit A, (2:34-2:39.

**RESPONSE: Defendants object as this allegation fails to comply with Local Rule 56.1 in that this allegation violated LR 56.1(d), requiring each numbered paragraph to contain only <u>one</u> fact. Defendants also object to the statement that the discussion was "calm" as argumentative and immaterial. Notwithstanding and without waiving the objection, Defendants admit.**

66. Defendant Officer Monaco is seen in the office right alongside Green, listening to the conversation. See Exhibit A, (2:28-2:36).

**RESPONSE: Defendants admit.**

67. Green proceeded to explain people cannot record her without permission and that it was a state law. See Exhibit A, (2:36-2:43). Reyes asked if it was a state law and Green said "It is," and Monaco almost simultaneously answered "yeah". See Exhibit A, (2:44-2:47). During this conversation, they stood at a distance, Reyes was outside the office the entire time, and the discussion never became hostile. See Exhibit A, (2:06-2:47).

**RESPONSE: Defendants object as this allegation fails to comply with Local Rule 56.1 in that this allegation violated LR 56.1(d), requiring each numbered paragraph to contain only <u>one</u> fact. Defendants also object as this allegation fails to comply with Local Rule 56.1 in that this allegation is immaterial. Defendants further object to the statement "the discussion never became hostile" as argumentative. Notwithstanding and without waiving the objection, Defendants admit.**

68. Monaco asked to talk and Reyes followed him. See Exhibit A, (2:47-2:55). While speaking to Monaco, Reyes explained that the Eavesdropping Sign was unconstitutional. See Exhibit A, (3:11-3:17).

**RESPONSE: Defendants object as this allegation fails to comply with Local Rule 56.1 in that this allegation violated LR 56.1(d), requiring each numbered paragraph to contain only <u>one</u> fact. Notwithstanding and without waiving the objection, Defendants admit.**

69. Reyes also disclosed that he is an independent journalist and that he has freedom of the press. See Exhibit A, (3:17-3:20). Reyes also explained to Monaco that he had business to conduct and that he was working on a story on city hall for transparency and accountability. See Exhibit A, (3:29-3:40).

**RESPONSE: Defendants object as this allegation fails to comply with Local Rule 56.1 in that this allegation violated LR 56.1(d), requiring each numbered paragraph to contain only <u>one</u> fact. Defendants also object to the characterization of Reyes as a journalist. *See* Dkt. No. 82-1 at 99, 36:3-13. Notwithstanding and without waiving the objection, Defendants admit the remainder.**

70. Reyes then asked for Green's name, she provided him her name, and Reyes then thanked Green. See Exhibit A, (3:43-3:53).

3

**RESPONSE:** **Defendants object as this allegation fails to comply with Local Rule 56.1 in that this allegation violated LR 56.1(d), requiring each numbered paragraph to contain only <u>one</u> fact. Defendants also object as this allegation fails to comply with Local Rule 56.1 in that this allegation is immaterial. Notwithstanding and without waiving the objection, Defendants admit.**

71. Reyes proceeded to follow Monaco down the stairs and they continued to discuss the Eavesdropping Sign. See <u>Exhibit A</u>, (4:09-5:04).

**RESPONSE:** **Defendants object as this allegation fails to comply with Local Rule 56.1 in that this allegation violated LR 56.1(d), requiring each numbered paragraph to contain only <u>one</u> fact. Notwithstanding and without waiving the objection, Defendants admit.**

72. Defendant Officer Ghiloni then appeared on the stairwell and began to observe their interactions. See <u>Exhibit A</u>, (5:05).

**RESPONSE:** **Defendants object as this allegation fails to comply with Local Rule 56.1 in that this allegation violated LR 56.1(d), requiring each numbered paragraph to contain only <u>one</u> fact. Notwithstanding and without waiving the objection, Defendants admit.**

73. Reyes then explained that the courts had established that there is no expectation of privacy in public, that this is a public building open to everybody, and that he was conducting business and doing a FOIA request. See <u>Exhibit A</u>, (5:19-5:37).

