IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SEAN PAUL REYES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 22 CV 07339 |
| RICHARD VOLANTI, DETECTIVE ) | |
| MONACO, OFFICER GHILONI, RUTH ) | |
| SIABA [GREEN], individually, and the ) | |
| CITY OF BERWYN, ) | |
| a municipal corporation, ) | |
| ) | |
| Defendants. ) | |

**EMERGENCY MOTION FOR ORDER DIRECTED TO PLAINTIFF SEAN REYES TO REMOVE VIDEOTAPED DEPOSITION FROM HIS YOUTUBE CHANNEL; COMPEL REYES TO COMPLY WITH PRIOR COURT ORDERS; AND FOR SANCTIONS**

NOW COMES the Defendants, the CITY OF BERWYN, SERGEANT VOLANTI, DETECTIVE MONACO, OFFICER GHILONI, and RUTH SIABA-GREEN, by and through their attorneys, Del Galdo Law Group, LLC, and in support of their EMERGENCY MOTION argue:

### *I. Relevant Background*

This case is brought by a YouTube personality who calls himself the "Long Island Audit." Throughout the pendency of this civil ligation, defense counsel as well as the individual Defendants have been subjected to persistent harassment, including threats of violence, offensive language, and barrages of spam calls and emails. These repeated attacks are traceable to Reyes' social media accounts, where he posts edited videos of workers engaged in civil service and provides baseless commentary, dragging the subjects of the videos in order to generate income.

1

In 2023, around the time the parties were engaging in settlement negotiations, defense counsel started getting a series of calls, emails and even text messages that were extremely offensive, which were later traced back to a video Reyes had posted to his YouTube channel about the instant case and displaying defense counsel's profile in the background. *See* **Dkt. No. 57, p. 4-6**. This continued and in May 2024, defense counsel received numerous offensive phone calls and emails from followers of Reyes, in connection with Reyes' posted video of defense counsel, until Defense counsel's law firm had to turn off their phones and secure the entrances of their local offices. **See Dkt. No. 74.** The Court denied defense counsel's motion for sanctions at that time, though the Court ordered Reyes to remove the offending video. *See* **Dkt. No. 79.**

The harassment from Reyes' followers, which is directly caused by his public and monetized YouTube videos, has not been limited to defense counsel. During the pendency of the underlying criminal proceedings and the subsequent lawsuit that Reyes filed, Berwyn City Manager Ruth Siaba-Green continuously reported to counsel that she had been receiving violent threats and offensive messages on her work phone and email account. *See* **Dkt. No. 74.** Unlike defense counsel, Siaba-Green and other City employees do not have the luxury of shutting off their phones and locking their doors, because they work at Berwyn City Hall – a public space that is required to remain accessible to the public.

Following this persistent harassment and threats to both Defendants and defense counsel, Reyes insisted that he was entitled to record the depositions of the Defendants, in order to "prosecute his case" pursuant to an unspecified Federal Rule of Civil Procedure. *See* **Dkt. No. 55, ¶10.** Defendants, aware that Reyes had plans for those videos that included their future harassment, objected. *See* **Dkt. No. 57.** The parties came to an agreement that Defendants would sit for video-taped depositions on the condition that they be used only for

2

litigation and would **_not be posted to his YouTube channel or otherwise published on the internet_**. *Id.* **at ¶16.** Defense counsel was specifically concerned that Reyes would use the videotaped depositions to generate income from his YouTube channel and his website; the use of depositions in this manner directly violates federal jurisprudence around the country, including the 7th Circuit. *Id.* **at ¶ 20-21.**

The court granted Reyes' motion, compelling Defendants to sit for videotaped depositions, pursuant to Federal Rule of Civil Procedure 30(b)(3)(A) and 26(c)(1), on the condition that the Defendants' protective order limiting the use of the video footage was followed. *See* **Dkt. No. 61 at 2;** *see also* FED. R. CIV. P. 30(b)(3)(A) & 26(c)(1). The Court found the Defendants' fears that Reyes intended to misuse the video footage were valid:

> [T]he Court finds that a protective order is warranted to protect Defendants from further annoyance, embarrassment, and oppression [citations omitted]. . . Defendants shall be presented to sit for videotaped depositions. However, the resulting video footage shall be used only for purposes of this litigation and shall not be posted online or on social media or utilized outside the court proceedings in any manner. [citations omitted]. The prohibitions set forth in this order ***shall survive the conclusion of these proceedings***. Plaintiff's failure to abide by this order will result in sanctions [.]

**Dkt. No. 61, 3-4 (emphasis added).**

### POSTING OF VIDEOTAPED DEPSOTION OF BERWYN CITY MANAGER ON PLAINTIFF'S YOUTUBE CHANNEL ON TEUSDAY FEBRUARY 4, 2025

Today, defense counsel again got a report from Ms. Siaba-Green that Plaintiff had posted her videotaped deposition to his YouTube channel this morning and immediately thereafter she was the subject of continued harassment from Reyes' followers. Siaba-Green reported that she had so far received two harassing voicemails from Reyes followers. One Constance Hunter, known to Siaba-Green because of Hunter's prior persistent personal harassment and violent threats toward Siaba-Green through the previous civil and criminal proceedings, threatened that she would show up to City Hall and record her. ***See***

3

**Transcribed Voicemails, incorporated herein and referenced as Exhibit A.** The second voicemail was from an "unknown wireless caller," and made offensive threats against Siaba-Green. *Id.*

