IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SEAN PAUL REYES, | ) |
|       Plaintiff, | ) ) ) ) No. 22 C 7339 |
| v. | ) ) ) Magistrate Judge |
| RICHARD VOLANTI; DETECTIVE MONACO; OFFICER GHILONI; RUTH SIABA; CITY OF BERWYN, | ) Maria Valdez ) ) ) ) |
|       Defendant. | ) ) ) |

# ORDER

On January 14, 2025, judgment was entered in this case following an order granting summary judgment in favor of all Defendants and against Plaintiff. Twenty-nine days later, on February 12, 2025, the First Amended Complaint at Law was refiled [Doc. No. 122]. The document filed is identical to, and appears to be a photographic duplicate of, the amended complaint filed on April 26, 2023 [Doc. No. 18], which was the operative complaint in effect at the time of summary judgment.

The new filing was apparently made by Plaintiff acting *pro se*. His former attorney filed a motion to withdraw on February 5, 2025, and counsel's assistant contacted the Court on February 13, 2025 to advise that the attorney was not involved in the previous day's filing.

The February 12 First Amended Complaint was unaccompanied by a motion, thus it is unclear what Plaintiff intended to accomplish by refiling a complaint

containing claims and causes of action that were wholly adjudicated against him. For that reason alone, the filing should be stricken. Even if this Court were to generously construe the filing as a motion for relief from judgment under Federal Rule of Civil Procedure 60, he has offered no grounds for setting aside the judgment. *See* Fed. R. Civ. P. 60(b); *Thomas v. Acevedo*, No. 12 C 10329, 2013 WL 4506933, at *1 (N.D. Ill. Aug. 23, 2013) ("[T]he cases are legion that teach Rule 60(b)(6) is not intended to be a catchall escape hatch, available to rescue a party who . . . has expressly failed one of the specific grounds for relief set out in Rule 60(b)(1)."); *see also Wehrs v. Wells*, 688 F.3d 886, 890 (7th Cir. 2012) (explaining that the Seventh Circuit has "characterized the district court's considerable latitude in making its decision [on a Rule 60(b) motion] as 'discretion piled on discretion'") (citation omitted).

## CONCLUSION

For the foregoing reasons, any relief Plaintiff intended to request by the refiling of the First Amended Complaint [Doc. No. 122] is denied.

**ENTERED:**

**DATE:     February 14, 2025**            _____
                                                                **HON. MARIA VALDEZ**
                                                                **United States Magistrate Judge**

2