FILED
DJ
2/19/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

# UNITED STATES COURT OF APPEALS

# FOR THE SEVENTH CIRCUIT


SEAN PAUL REYES,                                      Case No.: [To be assigned]

Plaintiff-Appellant,

v.

RICHARD VOLANTI,

DETECTIVE MONACO,  OFFICER GHILONI,

RUTH SIABA GREEN, and THE CITY OF BERWYN,

Defendants-Appellees.


Appeal from the United States District Court, Northern District of Illinois, Eastern Division

District Court Case No.: 1:22-cv-07339

Honorable Maria Valdez, U.S. Magistrate Judge


## NOTICE OF APPEAL


Notice is hereby given that Plaintiff-Appellant, Sean Paul Reyes, pro se, appeals to the United States Court of Appeals for the Seventh Circuit from:

1. The final judgment and order granting summary judgment in favor of Defendants, entered by the United States District Court for the Northern District of Illinois, Eastern Division, on January 13, 2025.

2. The order dated March 12, 2024 (Dkt. 60), which imposed protective restrictions on the videotaped depositions of Defendants and contained provisions surviving the conclusion of the litigation, including restrictions on the use of deposition footage and the removal of online content related to defense counsel.

This appeal is timely filed pursuant to Federal Rule of Appellate Procedure 4(a)(1)(A), as it is submitted within 30 days of the district court's final judgment.

Respectfully submitted,

Dated: February 12, 2025

Signature: *Sean Paul Reyes*

Sean Paul Reyes (Pro Se)

21 Mt. Snow Lane

Coram, NY 11727

Email: seanpaulreyes91@gmail.com

## CERTIFICATE OF SERVICE

I, Sean Paul Reyes, hereby certify that on February 12, 2025, I served a true and correct copy of the foregoing Notice of Appeal in the following manner:

1. Filed in person with the United States District Court for the Northern District of Illinois, Eastern Division.

2. Served via U.S. Mail and email upon attorneys for Defendants at the following address:

Sean M. Sullivan (#6204611)

Acacia Roberts (#6348401)

DEL GALDO LAW GROUP, LLC

1441 S. Harlem Ave.

Berwyn, IL 60402

Phone: (708) 222-7000

Fax: (708) 222-7001

Email: sullivan@dlglawgroup.com, roberts@dlglawgroup.com


Dated: February 12, 2025

Signature: *Sean Paul Reyes*

Sean Paul Reyes (Pro Se)

21 Mt. Snow Lane

Coram, NY 11727

Email: seanpaulreyes91@gmail.com

Generated: Feb 12, 2025 2:15PM

Page 1/1



# U.S. District Court

### Illinois Northern - Chicago

Receipt Date: Feb 12, 2025 2:15PM

Sean Paul Reyes

| Rcpt. No: 100016457 | | Trans. Date: Feb 12, 2025 2:15PM | | | Cashier ID: #GM (6326) |

| CD | Purpose | Case/Party/Defendant | Qty | Price | Amt |
|----|---------|---------------------|-----|-------|-----|
| 203 | Notice of Appeal/Docketing Fee | | 1 | 605.00 | 605.00 |

| CD | Tender | | | | Amt |
|----|--------|--|--|--|-----|
| CA | Cash | | | | $605.00 |

| | |
|--|--|
| Total Due Prior to Payment: | $605.00 |
| Total Tendered: | $605.00 |
| Total Cash Received: | $605.00 |
| Cash Change Amount: | $0.00 |

**Comments:** Over the counter filing fee for new appeals case 22cv7339

Only when the bank clears the check, money order, or verifies credit of funds, is the fee or debt officially paid or discharged. A $53 fee will be charged for a returned check.

## UNITED STATES DISTRICT COURT
### FOR THE Northern District of Illinois − CM/ECF NextGen 1.7.1.1
### Eastern Division

Sean Paul Reyes

                                  Plaintiff,

v.                                                Case No.: 1:22−cv−07339
                                                  Honorable Maria Valdez

Richard Volanti, et al.

                                  Defendant.

_____

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Tuesday, March 12, 2024:

      MINUTE entry before the Honorable Maria Valdez: As set forth more fully in the accompanying written order, Plaintiff's motion to compel [55] is granted in part and denied in part, and Defendants' cross−request for a protective order and sanctions is granted in part and denied in part. The Court hereby extends the deadline for the completion of fact discovery to 3/29/24 so the outstanding depositions may be completed. Dispositive motions are now due 5/10/24. The written status date of 3/18/24 is stricken. The parties are to file a joint status report by 4/1/24 confirming that fact discovery has been completed. Mailed notice(lp, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois − CM/ECF NextGen 1.8 (rev. 1.8.1)
### Eastern Division

Sean Paul Reyes

                                        Plaintiff,

v.                                                          Case No.: 1:22−cv−07339
                                                            Honorable Maria Valdez

Richard Volanti, et al.

                                        Defendant.

---

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Monday, January 13, 2025:

    MINUTE entry before the Honorable Maria Valdez: Defendants' Motion for Summary Judgment [81] is granted. Civil case terminated. Mailed notice(lp, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| SEAN PAUL REYES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **No. 22 CV 7339** |
| v. ) | |
| ) | **Magistrate Judge** |
| RICHARD VOLANTI, ) | **Maria Valdez** |
| DETECTIVE MONACO, OFFICER ) | |
| GHILONI, RUTH SIABA, ) | |
| Individually, and the CITY OR ) | |
| BERWYN, a Municipal ) | |
| Corporation, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Sean Paul Reyes brought suit against Defendants Volanti, Monaco, Ghiloni, and Siaba Green[1] under 42 U.S.C. §§ 1983 and 1988 for unlawful arrest, civil conspiracy, malicious prosecution, and against the City of Berwyn for indemnification. The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Before the Court is Defendants' Motion for Summary Judgment. [Doc. No. 81.] For the reasons set forth below, Defendants' motion for summary judgment is granted.

---

[1] In his complaint, Plaintiff interchanges "Ruth Siaba" with "Ruth Siaba Green." Defendant's last name is in fact "Siaba Green." Therefore, the Court will identify her a "Siaba Green" throughout this opinion.

## FACTS[2]

On November 8, 2021, Plaintiff went to Berwyn City Hall with a GoPro camera strapped to his person while also video recording with a cell phone. Before entering, he first recorded a sign on the door that read "No cameras or recording devices without prior approval per 720 ILCS /art. 14." He then entered the building. On the first floor, Plaintiff filmed additional signs posted referencing the statute that purportedly prohibited video recording (the "Eavesdropping Statute"). He also filmed several people, including City employees. One City employee told Plaintiff that video recording was prohibited. A number of City employees called Defendant Siaba Green, the City Administrator, for assistance. One City employee, Shannon Reberski, told Siaba Green that Plaintiff's conduct made Reberski feel uncomfortable.

Plaintiff proceeded to the second floor, which houses several offices including Siaba Green's. Defendant Detective Monaco was in Siaba Green's office when Plaintiff arrived. Siaba Green asked Plaintiff to stop recoding her and told him that it was prohibited without her permission pursuant to a state law. At some point, Siaba Green asked Monaco to call the police station and request a supervisor. Dispatch called Defendant Sergeant Volanti regarding Plaintiff's video recording in City Hall.

---

[2] Unless otherwise noted, the following material facts are undisputed or are deemed admitted due to a party's failure to comply with Local Rule 56.1, which this Court strictly enforces.

Monaco asked to talk to Plaintiff, and Plaintiff followed him. While they were speaking, Plaintiff told Monaco that the signs and the statute were unconstitutional. He also characterized himself as an independent journalist and told Monaco that he has freedom of the press. He said that he had business to conduct in City Hall and that he was working on a story about transparency and accountability.

Plaintiff followed Monaco down the stairs, and they continued to discuss the sign. Defendant Officer Ghiloni appeared on the stairwell and observed Plaintiff's and Monaco's interaction. Plaintiff continued to discuss the constitutionality of the sign and also stated that he was there to submit a Freedom of Information Act ("FOIA") request.

When Volanti arrived, Plaintiff was speaking with Ghiloni and Monaco. When Volanti asked Plaintiff about his purpose in City Hall, Plaintiff reiterated the same reasons he had given Monaco. Volanti then showed Plaintiff where he could submit a FOIA request. Plaintiff then proceeded to submit his FOIA request without incident, continuing to film while doing so.

Monaco told Volanti about Plaintiff's video recording and their requests that he cease. Volanti went to Siaba Green's office and spoke with her about the situation. He also spoke with Reberski, who told him that she was uncomfortable. Another City employee, Tricia Powers, told Volanti that she was frightened, alarmed, and disturbed. After Plaintiff completed his FOIA request, Volanti led Plaintiff outside and showed him the sign on the window that stated that it was

illegal to record in City Hall, citing the Eavesdropping Statute. Volanti used his phone to look up the Eavesdropping Statute. Volanti did not immediately arrest Plaintiff after looking up the Eavesdropping Statute and instead walked away to speak with Monaco.

Volanti, who had just been promoted to Sergeant days earlier, eventually decided to arrest Plaintiff. Plaintiff was placed in Ghiloni's vehicle, and Ghiloni transported Plaintiff to the Berwyn Police Station.

At the time of the events leading up to Plaintiff's arrest, Siaba Green believed that the signs permitted her to refuse to allow Plaintiff to record her while she was working in her office in City Hall. Once at the police station, Volanti determined that the Eavesdropping Statute did not apply to the circumstances of Plaintiff's video recording. Siaba Green also eventually came to learn that the Eavesdropping Statute was not applicable.

Volanti asked Siaba Green to sign a criminal complaint against Plaintiff for his conduct at City Hall. Siaba Green signed the complaint. She believed that Reyes was not at City Hall to seek any City services but instead to interrupt daily business by filming in City Hall. She believed that City Hall employees felt threatened, uncomfortable, and disturbed by Plaintiff's conduct. Plaintiff was charged with disorderly conduct. On August 10, 2022, the disorderly conduct charge against Plaintiff was stricken off with leave to reinstate.