**RESPONSE:** **Defendants object as this allegation fails to comply with Local Rule 56.1 in that this allegation violated LR 56.1(d), requiring each numbered paragraph to contain only <u>one</u> fact. Defendants also object as this allegation fails to comply with Local Rule 56.1 in that this allegation is immaterial. Notwithstanding and without waiving the objection, Defendants admit.**

74. Reyes then asked Ghiloni how he was doing and asked for his name and badge; Ghiloni provided that information to Reyes. See <u>Exhibit A</u>, (5:38-5:47). Reyes then thanked Ghiloni. <u>Id</u>.

**RESPONSE:** **Defendants object as this allegation fails to comply with Local Rule 56.1 in that this allegation violated LR 56.1(d), requiring each numbered paragraph to contain only <u>one</u> fact. Defendants also object as this allegation fails to comply with Local Rule 56.1 in that this allegation is immaterial. Notwithstanding and without waiving the objection, Defendants admit.**

75. Reyes proceeded to follow Monaco down the stairs. See <u>Exhibit A</u>, (6:07-6:09). Reyes and Ghiloni then continued to talk, Ghiloni asked if Reyes had a blog, and Reyes explained that he is an independent journalist conducting stories on city halls and likes to do FOIA requests. See <u>Exhibit A</u>, (6:17-6:41). Reyes further explained that he tries not to be confrontational, did not want any problems, and wants accountability and transparency with the government. See <u>Exhibit A</u>, (6:50-7:09).

**RESPONSE:** **Defendants object as this allegation fails to comply with Local Rule 56.1 in that this allegation violated LR 56.1(d), requiring each numbered paragraph to contain only <u>one</u> fact. Defendants also object to Reyes' explanation of trying "not to be confrontational", that he "did not want any problems", and "wants accountability and transparency with the**

4

**government" as immaterial. Defendants further object to the characterization of Reyes as a journalist.** *See* **Dkt. No. 82-1 at 99, 36:3-13. Notwithstanding and without waiving the objection, Defendants admit.**

76. Soon after, Reyes began to speak with Defendant Officer Volanti when he approached Reyes. See Exhibit A, (7:21). Volanti asked Reyes about his purpose, and he explained the same reasons to Volanti as he discussed with Monaco and Ghiloni. See Exhibit A, (7:22-8:42). Volanti told Reyes that he was going to help him out and show him where to do the FOIA request. See Exhibit A, (9:01-9:10).

**RESPONSE: Defendants object as this allegation fails to comply with Local Rule 56.1 in that this allegation violated LR 56.1(d), requiring each numbered paragraph to contain only <u>one</u> fact. Notwithstanding and without waiving the objection, Defendants admit.**

77. Reyes then spoke with Margaret who proceeded to help Reyes with a FOIA request. See Exhibit A, (9:16-9:28). She proceeded to explain how to fill out a FOIA request, all the while Reyes continued to record. See Exhibit A, (9:29-10:10). While this interaction was occurring, Reyes and Margaret calmly and professionally discussed the FOIA form, a city employee continued her work in the background, and Ghiloni's reflection was on the window as he stood by. See Exhibit A, (9:29-10:10). Margaret never asked Reyes to stop filming, she does not appear alarmed or distressed, and they are cordial to each other and even have a laugh. Id. See also, Exhibit A, (10:10-10:29).

**RESPONSE: Defendants object as this allegation fails to comply with Local Rule 56.1 in that this allegation violated LR 56.1(d), requiring each numbered paragraph to contain only <u>one</u> fact. Defendants also object as this allegation fails to comply with Local Rule 56.1 in that this allegation is immaterial. Defendants further object to the statement Margaret "does not appear alarmed or distressed, and they are cordial to each other" as argumentative. Notwithstanding and without waiving the objections, Defendants admit.**

78. Reyes proceeded to fill out the FOIA request and returned the request to Margaret. See Exhibit A, (10:38-10:42). Margaret provided Reyes with her card, introduced another city employee to him, and Reyes thanked her and said he appreciated her. See Exhibit A, (11:33-11:54).