Following receipt of these voicemails, Siaba-Green spoke to the Berwyn Director of IT, who provided her with an increased method of security for her direct contact lines[1] and showed Siaba-Green the cause of these renewed harassment attempts: Reyes uploaded Siaba-Green's video deposition on February 4, 2025, at around 10:00 A.M., *in direct violation of the court order*, to his YouTube account. **See Screenshot of Video, incorporated herein and attached as Exhibit B[2];** *see also* **Dkt. No. 61.**

### *I. Applicable Standards*

District courts may "fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991). Sanctions may be imposed pursuant to rule, statute, or the court's inherent authority. *See Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765 (1980) (describing the " 'well-acknowledged' inherent power of a court to levy sanctions in response to abusive litigation practices"). Sanctions imposed under the court's inherent authority "are appropriate where a party has willfully abused the judicial process or otherwise conducted litigation in bad faith." *Tucker v. Williams*, 682 F.3d 654, 662 (7th Cir. 2012); *see also Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 776 (7th Cir. 2016) ("[A] court ... pursuant to [its inherent] authority may impose appropriate sanctions to penalize and discourage misconduct."). Further, a court has inherent authority to impose sanctions for litigation misconduct that involves "bad faith, designed to obstruct the judicial

---

[1] Specific security measures are omitted from this public filing for the personal safety of Siaba-Green, the other Defendants, and other City employees.
[2] Screenshot taken February 4, 2025 at this location: https://www.youtube.com/watch?v=rXHQal_ZUaU.

4

process, or a violation of a court order." *REXA, Inc. v. Chester*, 42 F.4th 652, 671 (7th Cir. 2022).

### *III. Argument*

With respect to the inherent power to sanction, the Seventh Circuit has affirmed and approved of the use of this inherent power with respect to social media postings. The Court has inherent authority to manage the judicial processing and regulate the conduct of Sean Reyes; pursuant to this authority, the Court may impose sanctions to penalize and discourage the Plaintiff's misconduct. *Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 776 (7th Cir. 2016). Any sanctions imposed by the Court must be based on a finding that the Plaintiff "willfully abused the judicial process or otherwise conducted the litigation in bad faith." *Id*. The Seventh Circuit has upheld the Court's inherent power to sanction with respect to social media postings. *Emerson v. Dart*, 900 F.3d 469, 469 (7th Cir. 2018); *Newson v. Oakton Cmty. Coll., No. 22-2279*, 2023 WL 355190, at *1 (7th Cir. Jan. 23, 2023).

The Seventh Circuit in *Emerson v. Dart* found that the district court did not abuse its discretion when it sanctioned the plaintiff $17,000 for making a Facebook post threatening potential witnesses with legal action if they testified against her. *Emerson v. Dart*, 900 F.3d 469, 469 (7th Cir. 2018). The plaintiff argued that her Facebook post could be "read fairly as an open call to the union members to testify truthfully" because she only threatened liars with legal action. *Id*. at 473. The Seventh Circuit found the plaintiff's argument unconvincing. *Id*. Accordingly, the court held that the plaintiff's Facebook post merited sanctions as she targeted and publicly threatened potential witnesses. *Id*.

With respect to the inherent power to sanction, in this case, Reyes can be found to have acted in bad faith. Prohibiting Plaintiff from posting defendant and defense counsel names, biographies, and phone/email contact info along with prohibiting the publishing of the case deposition due to the responsive and continuing phone and email harassment it

5

caused throughout the proceedings have been the subject of multiple prior filings and in court oral arguments. The Court ordered Reyes to refrain from posting the videotaped depositions even after the civil proceedings ended, because it was obviously clear that Reyes likely intended to misuse the footage for his own pecuniary gain, as well as to cause harassment to the Defendants and their families. *See* **Dkt. No. 61.** Reyes, within weeks of this Court granting summary judgment, willfully, knowingly, and maliciously violated the Court's order by posting the videotaped deposition of Siaba-Green to his YouTube page.

His actions, in line with his sustained pattern of contentious and abusive behavior, were clearly meant to intimidate and harass, while generating substantial amounts of income for himself. Pursuant to Docket No. 61, and pursuant the Court's inherent authority, Reyes must face sanctions for his failure to abide by the order. This Court and these court proceedings do not exist for Reyes to harass, to entertain his followers, and to make money off social media posts. Reyes violated the court order, he knows it, and he did it purposefully to harass.

WHEREFORE, the Defendants respectfully request that the Court:

(a) enter an order requiring Reyes to immediately remove the above-referenced video deposition of Ruth Siaba-Green from his YouTube Channel and his website and any and all other internet forums to which he has posted the video;

(b) enter an order prohibiting any future publication of the above-reference video deposition of Ruth Siaba-Green to Reyes' YouTube channel, his website, and any other internet forums;

(c) enter an order prohibiting any future publication of the other video depositions taken in this matter to Reyes' YouTube channel, his website, and any other internet forums;

(d) enter an order sanctioning Reyes to a financial penalty pursuant to the Court's inherent power to sanction as an equitable and proportional sanction;

(e) enter an order awarding Defendants' costs to bring this action;

(f) any further such relief that the Court deems equitable and just.

                                                  Respectfully submitted,

                                                  Defendants

                                  By:   */s/ Sean M. Sullivan*

Sean M. Sullivan (#6204611)
Acacia Roberts (#6348401)
DEL GALDO LAW GROUP, LLC
1441 S. Harlem Ave.
Berwyn, IL 60402
(708) 222-7000
(708) 222-7001 Fax
sullivan@dlglawgroup.com
roberts@dlglawgroup.com