## PROCEDURAL HISTORY

Plaintiff sued Defendants under 42 U.S.C. §§ 1983 and 1988, alleging in Count I that the Individual Defendants unlawfully arrested Plaintiff. In Count II, Plaintiff alleges that the Individual Defendants conspired to deprive Plaintiff of his constitutional rights. In Count III, Plaintiff alleges that the Individual Defendants maliciously prosecuted Plaintiff despite knowing that the charges were false. Count IV is a claim against the City for indemnification based on the Individual Defendants' employment with the City. After the completion of discovery, Defendants filed the instant motion for summary judgment on the basis that, *inter alia*, the Individual Defendants had probable cause to arrest Plaintiff.

## LEGAL STANDARD

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The Court must draw all reasonable inferences in favor of the nonmovant. *Herzog v. Graphic Packaging Int'l, Inc.*, 742 F.3d 802, 805 (7th Cir. 2014) (citation omitted).

However, once the movant has carried its burden under Rule 56(c), "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). The party opposing summary judgment must offer admissible evidence in support of his version of events, and hearsay evidence does not create a

genuine issue of material fact. *McKenzie v. Ill. Dep't of Transp.*, 92 F.3d 473, 484 (7th Cir. 1996); *see Larimer v. Dayton Hudson Corp.*, 137 F.3d 497, 500 (7th Cir. 1998) ("'If the non-moving party bears the burden of proof on an issue, . . . that party may not rest on the pleadings and must instead show that there is a genuine issue of material fact.'") (citation omitted). "The mere existence of an alleged factual dispute is not sufficient to defeat a summary judgment motion. . . . The nonmovant will successfully oppose summary judgment only when it presents 'definite, competent evidence to rebut the motion.'" *Vukadinovich v. Bd. of Sch. Trs. of N. Newton Sch. Corp.*, 278 F.3d 693, 699 (7th Cir. 2002) (citations omitted). Furthermore, courts are "'not required to draw every conceivable inference from the record,'" *United States v. Luce*, 873 F.3d 999, 1005 (7th Cir. 2017) (citation omitted), nor do they "have to scour the record or make a party's argument for it," *Varlen Corp. v. Liberty Mut. Ins. Co.*, 924 F.3d 456, 460 (7th Cir. 2019).

## ANALYSIS

### I.    Plaintiff's Video Evidence

Before discussing Plaintiff's claims themselves, there Court must address the admissibility of one of the primary evidentiary bases for much of Plaintiff's Response to Defendants' Joint Statements of Undisputed Material Facts in Support of Their Motions for Summary Judgement and Plaintiff's Statement of Undisputed Additional Facts—the video Plaintiff took in Berwyn City Hall that underlies this entire dispute. After taking the video footage on the date in question, Plaintiff then edited the footage and uploaded it to YouTube. Plaintiff later lost the original

footage, sold the devices used to record the footage, and in response to Defendants' discovery requests, provided only a link to the edited YouTube version of the video and did not inform Defendants that the original had been lost. Plaintiff cites the video in support of most of his responses to Defendants' statements of facts and in support of most of his statements of additional facts.

Defendants contend that the video is inadmissible because there is no way to know whether and to what extent it has been altered, and thus, the vast majority of Plaintiff's responses to Defendants' statements of facts and Plaintiff's statements of additional facts should be disregarded. Plaintiff responds that the video is so definitive that there can be no doubt about what it shows. But the problem with the video is what it does not show.

The video has two primary deficiencies. First, it has been altered. Upon reviewing the video, the Court detected three cuts where footage is omitted, two of which are while Plaintiff was inside Berwyn City Hall, and the other of which is after he was led outside. There may be additional cuts that the Court did not detect.

Second, and more significantly, the video only shows events that took place in Plaintiff's presence. For example, the video does not show the conversations Volanti had with Reberski or Powers when they told Volanti that Plaintiff's conduct caused them to feel causing them to feel uncomfortable, frightened, alarmed, and disturbed. The Court will consider the video and those of Plaintiff's responses to Defendants' statements of facts and Plaintiff's statements of additional facts that rely upon it, but the Court will only afford the video the evidentiary weight to which

7

it is entitled with respect to each response or statement that relies upon it. In other words, if a response or statement relies upon the video as evidence of something the video does not show, it cannot constitute "admissible evidence in support of [Plaintiff's] version of events." *McKenzie*, 92 F.3d at 484.

## II. Probable Cause

### A. Plaintiff's Constitutional Claims

Plaintiff's constitutional claims consist of a claim for violation of his Fourth Amendment rights in the form of unlawful seizure (Count I) and conspiracy to do the same (Count II).

The Fourth Amendment protects against unreasonable seizures, and the "general rule [is] that Fourth Amendment seizures are reasonable only if based on probable cause to believe that the individual has committed a crime." *Moorer v. City of Chicago*, 92 F.4th 715, 720 (7th Cir. 2024) (quoting *Bailey v. United States*, 568 U.S. 186, 192 (2013)). "Probable cause is a fluid concept that is based on the totality of the circumstances." *Id.* (citations omitted). "It is established where a probability or a substantial chance of criminal activity exists and does not require a certainty that a crime was committed." *Id.* (citations omitted). "As the [Supreme] Court has repeatedly noted, probable cause 'is not a high bar.'" *Id.* (quoting *District of Columbia v. Wesby*, 583 U.S. 48, 57 (2018)). "It is assessed objectively, based upon conclusions that an arresting officer reasonably could draw from the information known." *Id.* (citations omitted). "At the time of the arrest police officers need probable cause that *a* crime has been committed, not that the criminal defendant

committed all of the crimes for which he or she is later charged." *Calusinski v. Kruger*, 24 F.3d 931, 935 (7th Cir. 1994) (emphasis added). "An arrest may be supported by probable cause that the arrestee committed *any* offense, regardless of the crime charged or the crime the officer thought had been committed." *United States v. Shields*, 789 F.3d 733, 745 (7th Cir. 2015) (emphasis added).

"When police officers obtain information from an eyewitness or victim establishing the elements of a crime, the information is almost always sufficient to provide probable cause for an arrest in the absence of evidence that the information, or the person providing it, is not credible." *Pasiewicz v. Lake Cnty. Forest Pres. Dist.*, 270 F.3d 520, 524 (7th Cir. 2001); *see also Woods v. City of Chicago*, 234 F.3d 979, 997 (7th Cir. 2000) ("[P]olice officers have no constitutional obligation to conduct any further investigation before making an arrest if they have received information from a reasonably credible victim or eyewitness sufficient to supply probable cause.").

### 1. Siaba Green

As an initial matter, contrary to Plaintiff's allegations in Count I, Siaba Green was not a police officer at the time of Plaintiff's arrest and did not arrest Plaintiff. Indeed, the parties do not dispute that she was not a police officer, but was rather the City Administrator, and Plaintiff acknowledges as much in his briefs. Thus, Plaintiff's unlawful seizure claim against Siaba Green fails as a matter of law.

### 2. Defendant Police Officers

Volanti arrested Plaintiff; Monaco and Ghiloni merely assisted him. Thus, the relevant inquiry is only what Volanti knew when he arrested Plaintiff. Under these facts, Monaco and Ghiloni are not legally obligated to articulate any independent probable cause. *See, e.g.*, *Adeszko v. Degnan*, 2006 U.S. Dist. LEXIS 87026, *14 (N.D. Ill. Nov. 29, 2006 ("[M]erely assisting another officer in effectuating an arrest in progress does not require that the assisting officer acquire probable cause independent of the initiating officer.")

Plaintiff argues that Volanti did not have probable cause to arrest him for either disorderly conduct or for violating the Eavesdropping Statute. Under Illinois law, one commits the crime of disorderly conduct when "a person . . . knowingly . . . [d]oes any act in such an unreasonable manner as to alarm or disturb another and to provoke a breach of the peace." 720 ILCS 5/26-1(a)(1). Further, "videotaping other people, when accompanied by other suspicious circumstances, may constitute disorderly conduct." *Reher v. Vivo*, 656 F.3d 772, 776 (7th Cir. 2011).

As an initial matter, Plaintiff disagrees that Volanti arrested him for disorderly conduct and claims the arrest was only for violating the Eavesdropping Statute. But Volanti testified in his deposition that he arrested Plaintiff for disorderly conduct. Plaintiff offers no contrary evidence. In his responses to Defendants' Statement of Facts, Plaintiff denies that Volanti arrested him for disorderly conduct solely on the basis that his "conduct was reasonable," citing three time stamps from the video. Plaintiff's assertion that his "conduct was reasonable"

10

does not constitute "definite, competent evidence to rebut" Volanti's testimony or Defendants' motion for three primary reasons. *See Vukadinovich*, 278 F.3d at 699. First, this assertion is merely Plaintiff's opinion. Second the video has several cuts in it, which may have shown unreasonable conduct that was edited out by Plaintiff. Third, and most importantly, the standard is whether Volanti reasonably believed that Plaintiff was in violation of the disorderly conduct statute, not whether Plaintiff's conduct was in fact reasonable. *See Moorer*, 92 F.4th at 720. Thus, Defendants' statement that Volanti arrested Plaintiff for disorderly conduct is deemed admitted.

It is undisputed that at least two City employees, Reberski and Powers, told Volanti that Plaintiff's conduct was causing them to feel uncomfortable, frightened, alarmed, and disturbed. As noted above, "[w]hen police officers obtain information from an eyewitness or victim establishing the elements of a crime, the information is almost always sufficient to provide probable cause for an arrest in the absence of evidence that the information, or the person providing it, is not credible." *Pasiewicz*, 270 F.3d at 524. Here, there is no evidence that either Reberski or Powers was not credible when they told Volanti that Plaintiff made them feel uncomfortable, frightened, alarmed, and disturbed. Indeed, Plaintiff never makes this argument in any of his pleadings or briefs. Therefore, Volanti's reliance on Reberski's and Powers's statements was sufficient to provide him with probable cause to arrest Plaintiff for disorderly conduct.

11

Plaintiff claims that the video creates a question of material fact as to whether the City employees were in fact alarmed, disturbed, or frightened. The video is edited and does not show any event that occurred outside of Plaintiff's field of view, including Volanti's conversations with Reberski and Powers. Moreover, Plaintiff does not even deny that Reberski or Powers made these statements to Volanti. Citing the video, he denies that he targeted Reberski intentionally or that any City employee was highly upset or visibly shaking during conversations with him, and he asserts that he was acting reasonable under the circumstances, and that he walked away when Reberski did not answer him. Even if taken as true, none of these assertions controvert what these employees told Volanti prior to Plaintiff's arrest.