**RESPONSE: Defendants object as this allegation fails to comply with Local Rule 56.1 in that this allegation violated LR 56.1(d), requiring each numbered paragraph to contain only <u>one</u> fact. Defendants also object as this allegation fails to comply with Local Rule 56.1 in that this allegation is immaterial. Notwithstanding and without waiving the objections, Defendants admit.**

79. Reyes then noticed Volanti who told Reyes to go back downstairs. See Exhibit A, (12:06-12:36). Reyes asked for Volanti's name and Volanti asked for Reyes name. See Exhibit A, (12:06-12:36). Reyes said he chose not to provide his name to which Volanti said he's "just trying to be polite". See Exhibit A, (12:06-12:36).

**RESPONSE: Defendants object as this allegation fails to comply with Local Rule 56.1 in that this allegation violated LR 56.1(d), requiring each numbered paragraph to contain only <u>one</u> fact. Defendants also object as this allegation fails to comply with Local Rule 56.1 in that the allegation about asking for Reyes' name is immaterial. Notwithstanding and without waiving the objections, Defendants admit.**

80. Reyes followed Volanti down the stairs and out of the building specifically to review the eavesdropping sign (12:38-13:05).

**RESPONSE: Defendants admit.**

81. The first action Volanti took was that he pulled out his phone and looked up the statute on the Eavesdropping Sign. See Exhibit A, (13:03-13:38). One can clearly observe Volanti looking up the statute on his phone. Id. Volanti even confirmed with Reyes that it was regarding Article 4 of the statute. See Exhibit A, (13:28-13:30). Volanti then said ILCS is a state statute. See Exhibit A, (13:31-13:37). He told Reyes that you can Google the statute. See Exhibit A, (13:38-13-44).

**RESPONSE: Defendants object as this allegation fails to comply with Local Rule 56.1 in that this allegation violated LR 56.1(d), requiring each numbered paragraph to contain only <u>one</u> fact. Notwithstanding and without waiving the objection, Defendants admit.**

82. Reyes then thanked Volanti for looking up the statute for him. See Exhibit A, (14:18-14:25).

**RESPONSE: Defendants admit.**

83. After Volanti was done reviewing the statute, he did not arrest Reyes and walked away to speak with Monaco. See Exhibit A, (15:02-15:11).

**RESPONSE: Defendants admit.**

84. Volanti spoke with Green and that she was willing to sign a criminal complaint. See Exhibit 2, pg. 34 ln. 1-25 – pg. 35 ln. 1-6.

**RESPONSE: Defendants admit.**

85. Volanti spoke with Green before and after Reyes was arrested. See also Exhibit 2, pg. 44 ln. 13-25 – pg. 45 ln. 1-3 of Exhibit 1 to the SOF.

**RESPONSE: Defendants admit.**

86. Volanti went to the police station and further determined that the eavesdropping statute posted in and around city hall did not apply. See Exhibit 2, pg. 48 ln. 9-17.

**RESPONSE: Defendants object as this allegation fails to comply with Local Rule 56.1 in that this allegation violated LR 56.1(d), requiring each numbered paragraph to contain only <u>one</u> fact. Notwithstanding and without waiving the objection, Defendants admit.**

87. When the case was dismissed, Volanti was there, however, he had no input in the decision to have the case dismissed. See Exhibit 2, pg. 62 ln. 22-25 – pg. 63 ln. 1-23.

**RESPONSE: Defendants object as this allegation fails to comply with Local Rule 56.1 in that this allegation violated LR 56.1(d), requiring each numbered paragraph to contain only <u>one</u> fact. Notwithstanding and without waiving the objection, Defendants admit.**

88. Volanti also believes that Reyes was there for "absolutely no other purpose than the sake of his own profit in posting to social media." See Exhibit 8, ¶7.

**RESPONSE:** Defendants object as this allegation fails to comply with Local Rule 56.1 in that this allegation violated LR 56.1(d), requiring each numbered paragraph to contain only <u>one</u> fact. Defendants also object as this allegation fails to comply with Local Rule 56.1 in that this allegation is immaterial. **Notwithstanding and without waiving the objection, Defendants admit.**

                                          Respectfully submitted,
                                          DEFENDANTS
                                By:    /s/ Sean M. Sullivan

Sean M. Sullivan (6204611)
DEL GALDO LAW GROUP, LLC
1441 S. Harlem Avenue
Berwyn, Illinois 60402
(708) 222-7000 (t)
(708) 222-7001 (f)
Sullivan@dlglawgroup.com