The undisputed evidence establishes that Volanti had probable cause to arrest Plaintiff for "knowingly . . . act[ing] in such an unreasonable manner as to alarm or disturb another and to provoke a breach of the peace." 720 ILCS 5/26-1(a)(1). Because Volanti had probable cause to arrest Plaintiff for disorderly conduct, the Court need not reach the question of whether Volanti had probable cause to arrest Plaintiff for violating the Eavesdropping Statue. *See Shields*, 789 F.3d at 745 ("An arrest may be supported by probable cause that the arrestee committed *any* offense, regardless of the crime charged or the crime the officer thought had been committed.") (emphasis added). Because there was no underlying constitutional violation (Count I), Plaintiff's conspiracy claim (Count II) also must

be dismissed. *See, e.g.*, *Ewell v. Toney*, 853 F.3d 911, 918 ("[T]here must be an underlying constitutional injury or the conspiracy claim fails.").

### B. Plaintiff's Remaining Claims

Plaintiff's remaining claims consist of a claim for malicious prosecution (Count III) and an indemnification claim against the City based on the Individual Defendants' employment with the City (Count IV). As a threshold matter, there is no constitutional claim for malicious prosecution. *See Ray v. City of Chicago*, 629 F.3d 660, 664 (7th Cir. 2011) (holding that there is no federal malicious prosecution cause of action because Illinois law recognizes a tort claim for malicious prosecution). Even if the Court were to construe Plaintiff's malicious prosecution claim as an Illinois state law claim, it still fails.

"[M]alicious prosecution suits are disfavored by law because of the potential deterrent effect on the reporting of crime." *Logan v. Caterpillar, Inc.*, 246 F.3d 912, 921 (7th Cir. 2001) (citing *Joiner v. Benton Cmty. Bank*, 82 Ill. 2d 40 (Ill. 1980)). Under Illinois law, "malicious prosecution requires a showing that: (1) the defendant commenced proceedings against the plaintiff maliciously and without probable cause; (2) the suit terminated in the plaintiffs favor; and (3) the plaintiff was injured beyond the cost and annoyance of defending the suit." *Penn v. Harris*, 296 F.3d 573, 576 (7th Cir. 2002). Malice is present when a prosecution is initiated for any reason other than to bring a party to justice. *Rodgers v. Peoples Gas Light & Coke Co.*, 315 Ill. App. 3d 340, 349 (Ill. App. Ct. 2000). However, "malice may not be inferred where probable cause exists." *Turner v. City of Chicago*, 91 Ill. App. 3d 931,

13

937 (Ill. App. Ct. 1980); *see also Washington v. City of Chicago*, 98 F.4th 860, 863 (7th Cir. 2024) ("The existence of probable cause is a defense to . . . malicious prosecution claims."). As discussed above, there was probable cause to arrest Plaintiff, so Plaintiff's malicious prosecution claim fails.

Because there are no remaining claims, Plaintiff's claim for indemnification (Count IV) against the City also must be dismissed. *See, e.g.*, *Bruno v. Wells-Armstrong*, 93 F.4th 1049, 1056 (7th Cir. 2024) ("[B]ecause the City need only indemnify its employees if those employees are found liable, the indemnification claim fails if the employees are not liable.").

## III.  Qualified Immunity

Even if probable cause did not exist to arrest Plaintiff, the arresting officers would be entitled to qualified immunity. "Qualified immunity requires the court to determine: (1) whether the record evidences the violation of a federal statutory or constitutional right; and if so (2) whether the right violated was clearly established at the time the violation occurred. *Schimandle v. Dekalb Cnty. Sheriff's Off.*, 114 F.4th 648, 655 (7th Cir. 2024). "'If either inquiry is answered in the negative,'" qualified immunity protects the defendant official. *Id.* (quoting *Gibbs v. Lomas*, 755 F.3d 529, 537 (7th Cir. 2014)). Qualified immunity provides "ample room for mistaken judgments" and protects all but the "plainly incompetent and those who knowingly violate the law." *Id.* (quoting *Wheeler v. Lawson*, 539 F.3d 629, 639 (7th Cir. 2008)).

Assuming *arguendo* that probable cause did not exist to arrest Plaintiff, a person does have a constitutional right to be free from arrest without probable cause, and that right is clearly established. *See id.* (citing *Fleming v. Livingston Cnty*, 674 F.3d 874, 879 (7th Cir. 2012)). But an officer is still entitled to qualified immunity in a false arrest case when "a reasonable officer could have mistakenly believed that probable cause existed." *Fleming*, 674 F.3d at 880 (quoting *Humphrey v. Staszak*, 148 F.3d 719, 725 (7th Cir. 1998)). This inquiry is sometimes referred to as "arguable probable cause." *Id.* Arguable probable cause is established when "a reasonable officer in the same circumstances and possessing the same knowledge as the officer in question could have reasonably believed that probable cause existed in the light of well-established law." *Id.*

The undisputed facts show that Volanti had probable cause to arrest Plaintiff based on the statements of Reberski and Powers. Therefore, even if Volanti did not have probable cause to arrest Plaintiff for disorderly conduct, he at least reasonably believed Plaintiff's video recording constituted knowingly committing an act "in such an unreasonable manner as to alarm or disturb another and to provoke a breach of the peace." 720 ILCS 5/26-1(a)(1).

The other Defendant Police Officers also would be entitled to qualified immunity. When assisting officers observe another officer arresting someone, they are entitled to believe that the arresting officer has probable cause. *See, e.g.*, *Boyle v. Torres*, 756 F. Supp. 2d 983, 992 (N.D. Ill. 2010). Thus, Monaco and Ghiloni reasonably believed that Volanti had probable cause to arrest Plaintiff.

15

## CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment [Doc. No. 81] is granted.

**SO ORDERED.**                                     **ENTERED:**


**DATE:** __January 13, 2025__

**HON. MARIA VALDEZ**
**United States Magistrate Judge**

ILND 450 (Rev. 10/13) Judgment in a Civil Action

# IN THE UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

Sean Paul Reyes

Plaintiff(s),

    v.

Richard Volanti et al

Defendant(s).

Case:  22 cv 7339

Judge:  Maria Valdez

## JUDGMENT IN A CIVIL CASE

Judgment is hereby entered (check appropriate box):

☐    in favor of plaintiff(s)
and against defendant(s)
in the amount of $   ,

        which ☐ includes    pre–judgment interest.
        ☐ does not include pre–judgment interest.

Post-judgment interest accrues on that amount at the rate provided by law from the date of this judgment.

Plaintiff(s) shall recover costs from defendant(s).

---

☐    in favor of defendant(s)
and against plaintiff(s)

Defendant(s) shall recover costs from plaintiff(s).

---

☒    other:  Judgment is entered granting Defendants' motion for summary judgment.  Judgment is entered in favor of Defendants Richard Volanti, Detective Monaco, Ruth Siaba, City of Berwyn, and against Plaintiff Sean Paul Reyes.

☐ tried by a jury with Judge    presiding, and the jury has rendered a verdict.
☐ tried by Judge    without a jury and the above decision was reached.
☒ decided by Judge Maria Valdez pursuant to motion [81].

Date:  1/14/2025

Thomas G. Bruton, Clerk of Court

Lisa K. Provine , Deputy Clerk

APPEAL,TERMED,VALDEZ

# United States District Court
## Northern District of Illinois - CM/ECF NextGen 1.8 (rev. 1.8.3) (Chicago)
## CIVIL DOCKET FOR CASE #: 1:22-cv-07339
## Internal Use Only

Reyes v. Volanti et al
Assigned to: Honorable Maria Valdez
Cause: 42:1983 Civil Rights Act

Date Filed: 12/30/2022
Date Terminated: 01/13/2025
Jury Demand: Both
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**Sean Paul Reyes**

represented by **Sean Paul Reyes**
66 S Village Drive
Bellport, NY 11713
PRO SE

**Brian M Orozco**
Brian Orozco
134 N. La Salle Street
Suite 444
60602
Chicago, IL 60657
312-580-1830
Email: borozco@kulislawltd.com
*TERMINATED: 02/19/2025*

**Gregory E. Kulis**
Gregory E. Kulis and Associates
134 N. Lasalle Street
Suite 444
Chicago, IL 60602
312-580-1830
Fax: Active
Email: gkulis@kulislawltd.com
*TERMINATED: 02/19/2025*

**Kenneth Young Hurst**
Gregory E. Kulis and Associates Ltd.
134 N. La Salle Street
Suite 444
60602
Chicago, IL 60602
312-580-1830
Email: khurst@kulislawltd.com
*TERMINATED: 02/19/2025*

**Scott Patrick Granfeldt**
714 N Main Street
Crown Point, IN 46307

630-624-9597
Email: sgranfeldt@kulislawltd.com
*TERMINATED: 04/02/2024*

**Vincenzo Bruno Caporale**
C. Norris Law Group, LLC
900 W. Jackson Boulevard
Suite 6e
Chicago, IL 60607
312-625-6129
Email: vinnie@cnnorrislaw.com
*TERMINATED: 12/14/2023*

V.

**Defendant**

**Richard Volanti**                    represented by    **Sean Michael Sullivan**
Del Galdo Law Group
1441 S. Harlem Ave.
Berwyn, IL 60402
708-222-7000
Fax: Active
Email: sullivan@dlglawgroup.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Acacia Kelli Roberts**
Del Galdo Law Group, Llc
1441 South Harlem Avenue
Berwyn, IL 60402
(708) 222-7000
Fax: Not a member
Email: roberts@dlglawgroup.com
*ATTORNEY TO BE NOTICED*

**Cynthia Sara Grandfield**
City of Evanston
2100 Ridge Avenue
Suite 4400
Evanston, IL 60201
847-866-2937
Fax: 847-448-8093
Email: cgrandfield@cityofevanston.org
*TERMINATED: 07/24/2024*

**Defendant**

**Detective Monaco**                   represented by    **Sean Michael Sullivan**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Acacia Kelli Roberts**
(See above for address)

*ATTORNEY TO BE NOTICED*

**Cynthia Sara Grandfield**
(See above for address)
*TERMINATED: 07/24/2024*

**Defendant**

**Officer Ghiloni**                    represented by   **Sean Michael Sullivan**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Acacia Kelli Roberts**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Cynthia Sara Grandfield**
(See above for address)
*TERMINATED: 07/24/2024*

**Defendant**

**Ruth Siaba**                    represented by   **Sean Michael Sullivan**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Acacia Kelli Roberts**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Cynthia Sara Grandfield**
(See above for address)
*TERMINATED: 07/24/2024*

**Defendant**

**City of Berwyn**                    represented by   **Sean Michael Sullivan**
*a Municipal Corporation*
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Acacia Kelli Roberts**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Cynthia Sara Grandfield**
(See above for address)
*TERMINATED: 07/24/2024*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 12/30/2022 | 1 | COMPLAINT filed by Sean Paul Reyes; Jury Demand. Filing fee $ 402, receipt number AILNDC-20190944.(Kulis, Gregory) (Entered: 12/30/2022) |

| | | |
|---|---|---|
| 12/30/2022 | 2 | CIVIL Cover Sheet (Kulis, Gregory) (Entered: 12/30/2022) |
| 12/30/2022 | 3 | ATTORNEY Appearance for Plaintiff Sean Paul Reyes by Gregory E. Kulis (Kulis, Gregory) (Entered: 12/30/2022) |
| 12/30/2022 | 4 | Attorney Lien by Sean Paul Reyes (Kulis, Gregory) (Entered: 12/30/2022) |
| 12/30/2022 | 5 | ATTORNEY Appearance for Plaintiff Sean Paul Reyes by Vincenzo Bruno Caporale (Caporale, Vincenzo) (Entered: 12/30/2022) |
| 12/30/2022 | 6 | ATTORNEY Appearance for Plaintiff Sean Paul Reyes by Brian M Orozco (Orozco, Brian) (Entered: 12/30/2022) |
| 12/30/2022 | | CASE ASSIGNED to the Honorable Steven C. Seeger. Designated as Magistrate Judge the Honorable Maria Valdez. Case assignment: Random assignment. (lm, ) (Entered: 12/30/2022) |
| 12/30/2022 | | CLERK'S NOTICE: Pursuant to Local Rule 73.1(b), a United States Magistrate Judge of this court is available to conduct all proceedings in this civil action. If all parties consent to have the currently assigned United States Magistrate Judge conduct all proceedings in this case, including trial, the entry of final judgment, and all post-trial proceedings, all parties must sign their names on the attached Consent To form. This consent form is eligible for filing only if executed by all parties. The parties can also express their consent to jurisdiction by a magistrate judge in any joint filing, including the Joint Initial Status Report or proposed Case Management Order. (lm, ) (Entered: 12/30/2022) |
| 01/05/2023 | 7 | MINUTE entry before the Honorable Steven C. Seeger: An initial status report is due by March 21, 2023. Counsel must read the Standing Order entitled "Initial Status Conferences and Joint Initial Status Reports" on the Court's website. The parties must confer as required by Rule 26(f) about the nature, scope, and duration of discovery. The parties must submit two documents to the Court. First, the parties must file the Joint Initial Status Report under Rule 26(f) on the docket. A Word version of the Joint Initial Status Report is available on the Court's website. All parties must participate in the preparation and filing of the Joint Initial Status Report. The Court requires a joint report, so a filing by one side or the other is not sufficient. Second, the parties must email a Word version of a proposed Scheduling Order under Rule 16(b) to the Court's proposed order inbox. Lead counsel for the parties must participate in filing the initial status report. Plaintiff must serve this Order on all other parties. If the defendant has not been served with process, plaintiff's counsel must contact the Courtroom Deputy at jessica_j_ramos@ilnd.uscourts.gov to reschedule the initial status report deadline. Plaintiff should not file the Joint Initial Status Report before the defendant(s) has been served with process. The parties must discuss settlement in good faith and make a serious attempt to resolve this case amicably. All counsel of record must read and comply with this Court's Standing Orders on its webpage. Please pay special attention to the Standing Orders about Depositions and Discovery. Mailed notice. (jjr, ) (Entered: 01/05/2023) |
| 01/17/2023 | 8 | WAIVER OF SERVICE returned executed by Sean Paul Reyes. All Plaintiffs. (Kulis, Gregory) (Entered: 01/17/2023) |
| 01/22/2023 | 9 | ATTORNEY Appearance for Defendants City of Berwyn, Ghiloni, Monaco, Ruth Siaba, Richard Volanti by Sean Michael Sullivan (Sullivan, Sean) (Entered: 01/22/2023) |
| 01/22/2023 | 10 | ATTORNEY Appearance for Defendants City of Berwyn, Ghiloni, Monaco, Ruth Siaba, Richard Volanti by Cynthia Sara Grandfield (Grandfield, Cynthia) (Entered: |

| | | |
|---|---|---|
| | | 01/22/2023) |
| 03/06/2023 | 11 | ANSWER to Complaint by City of Berwyn, Ghiloni, Monaco, Ruth Siaba, Richard Volanti(Grandfield, Cynthia) (Entered: 03/06/2023) |
| 03/21/2023 | 12 | STATUS Report *Joint Initial Status* by Sean Paul Reyes (Kulis, Gregory) (Entered: 03/21/2023) |
| 03/27/2023 | 13 | MINUTE entry before the Honorable Steven C. Seeger: The Court reviewed the joint initial status report (Dckt. No. 12 ). The parties consented to the jurisdiction of the Magistrate Judge for all purposes, including trial. Mailed notice. (jjr, ) (Entered: 03/27/2023) |
| 03/27/2023 | 14 | ORDER REASSIGNING Case to the Honorable Maria Valdez, pursuant to Local Rule 73.1(C) for all further proceedings, parties having consented to the reassignment. Honorable Judge Steven C. Seeger no longer assigned to the case. Signed by Honorable Steven C. Seeger on 3/27/2023. (axk, ) (Entered: 03/28/2023) |
| 03/29/2023 | 15 | MINUTE entry before the Honorable Maria Valdez: This matter has been reassigned to Magistrate Judge Maria Valdez for ruling on final disposition of the case. The Court adopts the parties' proposed schedule 12 as follows: any amendments to pleadings are due by 6/30/23; fact discovery shall be completed by 9/29/23; and dispositive motions are due 11/3/23. The parties are to file a joint status report by 5/31/23 detailing their discovery progress and the prospects of settlement. Mailed notice (lp, ) (Entered: 03/29/2023) |
| 04/26/2023 | 16 | MOTION by Plaintiff Sean Paul Reyes for leave to file *His First Amended Complaint* (Kulis, Gregory) (Entered: 04/26/2023) |
| 04/26/2023 | 17 | MINUTE entry before the Honorable Maria Valdez: Plaintiff's Motion to File His First Amended Complaint 16 is granted. Plaintiff is granted leave to file a First Amended Complaint to make the changes referenced in the motion. Mailed notice (lp, ) (Entered: 04/26/2023) |
| 04/26/2023 | 18 | *FIRST* AMENDED complaint by Sean Paul Reyes against All Defendants (Kulis, Gregory) (Entered: 04/26/2023) |
| 05/31/2023 | 19 | STATUS Report *Joint* by Sean Paul Reyes<br><br>(Kulis, Gregory) (Entered: 05/31/2023) |
| 06/01/2023 | 20 | MINUTE entry before the Honorable Maria Valdez: The Court has reviewed the parties' joint status report 19 . In the report, Defendants indicate that they would like Plaintiff to send a settlement demand in the next two weeks. However, the report does not indicate whether Plaintiff is amenable to sending a settlement demand and also does not indicate generally whether the parties are interested in participating in a settlement conference. The parties are to file a joint status report by 6/5/23 in which they indicate whether they would like to exchange settlement letters and participate in a settlement conference. Mailed notice (lp, ) (Entered: 06/01/2023) |
| 06/06/2023 | 21 | MINUTE entry before the Honorable Maria Valdez: The parties did not file a joint status report by 6/5/23 as ordered 20 . The parties are to file a joint status report by 6/7/23 indicating whether they would like to participate in a settlement conference at this time. Mailed notice (lp, ) (Entered: 06/06/2023) |
| 06/06/2023 | 22 | STATUS Report *JOINT* by Sean Paul Reyes<br><br>(Kulis, Gregory) (Entered: 06/06/2023) |

| 06/06/2023 | 23 | MINUTE entry before the Honorable Maria Valdez: The Court has reviewed the parties' joint status report 22 . The parties report that Plaintiff intends to send a settlement demand within the next two weeks. The parties further report that Plaintiff is open to a settlement conference but Defendants wish to review Plaintiff's settlement demand before determining whether a settlement conference would be fruitful. The parties are to file a further joint status report by 6/28/23 detailing their discovery progress and stating whether all parties would like to participate in a settlement conference. Mailed notice (lp, ) (Entered: 06/06/2023) |
|---|---|---|
| 06/28/2023 | 24 | STATUS Report *Joint* by Sean Paul Reyes<br><br>(Kulis, Gregory) (Entered: 06/28/2023) |
| 06/29/2023 | 25 | MINUTE entry before the Honorable Maria Valdez: The Court has reviewed the parties' joint status report 24 . Defendants indicate that they anticipate being able to advise if they will proceed with a settlement conference by 7/14/23. In light of Defendants' representation in that regard, the parties are to file a further joint status report by 7/18/23 detailing their discovery progress and stating whether all parties would like to participate in a settlement conference. Mailed notice (lp, ) (Entered: 06/29/2023) |
| 07/18/2023 | 26 | STATUS Report *JOINT* by Sean Paul Reyes<br><br>(Caporale, Vincenzo) (Entered: 07/18/2023) |
| 07/19/2023 | 27 | MINUTE entry before the Honorable Maria Valdez: The Court has reviewed the parties' joint status report 26 . Per the parties' request, the Court sets 8/16/23 as the deadline for Defendants to answer or otherwise plead in response to Plaintiff's First Amended Complaint 18 . Defendants indicate that they anticipate being able to advise if they would like to proceed with a settlement conference by on or around 7/25/23. In light of Defendants' representation in that regard, the parties are to file a further joint status report by 7/27/23 stating whether all parties would like to participate in a settlement conference. Mailed notice (lp, ) (Entered: 07/19/2023) |
| 07/27/2023 | 28 | STATUS Report *JOINT* by Sean Paul Reyes<br><br>(Caporale, Vincenzo) (Entered: 07/27/2023) |
| 07/27/2023 | 29 | MINUTE entry before the Honorable Maria Valdez: The Court has reviewed the parties' joint status report 28 . The parties indicate that they are interested in participating in a settlement conference. Accordingly, Plaintiff is to submit a demand letter to Defendants no later than 8/1/23, and Defendants must respond with an offer letter by 8/4/23. Both letters must comply with this Court's standing order and instructions governing settlement conferences and should be electronically submitted to the Court at Proposed_Order_Valdez@ilnd.uscourts.gov no later than 8/7/23. If after reviewing the letters the Court believes a settlement conference will be fruitful, the parties will be contacted with available dates. Discovery is to continue during the pendency of the anticipated settlement conference. Mailed notice (lp, ) (Entered: 07/27/2023) |
| 08/08/2023 | 30 | MINUTE entry before the Honorable Maria Valdez: Remote attorneys-only settlement conference is set for 8/22/23 at 2:00 p.m. The Webex link will be sent at a later date, and counsel are to advise chambers as soon as possible if their contact information changes before the conference. Failure to comply with the provisions of the Court's Standing Order may result in the unilateral cancellation of the settlement conference by the Court. THE FACT THAT A SETTLEMENT CONFERENCE HAS BEEN SCHEDULED DOES NOT MEAN THAT THE PARTIES SHOULD |

|  |  | STOP ENGAGING IN SETTLEMENT DISCUSSIONS AMONG THEMSELVES. The Court finds that too often the parties put settlement talks on hold until the settlement conference with the Magistrate Judge. The Court expects that many cases can be resolved among the parties without the need for court-supervised mediation. If your informal discussions are unsuccessful, the Court will conduct the conference but will expect the parties to apprise her of the status of their ongoing settlement discussions. Because of the volume of settlement conferences conducted by Judge Valdez, once a settlement conference date has been agreed upon, no continuance will be granted without a motion showing extreme hardship. Mailed notice (lp, ) (Entered: 08/08/2023) |
|---|---|---|
| 08/22/2023 | 31 | MINUTE entry before the Honorable Maria Valdez: Settlement conference held. The parties are willing to engage in further settlement discussions. Plaintiff will advise the Court by leaving a voicemail message with chambers at (312) 435-5690, option #3, as to whether a settlement has been reached or the parties are at an impasse. The Court will then determine if a settlement conference with another Magistrate Judge will be held. Mailed notice (lp, ) (Entered: 08/22/2023) |
| 09/29/2023 | 32 | MOTION by Defendant City of Berwyn for extension of time to complete discovery *JOINT (fact discovery)*<br><br>(Grandfield, Cynthia) (Entered: 09/29/2023) |
| 10/02/2023 | 33 | MINUTE entry before the Honorable Maria Valdez: The parties' Joint Motion for Extension of Time to Complete Discovery 32 is granted. The deadline for the completion of fact discovery is extended to 11/17/23. The parties state that they have continued to engage in settlement negotiations in attempting to resolve this matter. The parties are to file a joint status report on settlement by 10/16/23. Mailed notice (lp, ) (Entered: 10/02/2023) |
| 10/17/2023 | 34 | MINUTE entry before the Honorable Maria Valdez: The parties did not file a joint status report by 10/16/23 as ordered 33 . The parties are to file a joint status report by 10/18/23. Mailed notice (lp, ) (Entered: 10/17/2023) |
| 10/18/2023 | 35 | STATUS Report *JOINT* by Sean Paul Reyes<br><br>(Kulis, Gregory) (Entered: 10/18/2023) |
| 11/07/2023 | 36 | MINUTE entry before the Honorable Jeffrey Cole: At the parties' request, a settlement conference is set for 12/5/23 at 1:00pm and will be by video. Judge Cole has agreed to conduct the conference. Instructions for the video conference will be sent closer to the settlement date. The parties' counsel must review and comply with this court's Standing Order for Settlement Conference, which appears on the court's website. The requirement of attendance by someone with FULL AUTHORITY is not satisfied by attendance of the general counsel or someone from his/her office, although that person is certainly entitled to attend and welcome to participate in the conference. Nor is it satisfied by attendance of a person who must make a phone call to get permission to settle the case in excess of some predetermined amount. Also, each side should include in their settlement documents the results in comparable cases. Plaintiff should serve defendant with their settlement letter no later than 11/17/23. The plaintiff must include the basis for and how he arrived at the damages being claimed. A demand of 100 cents on the dollar is not a good faith demand. Similarly, an offer of zero is not a good faith offer. See my Standing Order online. Defendant will respond to plaintiff's demand by 11/28/23. Each party shall transmit copies of their respective memorandum by email to my courtroom deputy, at Yulonda_Thomas@ilnd.uscourts.gov, on or before 11/28/23. The submissions are NOT to be filed on the docket. Any change in the settlement conference date must |

| | | be approved by the court, pursuant to an appropriate WRITTEN MOTION, based upon a showing of good cause. Emailed notice (yt) (Entered: 11/07/2023) |
|---|---|---|
| 11/28/2023 | 37 | ATTORNEY Appearance for Plaintiff Sean Paul Reyes by Scott Patrick Granfeldt (Granfeldt, Scott) (Entered: 11/28/2023) |
| 12/05/2023 | 38 | MINUTE entry before the Honorable Jeffrey Cole: Settlement conference held. Despite the best efforts of counsel, the case proved to be unsettlable. However, counsel should keep in mind as the case goes forward, that "certitude is not the test of certainty. We have been cocksure of many things that were not so." Holmes, *Natural Law*, 32 Harvard Law Review 40, 41 (1918). Or as the late Judge Will sagely noted, the "best case can be lost and the worst case can be won none of these risks should be underestimated." *Matter of Superior Beverage/Glass Container Consolidated Pretrial*, 133 F.R.D. 119, 127 (N.D.Ill. 1990). Counsel are urged therefore, to continue discussions with a view towards settling this case rather than trying it, with the accompanying uncertainty that accompanies all litigated matters. The case is returned to Judge Valdez. Emailed notice (yt) (Entered: 12/05/2023) |
| 12/05/2023 | 39 | MINUTE entry before the Honorable Maria Valdez: Per the Court's prior order 33 , fact discovery closed on 11/17/23. The parties are to file a joint status report by 12/7/23. The parties' joint status report shall include an agreed proposed schedule for expert discovery, if the parties intend to engage in expert discovery, and shall also include an agreed proposed schedule for dispositive motions. (rbf, ) (Entered: 12/05/2023) |
| 12/06/2023 | 40 | MOTION by Plaintiff Sean Paul Reyes for extension of time to complete discovery (Kulis, Gregory) (Entered: 12/06/2023) |
| 12/06/2023 | 41 | MINUTE entry before the Honorable Maria Valdez: Plaintiff's Motion to Extend Discovery 40 is stricken without prejudice for failure to comply with the Court's standing order requiring movants to state whether a motion to extend deadlines is agreed. (rbf, ) (Entered: 12/06/2023) |
| 12/08/2023 | 42 | MINUTE entry before the Honorable Maria Valdez: The parties did not file a joint status report by 12/7/23 as ordered 39 . The parties shall file the previously ordered joint status report by 12/11/23. (rbf, ) (Entered: 12/08/2023) |
| 12/11/2023 | 43 | MINUTE entry before the Honorable Maria Valdez: Per defense counsel's request, the deadline for the filing of the parties' joint status report is extended to 12/14/23. Mailed notice (lp, ) (Entered: 12/11/2023) |
| 12/14/2023 | 44 | MOTION by Attorney Vincenzo Caporale to withdraw as attorney for Sean Paul Reyes. No party information provided (Caporale, Vincenzo) (Entered: 12/14/2023) |
| 12/14/2023 | 45 | MINUTE entry before the Honorable Maria Valdez: Plaintiff's Motion to Withdraw as Counsel 44 is granted. Attorney Vincenzo Caporale is terminated as counsel for Plaintiff. Mailed notice (lp, ) (Entered: 12/14/2023) |
| 12/15/2023 | 46 | MINUTE entry before the Honorable Maria Valdez: The parties did not file a joint status report by 12/14/23 as ordered 43 . The parties shall file the previously ordered joint status report by 12/18/23. Mailed notice (lp, ) (Entered: 12/15/2023) |
| 12/15/2023 | 47 | ATTORNEY Appearance for Plaintiff Sean Paul Reyes by Kenneth Young Hurst (Hurst, Kenneth) (Entered: 12/15/2023) |
| 12/18/2023 | 48 | STATUS Report *Joint* by Sean Paul Reyes |

| | | (Kulis, Gregory) (Entered: 12/18/2023) |
|---|---|---|
| 12/18/2023 | 49 | MOTION by Plaintiff Sean Paul Reyes for extension of time to complete discovery<br><br>(Kulis, Gregory) (Entered: 12/18/2023) |
| 12/19/2023 | 50 | MINUTE entry before the Honorable Maria Valdez: The parties' Joint Motion to Extend Fact Discovery 49 is granted. The Court hereby extends the deadline for the completion of fact discovery to 2/16/24. The Court further sets 3/29/24 as the deadline for dispositive motions. As suggested by the parties, any expert discovery schedule will be set after dispositive motions have been ruled upon. The parties are to file a joint status report by 2/19/24 confirming that fact discovery has been completed. Mailed notice (lp, ) (Entered: 12/19/2023) |
| 12/28/2023 | 51 | ANNUAL REMINDER: Pursuant to Local Rule 3.2 (Notification of Affiliates), any nongovernmental party, other than an individual or sole proprietorship, must file a statement identifying all its affiliates known to the party after diligent review or, if the party has identified no affiliates, then a statement reflecting that fact must be filed. An affiliate is defined as follows: any entity or individual owning, directly or indirectly (through ownership of one or more other entities), 5% or more of a party. The statement is to be electronically filed as a PDF in conjunction with entering the affiliates in CM/ECF as prompted. As a reminder to counsel, parties must supplement their statements of affiliates within thirty (30) days of any change in the information previously reported. This minute order is being issued to all counsel of record to remind counsel of their obligation to provide updated information as to additional affiliates if such updating is necessary. If counsel has any questions regarding this process, this LINK will provide additional information. Signed by the Executive Committee on 12/28/2023: Mailed notice. (tg, ) (Entered: 12/29/2023) |
| 02/15/2024 | 52 | MOTION by Plaintiff Sean Paul Reyes for extension of time to complete discovery<br><br>(Kulis, Gregory) (Entered: 02/15/2024) |
| 02/16/2024 | 53 | MINUTE entry before the Honorable Maria Valdez: Defendants' response to Plaintiff's Motion to Extend Fact Discovery 52 is due 2/20/24. The written status date of 2/19/24 is stricken. Mailed notice (lp, ) (Entered: 02/16/2024) |
| 02/21/2024 | 54 | MINUTE entry before the Honorable Maria Valdez: Defendants did not file a response brief by 2/20/24 as ordered 53 . Plaintiff's Motion to Extend Fact Discovery 52 is granted as unopposed. The Court hereby extends the deadline for the completion of fact discovery to 3/15/24. Dispositive motions are now due 4/26/24. Any expert discovery schedule will be set after dispositive motions have been ruled upon. The parties are to file a joint status report by 3/18/24 confirming that fact discovery has been completed. Mailed notice (lp, ) (Entered: 02/21/2024) |
| 03/04/2024 | 55 | MOTION by Plaintiff Sean Paul Reyes to compel<br><br>(Attachments: # 1 Exhibit A, # 2 Exhibit B)(Granfeldt, Scott) (Entered: 03/04/2024) |
| 03/04/2024 | 56 | MINUTE entry before the Honorable Maria Valdez: Defendants' response to Plaintiff's Motion to Compel 55 is due 3/6/24. Mailed notice (lp, ) (Entered: 03/04/2024) |
| 03/06/2024 | 57 | RESPONSE by City of Berwyn, Ghiloni, Monaco, Ruth Siaba, Richard Volantiin Opposition to MOTION by Plaintiff Sean Paul Reyes to compel |

| | | |
|---|---|---|
| | | _55_ _Motion for a Protective Order Pursuant to Rule 26(c) and Sanctions_ (Attachments: # <u>1</u> Exhibit A, # <u>2</u> Exhibit B, # <u>3</u> Exhibit C, # <u>4</u> Exhibit D, # <u>5</u> Exhibit E, # <u>6</u> Exhibit F, # <u>7</u> Exhibit G, # <u>8</u> Exhibit H, # <u>9</u> Exhibit I)(Grandfield, Cynthia) (Entered: 03/06/2024) |
| 03/07/2024 | <u>58</u> | MINUTE entry before the Honorable Maria Valdez: Plaintiff shall file a reply in further support of his Motion to Compel <u>55</u> and the reply brief is due 3/8/24. Mailed notice (lp, ) (Entered: 03/07/2024) |
| 03/08/2024 | <u>59</u> | REPLY by Sean Paul Reyes to response in opposition to motion, <u>57</u> , MOTION by Plaintiff Sean Paul Reyes to compel <u>55</u> (Attachments: # <u>1</u> Exhibit A, # <u>2</u> Exhibit B, # <u>3</u> Certificate of Service)(Kulis, Gregory) (Entered: 03/08/2024) |
| 03/12/2024 | <u>60</u> | MINUTE entry before the Honorable Maria Valdez: As set forth more fully in the accompanying written order, Plaintiff's motion to compel <u>55</u> is granted in part and denied in part, and Defendants' cross-request for a protective order and sanctions is granted in part and denied in part. The Court hereby extends the deadline for the completion of fact discovery to 3/29/24 so the outstanding depositions may be completed. Dispositive motions are now due 5/10/24. The written status date of 3/18/24 is stricken. The parties are to file a joint status report by 4/1/24 confirming that fact discovery has been completed. Mailed notice (lp, ) (Entered: 03/12/2024) |
| 03/12/2024 | <u>61</u> | ORDER. Signed by the Honorable Maria Valdez on 3/12/2024: Mailed notice (lp, ) (Entered: 03/12/2024) |
| 03/20/2024 | <u>62</u> | MOTION by Plaintiff Sean Paul Reyes to compel _Deposition of P.O. Volanti, Detective Monaco, and Ruth Siaba Green_ (Kulis, Gregory) (Entered: 03/20/2024) |
| 03/20/2024 | <u>63</u> | MOTION by Plaintiff Sean Paul Reyes to compel _Deposition of P.O. Volanti, Detective Monaco, and Ruth Siaba Green (re-filed to include exhibits)_ (Attachments: # <u>1</u> Errata A, # <u>2</u> Exhibit B)(Kulis, Gregory) (Entered: 03/20/2024) |
| 03/20/2024 | <u>64</u> | MINUTE entry before the Honorable Maria Valdez: Defendants' response to Plaintiff's Second Motion to Compel and Motion for Extension <u>62</u> <u>63</u> is due 3/22/24. Mailed notice (lp, ) (Entered: 03/20/2024) |
| 03/20/2024 | <u>65</u> | MOTION by Defendants City of Berwyn, Ghiloni, Monaco, Ruth Siaba, Richard Volanti to strike MOTION by Plaintiff Sean Paul Reyes to compel _Deposition of P.O. Volanti, Detective Monaco, and Ruth Siaba Green (re-filed to include exhibits)_ <u>63</u> , MOTION by Defendants City of Berwyn, Ghiloni, Monaco, Ruth Siaba, Richard Volanti for extension of time to complete discovery (Attachments: # <u>1</u> Exhibit A)(Grandfield, Cynthia) (Entered: 03/20/2024) |
| 03/21/2024 | <u>66</u> | MINUTE entry before the Honorable Maria Valdez: Plaintiff's Second Motion to Compel and Motion for Extension <u>62</u> <u>63</u> is granted in part and denied in part and Defendants' Motion to Strike Plaintiff's Motion to Compel and for Extension of Time to Complete Three Depositions <u>65</u> is granted in part and denied in part. The Court hereby extends the deadline for the completion of fact discovery to 4/12/24 so the outstanding depositions may be completed. Dispositive motions are now due |

| | | |
|---|---|---|
| | | 5/24/24. Plaintiff's request for costs and attorney's fees is denied. The written status date of 4/1/24 is stricken. The parties are to file a joint status report by 4/18/24 confirming that fact discovery has been completed. Mailed notice (lp, ) (Entered: 03/21/2024) |
| 04/01/2024 | 67 | MOTION by Attorney Scott Granfeldt to withdraw as attorney for Sean Paul Reyes. No party information provided<br><br>(Granfeldt, Scott) (Entered: 04/01/2024) |
| 04/02/2024 | 68 | MINUTE entry before the Honorable Maria Valdez: Plaintiff's Motion to Withdraw as Counsel 67 is granted. Attorney Scott Granfeldt is terminated as counsel for Plaintiff. Mailed notice (lp, ) (Entered: 04/02/2024) |
| 04/19/2024 | 69 | MINUTE entry before the Honorable Maria Valdez: The parties did not file a joint status report by 4/18/24 as ordered 66 . The parties shall file the previously ordered joint status report by 4/22/24. Mailed notice (lp, ) (Entered: 04/19/2024) |
| 04/22/2024 | 70 | STATUS Report *JOINT* by Sean Paul Reyes<br><br>(Kulis, Gregory) (Entered: 04/22/2024) |
| 04/22/2024 | 71 | MINUTE entry before the Honorable Maria Valdez: The Court has reviewed the parties' joint status report 70 . It is the Court's understanding that fact discovery has been completed. As previously ordered 66 , dispositive motions are due 5/24/24. Mailed notice (lp, ) (Entered: 04/22/2024) |
| 05/24/2024 | 72 | MOTION by Defendants City of Berwyn, Ghiloni, Monaco, Ruth Siaba, Richard Volanti for extension of time *to file a dispositive motion*<br><br>(Grandfield, Cynthia) (Entered: 05/24/2024) |
| 05/28/2024 | 73 | MINUTE entry before the Honorable Maria Valdez: Defendants' Motion for an Extension of Time 72 is granted. Dispositive motions are now due 5/31/24, responses are due 6/21/24, and replies are due 6/28/24. Mailed notice (lp, ) (Entered: 05/28/2024) |
| 05/31/2024 | 74 | MOTION by Defendants City of Berwyn, Ghiloni, Monaco, Ruth Siaba, Richard Volanti for sanctions<br><br>, MOTION by Defendants City of Berwyn, Ghiloni, Monaco, Ruth Siaba, Richard Volanti for rule to show cause<br><br>(Grandfield, Cynthia) (Entered: 05/31/2024) |
| 05/31/2024 | 75 | MOTION by Defendants City of Berwyn, Ghiloni, Monaco, Ruth Siaba, Richard Volanti for extension of time *to file dispositive motions*<br><br>(Grandfield, Cynthia) (Entered: 05/31/2024) |
| 06/03/2024 | 76 | MINUTE entry before the Honorable Maria Valdez: Defendants' motion for an extension of time 75 is granted. The Court hereby stays briefing on dispositive motions pending further order. Plaintiff's response to Defendants' motion for sanctions 74 is due 6/14/24 and Defendants' reply is due 6/21/24. Hearing on the sanctions motion is set before Magistrate Judge Valdez on 6/27/24 at 2:00 p.m. in Courtroom 1041. No telephonic appearances will be allowed. Mailed notice (lp, ) (Entered: 06/03/2024) |

| 06/14/2024 | 77 | RESPONSE by Sean Paul Reyes in Opposition to MOTION by Defendants City of Berwyn, Ghiloni, Monaco, Ruth Siaba, Richard Volanti for sanctions<br><br>MOTION by Defendants City of Berwyn, Ghiloni, Monaco, Ruth Siaba, Richard Volanti for rule to show cause<br><br>74 (Kulis, Gregory) (Entered: 06/14/2024) |
|---|---|---|
| 06/21/2024 | 78 | REPLY by City of Berwyn, Ghiloni, Monaco, Ruth Siaba, Richard Volanti to MOTION by Defendants City of Berwyn, Ghiloni, Monaco, Ruth Siaba, Richard Volanti for extension of time *to file dispositive motions*<br><br>75 , response in opposition to motion, 77 (Grandfield, Cynthia) (Entered: 06/21/2024) |
| 06/27/2024 | 79 | MINUTE entry before the Honorable Maria Valdez: Motion hearing held. Defendants' motion for sanctions 74 is denied without prejudice at this time. As discussed in open Court, Plaintiff's counsel has agreed that their client will remove the YouTube video that references defense counsel and shows her picture. Dispositive motions are due 7/12/24, responses are due 8/2/24, and replies are due 8/9/24. Mailed notice (lp, ) (Entered: 06/27/2024) |
| 07/12/2024 | 80 | MOTION by Plaintiff Sean Paul Reyes for leave to file *his second amended complaint*<br><br>(Attachments: # 1 Exhibit)(Kulis, Gregory) (Entered: 07/12/2024) |
| 07/12/2024 | 81 | MOTION by Defendants City of Berwyn, Ghiloni, Monaco, Richard Volanti, Ruth Siaba for summary judgment<br><br>(Attachments: # 1 Memorandum in Support of MSJ)(Grandfield, Cynthia) (Entered: 07/12/2024) |
| 07/12/2024 | 82 | 56.1 STATEMENT by City of Berwyn, Ghiloni, Monaco, Ruth Siaba, Richard Volanti (Attachments: # 1 Exhibit)(Grandfield, Cynthia) (Entered: 07/12/2024) |
| 07/15/2024 | 83 | MINUTE entry before the Honorable Maria Valdez: Plaintiff's Motion for Leave to File His Second Amended Complaint 80 is denied. Per the Court's prior order 79 , dispositive motions were due to be filed on 7/12/24. Defendants filed a motion for summary judgment on that date 81 . Plaintiff did not file a dispositive motion on the deadline, but rather filed his instant motion, asking that he be granted "leave to amend Count III of the First Amended Complaint to allege both Federal Malicious Prosecution and Illinois State Law Malicious Prosecution." (Pl.'s Mot. at Para. 3.) Pursuant to Federal Rule of Civil Procedure 15, district courts may grant leave to amend pleadings and such leave should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). However, district courts "have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." Hukic v. Aurora Loan Servs., 588 F.3d 420, 432 (7th Cir. 2009) (citation omitted). Allowing leave to amend may be inappropriate where a motion to amend is filed "well after the close of discovery and on the eve of summary judgment proceedings." Feldman v. Am. Mem'l Life Ins. Co., 196 F.3d 783, 793 (7th Cir. 1999). Indeed, "[c]ourts are particularly inclined to deny motions to amend where the plaintiff has waited until after discovery has closed and the defendant has moved for summary judgment." Trustmark Ins. Co. v. Gen. Cologne Life Reinsurance of Am., No. 00 C 1926, 2001 WL 1268539, at *14 (N.D. Ill. Oct. 22, 2001) (citations omitted). Per this Court's prior orders, any amendments to |

| | | |
|---|---|---|
| | | pleadings were due by 6/30/23, over a year ago 15 . Furthermore, discovery closed on 4/12/24, over three months ago 66 . Moreover, as stated above, Plaintiff waited until the day dispositive motions were due to file his motion to amend. Under the circumstances, the Court finds that Plaintiff's motion to amend should be denied because he engaged in undue delay in seeking leave to amend and Defendants would be prejudiced if they were forced to respond to amended claims in the midst of summary judgment briefing. See Johnson v. Cypress Hill, 641 F.3d 867, 873 (7th Cir. 2011) ("[Plaintiff's] request to change his claims on the eve of summary judgment is exactly the sort of switcheroo we have counseled against."). The Court's decision in that regard is bolstered by the fact that Plaintiff has not provided any specific supporting rationales for why he should be granted leave to amend at this late date. Given the nature of Plaintiff's requested amendment, further clarification from the Court is warranted. In Plaintiff's operative First Amended Complaint 18 , he has asserted a malicious prosecution claim as Count III. However, the First Amended Complaint does not specify whether the malicious prosecution claim is brought under state law or federal law. In moving for summary judgment, Defendants have treated the malicious prosecution count as a claim under Illinois state law. (See 81 at 13-15 (citing, e.g., McWilliams v. City of Chicago, 451 F. Supp. 3d 867, 879 (N.D. Ill. 2020)).) The Court finds that Defendants' treatment of the malicious prosecution count as a state law claim was reasonable, and notes that even the existence of malicious prosecution claims under federal law has been the matter of some controversy. See Franklin v. Askew, No. 19-CV-04375, 2022 WL 17093358 (N.D. Ill. Nov. 21, 2022); Sneed v. Vill. Of Lynwood, No. 22-CV-00266, 2022 WL 5116464 (N.D. Ill. Oct. 4, 2022). Accordingly, in order to avoid prejudice to Defendants, Count III of Plaintiff's operative First Amended Complaint will be treated as a state law claim in this litigation moving forward. Mailed notice (lp, ) (Entered: 07/15/2024) |
| 07/19/2024 | 84 | MOTION by Plaintiff Sean Paul Reyes for extension of time to file response/reply as to motion for summary judgment 81 <br><br> (Hurst, Kenneth) (Entered: 07/19/2024) |
| 07/22/2024 | 85 | MINUTE entry before the Honorable Maria Valdez: Plaintiff's Unopposed Motion for Extension of Time to Respond to Defendants' Motion for Summary Judgment 84 is granted. Plaintiff's response to Defendants' Motion for Summary Judgment 81 is now due 9/2/24 and Defendants' reply is due 9/16/24. Mailed notice (lp, ) (Entered: 07/22/2024) |
| 07/23/2024 | 88 | BRIEF by Marc Joseph Stout in support of the city of Berwyn motion for summary judgment. (Attachment) (Envelope post marked 07/17/2024) (Received by mail in the Clerk's Office on 07/23/2024) (rc, ) (Entered: 07/26/2024) |
| 07/23/2024 | 89 | LR 5.6 MOTION by Unknown Joseph Stout to File Amicus Curiase Brief in Support of City of Berwyn's Motion for Summary Judgment. (Received in Mailroom on 07/23/2024.) <br><br> (lw, ) (Entered: 07/28/2024) |
| 07/24/2024 | 86 | MOTION by Attorney Cynthia S. Grandfield to withdraw as attorney for City of Berwyn, Ghiloni, Monaco, Ruth Siaba, Richard Volanti. No party information provided <br><br> (Grandfield, Cynthia) (Entered: 07/24/2024) |
| 07/24/2024 | 87 | MINUTE entry before the Honorable Maria Valdez: Defendants' Motion to Withdraw as Counsel of Record 86 is granted. Attorney Cynthia Grandfield is |

| | | terminated as counsel for Defendants. Emailed notice (yt) (Entered: 07/24/2024) |
|---|---|---|
| 07/30/2024 | 90 | MINUTE entry before the Honorable Maria Valdez: Non-party Marc Joseph Stout's LR 5.6 Motion to File Amicus Curiae Brief In Support of City of Berwyn's Motion for Summary Judgment 89 is denied. Permitting an amicus brief is discretionary. National Organization for Women, Inc. v. Scheidler, 223 F.3d 615, 616 (7th Cir. 2000). An amicus brief may be allowed "when a party is not represented competently or is not represented at all, when the amicus has an interest in some other case that may be affected by the decision in the present case... or when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." Ryan v. Commodity Futures Trading Comm'n, 125 F.3d 1062, 1063 (7th Cir. 1997) (citations omitted). "Otherwise, leave to file an amicus curiae brief should be denied." Id. (citations omitted). In this case, Defendants are represented, Mr. Stout does not assert that he has an interest in a related case, and it is not apparent that Mr. Stout (a non-attorney) has any unique information or perspective that can assist the Court. Accordingly, in its discretion, the Court denies Mr. Stout's motion to file an amicus brief. The Clerk of Court is directed to strike Docket No. 88 . Mailed notice (lp, ) (Entered: 07/30/2024) |
| 09/03/2024 | 91 | RESPONSE by Sean Paul Reyesin Opposition to MOTION by Defendants City of Berwyn, Ghiloni, Monaco, Richard Volanti, Ruth Siaba for summary judgment 81 (Attachments: # 1 Notice of Filing)(Kulis, Gregory) (Entered: 09/03/2024) |
| 09/03/2024 | 92 | RULE 56 56.1(d) & (e) Statement by Sean Paul Reyes regarding motion for summary judgment 81 *And Plaintiff's Statement of Additional Facts, Exhibit A Uploaded* (Attachments: # 1 Affidavit Seal Paul Reyes, # 2 Exhibit A)(Hurst, Kenneth) (Entered: 09/03/2024) |
| 09/03/2024 | 93 | DIGITAL EXHIBIT submitted by Sean Paul Reyes regarding 92 For more information, please visit https://www.ilnd.uscourts.gov/ExhibitDrop. If you wish to download a digital exhibit, please send your request to the Certified Copy Desk (CCD) inbox at CCD_ILND@ilnd.uscourts.gov. You will be provided with an invoice and charged according to the Fee Schedule. Once your payment has been processed, you will receive a URL via email to download the exhibit. (lcd, ) (Entered: 09/04/2024) |
| 09/16/2024 | 95 | REPLY by Defendants City of Berwyn, Ghiloni, Monaco, Ruth Siaba, Richard Volanti *DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT* (Attachments: # 1 Exhibit 11, # 2 Exhibit 12)(Sullivan, Sean) (Entered: 09/16/2024) |
| 09/20/2024 | 96 | MOTION by Plaintiff Sean Paul Reyes for leave to file *excess pages (Dkt. 91)* (Kulis, Gregory) (Entered: 09/20/2024) |
| 09/23/2024 | 97 | MINUTE entry before the Honorable Maria Valdez: Plaintiff's Opposed Motion for Leave to Seek Court Approval for Excess Pages 96 is granted. The page length of Plaintiff's response brief 91 is approved. Mailed notice (lp, ) (Entered: 09/23/2024) |
| 09/30/2024 | 98 | AFFIDAVIT of Sean Paul Reyes *Second* (Hurst, Kenneth) (Entered: 09/30/2024) |
| 09/30/2024 | 99 | MOTION by Plaintiff Sean Paul Reyes for leave to file *LR 56.1(f) Supplemental Filing* |

| | | |
|---|---|---|
| | | (Attachments: # 1 Exhibit Sur-Reply Supplemental Filing, # 2 Exhibit 1, # 3 Exhibit A)(Kulis, Gregory) (Entered: 09/30/2024) |
| 10/01/2024 | 100 | MINUTE entry before the Honorable Maria Valdez: Hearing on Plaintiff's Motion for Leave to File 99 is set for 10/16/24 at 10:00 a.m. in Courtroom 1041. Remote and/or telephonic appearances are not allowed. Any written responses to the motion must be filed by 12:00 p.m. on 10/9/24. Mailed notice (lp, ) (Entered: 10/01/2024) |
| 10/09/2024 | 101 | RESPONSE by City of Berwyn, Ghiloni, Monaco, Ruth Siaba, Richard Volanti to MOTION by Plaintiff Sean Paul Reyes for leave to file *LR 56.1(f) Supplemental Filing*<br><br>99 *DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR- REPLY/LR 56.1(f) SUPPLEMENTAL FILING TO RESPOND TO DEFENDANTS' EVIDENTIARY OBJECTION RAISED IN DEFENDANTS' REPLY* (Sullivan, Sean) (Entered: 10/09/2024) |
| 10/09/2024 | 102 | MOTION by Defendants City of Berwyn, Ghiloni, Monaco, Ruth Siaba, Richard Volanti for leave to file *DEFENDANTS' UNOPPOSED MOTION FOR LEAVE TO FILE SUPPLEMENTAL LR 56.1(C)(2) RESPONSE TO PLAINTIFF'S STATEMENT OF FACTS*<br><br>(Attachments: # 1 Exhibit A)(Sullivan, Sean) (Entered: 10/09/2024) |
| 10/09/2024 | 103 | MINUTE entry before the Honorable Maria Valdez: Defendant's Unopposed Motion for Leave to File Supplemental LR 56.1(C)(2) Response to Plaintiff's Statement of Facts 102 is granted. Defendants shall file their Defendants' Response to Plaintiff's Statement of Additional Facts as a separate docket entry. Mailed notice. (jn,) (Entered: 10/09/2024) |
| 10/09/2024 | 104 | RESPONSE by Defendants City of Berwyn, Ghiloni, Monaco, Ruth Siaba, Richard Volanti *DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF ADDITIONAL MATERIAL FACTS* (Sullivan, Sean) (Entered: 10/09/2024) |
| 10/16/2024 | 105 | MINUTE entry before the Honorable Maria Valdez: Hearing held on Plaintiff's Motion for Leave to File Its Sur-Reply 99 on 10/16/24. For the reasons stated in open court, Plaintiff's motion is granted. Plaintiff shall file his sur-reply as a separate docket entry. Defendants are granted leave to file a sur-response of no more than 5 pages by 10/30/24. No further briefing on Defendants' Motion for Summary Judgment 81 will be allowed. Mailed notice (lp, ) (Entered: 10/16/2024) |
| 10/17/2024 | 106 | SUR-REPLY by Plaintiff Sean Paul Reyes to reply 95 (Attachments: # 1 Affidavit Second Affidavit of Plaintiff, # 2 Exhibit A to Second Affidavit of Plaintiff)(Hurst, Kenneth) (Entered: 10/17/2024) |
| 10/17/2024 | 107 | DIGITAL EXHIBIT submitted by Sean Paul Reyes regarding 106<br><br>For more information, please visit https://www.ilnd.uscourts.gov/ExhibitDrop. If you wish to download a digital exhibit, please send your request to the Certified Copy Desk (CCD) inbox at CCD_ILND@ilnd.uscourts.gov. You will be provided with an invoice and charged according to the Fee Schedule. Once your payment has been processed, you will receive a URL via email to download the exhibit. (men, ) (Entered: 10/17/2024) |
| 10/30/2024 | 109 | RESPONSE by Defendants Richard Volanti, Monaco, Ghiloni, Ruth Siaba, City of Berwyn *DEFENDANTS SUR-RESPONSE TO PLAINTIFFS SUR- REPLY* (Sullivan, Sean) (Entered: 10/30/2024) |

| | | |
|---|---|---|
| 12/27/2024 | 110 | ANNUAL REMINDER: Pursuant to Local Rule 3.2 (Notification of Affiliates), any nongovernmental party, other than an individual or sole proprietorship, must file a statement identifying all its affiliates known to the party after diligent review or, if the party has identified no affiliates, then a statement reflecting that fact must be filed. An affiliate is defined as follows: any entity or individual owning, directly or indirectly (through ownership of one or more other entities), 5% or more of a party. The statement is to be electronically filed as a PDF in conjunction with entering the affiliates in CM/ECF as prompted. As a reminder to counsel, parties must supplement their statements of affiliates within thirty (30) days of any change in the information previously reported. This minute order is being issued to all counsel of record to remind counsel of their obligation to provide updated information as to additional affiliates if such updating is necessary. If counsel has any questions regarding this process, this LINK will provide additional information. Signed by the Honorable Virginia M. Kendall on 12/27/2024: Mailed notice. (tg, ) (Entered: 12/28/2024) |
| 01/13/2025 | 111 | MINUTE entry before the Honorable Maria Valdez: Defendants' Motion for Summary Judgment 81 is granted. Civil case terminated. Mailed notice (lp, ) (Entered: 01/13/2025) |
| 01/13/2025 | 112 | MEMORANDUM Opinion and Order. Signed by the Honorable Maria Valdez on 1/13/2025: Mailed notice (lp, ) (Entered: 01/13/2025) |
| 01/14/2025 | 113 | ENTERED JUDGMENT. (Entered: 01/14/2025) |
| 02/04/2025 | 114 | ATTORNEY Appearance for Defendants Richard Volanti, Monaco, Ghiloni, Ruth Siaba, City of Berwyn by Acacia Kelli Roberts (Roberts, Acacia) (Entered: 02/04/2025) |
| 02/04/2025 | 115 | MOTION by Defendants Richard Volanti, Monaco, Ghiloni, Ruth Siaba, City of Berwyn for sanctions *EMERGENCY MOTION FOR ORDER DIRECTED TO PLAINTIFF SEAN REYES TO REMOVE VIDEOTAPED DEPOSITION FROM HIS YOUTUBE CHANNEL; COMPEL REYES TO COMPLY WITH PRIOR COURT ORDERS; AND FOR SANCTIONS*<br><br>(Attachments: # 1 Exhibit A, # 2 Exhibit B)(Sullivan, Sean) (Entered: 02/04/2025) |
| 02/04/2025 | 116 | MINUTE entry before the Honorable Maria Valdez: Plaintiff's response to Defendants' Emergency Motion for Order Directed to Plaintiff Sean Reyes to Remove Videotaped Deposition from His YouTube Channel; Compel Reyes to Comply with Prior Court Orders; and for Sanctions 115 is due by 2/7/25. A hearing on the motion will be set at a later date if necessary. In the interim, Defendants are granted preliminary relief, and Plaintiff is ordered to take down the video at issue immediately. Failure to do so will result in sanctions against Plaintiff and his counsel. Mailed notice (lp, ) (Entered: 02/04/2025) |
| 02/04/2025 | 117 | Entered in error. Duplicate entry of document number 116. Modified on 2/7/2025 (sxw, ). (Entered: 02/04/2025) |
| 02/05/2025 | 118 | MOTION by Attorney Gregory E. Kulis to withdraw as attorney for Sean Paul Reyes. New address information: Sean Paul Reyes 66 S Village Drive Bellport, NY 11713<br><br>(Attachments: # 1 Exhibit Notification of Party Contact Information Form)(Kulis, Gregory) (Entered: 02/05/2025) |

| | | |
|---|---|---|
| 02/06/2025 | 119 | MINUTE entry before the Honorable Maria Valdez: Hearing on Motion to Withdraw as Counsel 118 is set for 2/19/25 at 10:00 a.m. in Courtroom 1041. Remote and/or telephonic appearances are not allowed. Briefing on the pending emergency motion 115 is stayed, but the preliminary relief granted on 2/4/25 remains in effect until further order of the Court. Mailed notice (lp, ) (Entered: 02/06/2025) |
| 02/07/2025 | 120 | NOTICE of Correction regarding 117 . (sxw, ) (Entered: 02/07/2025) |
| 02/12/2025 | 122 | FIRST AMENDED complaint by Sean Paul Reyes. (daj, ) (Entered: 02/12/2025) |
| 02/14/2025 | 123 | MINUTE entry before the Honorable Maria Valdez: Any relief Plaintiff intended to request by the refiling of the First Amended Complaint 122 is denied. Plaintiff's counsel is directed to forward a copy of this order to Plaintiff forthwith. Mailed notice (lp, ) (Entered: 02/14/2025) |
| 02/14/2025 | 124 | ORDER. Signed by the Honorable Maria Valdez on 2/14/2025: Mailed notice (lp, ) (Entered: 02/14/2025) |
| 02/19/2025 | 125 | MINUTE entry before the Honorable Maria Valdez: Hearing held on Attorney Gregory Kulis's Motion to Withdraw as Counsel 118 . For the reasons stated in open court, the motion is granted. Plaintiff's former counsel is directed to remind Plaintiff that court orders are to be followed, and failure to do so could result in further sanctions. Plaintiff's response to Defendants' Motion Emergency Motion for Order Directed to Plaintiff Sean Reyes to Remove Videotaped Deposition from His YouTube Channel; Compel Reyes to Comply with Prior Court Orders; and for Sanctions 115 is due by 3/5/25, and Defendants' reply is due 3/12/25. A hearing may be set at a later date if necessary. Mailed notice (lp, ) (Entered: 02/19/2025) |
| 02/19/2025 | 126 | NOTICE of appeal by Sean Paul Reyes regarding orders 113 , 112 , 60 , 111 Filing fee $ 605.00. Receipt number: 100016457. (daj, ) (Entered: 02/19/2025) |
| 02/19/2025 | 127 | NOTICE of Appeal Due letter sent to counsel of record regarding notice of appeal 126 . (daj, ) (Entered: 02/19/2025) |