


MR FILED RM
3/6/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION


Sean Paul Reyes,

Plaintiff,

v.                                                                                Case No. 22 CV 07339

RICHARD VOLANTI, DETECTIVE MONACO,

OFFICER GHILONI, RUTH SIABA-GREEN,

individually, and the CITY OF BERWYN,

Defendants.


## PLAINTIFF'S RESPONSE TO DEFENDANTS' EMERGENCY MOTION


### INTRODUCTION

Plaintiff Sean Paul Reyes respectfully submits this response to Defendants' Emergency Motion seeking sanctions and attorney's fees for the alleged violation of a protective order. Plaintiff acknowledges that the deposition video was publicly accessible on his YouTube channel due to a misunderstanding of the protective order's scope and duration. Upon receiving explicit notice from his former attorney, Gregory Kulis, Plaintiff promptly set the video to private, ensuring it was no longer viewable by the public. Given Plaintiff's good faith compliance and immediate corrective action, sanctions and attorney's fees are unwarranted.

### I. PLAINTIFF ACTED IN GOOD FAITH AND PROMPTLY COMPLIED WITH THE COURT'S ORDER

Defendants contend that Plaintiff willfully violated the protective order by making the deposition video publicly accessible. However, the full context demonstrates that Plaintiff's actions were not willful defiance but an honest misunderstanding that was immediately corrected upon clarification from counsel.

      1.        Prior Compliance with Court Orders: Plaintiff has a record of respecting the Court's rulings. When previously ordered to remove a different YouTube video, referencing defense counsel,

Plaintiff complied immediately despite his belief that the content was constitutionally protected and not a part of discovery. This demonstrates Plaintiff's consistent adherence to the Court's instructions.

2.    The Deposition Video Was Public Due to a Misunderstanding: Plaintiff did not act in bad faith when initially making the deposition video public. His misunderstanding stemmed from legal discussions with his former attorney, Gregory Kulis, leading him to believe that the protective order's limitations applied only during active litigation and did not extend beyond the case's conclusion. Plaintiff acknowledges this understanding was incorrect but asserts there was no deliberate defiance of the Court's order.

3.    Immediate Compliance Upon Clarification: Upon receiving explicit direction from his former attorney that the protective order remained in effect and required the video's removal, Plaintiff promptly set the video to private, ensuring it was no longer accessible to anyone but himself. On the YouTube platform, a private video is only viewable by the channel owner and cannot be accessed by the public, even with a direct link. Thus, Plaintiff fully complied with the Court's directive as soon as it was clarified to him.

Sanctions are appropriate only when a party willfully and in bad faith disregards a court order. Courts have recognized that misunderstandings, particularly those stemming from attorney communications, do not warrant sanctions when promptly corrected. See Tucker v. Williams, 682 F.3d 654, 662 (7th Cir. 2012) (sanctions are appropriate where a party has "willfully abused the judicial process or otherwise conducted litigation in bad faith"). Because Plaintiff immediately rectified the situation, sanctions are not warranted.

## II. DEFENSE COUNSEL'S ATTACKS ON PLAINTIFF'S JOURNALISTIC WORK ARE IRRELEVANT

Defendants attempt to discredit Plaintiff by emphasizing that he earns revenue from his YouTube channel and investigative journalism. However, these ad hominem attacks have no bearing on the legal issues at hand.

- The Fact That Plaintiff Earns Income from Journalism Is Irrelevant: Defendants repeatedly reference Plaintiff's revenue as though it diminishes the legitimacy of his work. This argument is meritless. Journalists and media companies routinely earn income from their reporting, and their financial success does not make their work any less valuable or protected under the law.

- Plaintiff's Reporting Focuses on Public Accountability: Plaintiff's work involves investigating and reporting on the conduct of public officials, particularly in law enforcement and local government. His videos document interactions between government employees and the public, which are matters of public concern.

- Defendants' Allegations of Harassment Are Unfounded: Defendants claim that Plaintiff's content has led to harassment from third parties. However, there is no evidence that Plaintiff has ever encouraged or condoned harassment. On the contrary, Plaintiff explicitly promotes peaceful and lawful engagement in all his videos. The fact that some individuals may have reacted negatively to Defendants' conduct does not justify imposing penalties on Plaintiff for reporting on a matter of public interest.

The Court should disregard Defendants' irrelevant attacks on Plaintiff's profession and focus solely on the legal question at hand: whether Plaintiff knowingly and willfully violated a court order. The evidence overwhelmingly shows that Plaintiff's actions were the result of a misunderstanding and that he acted in good faith by correcting his mistake immediately.

## III. DEFENDANTS' MISCHARACTERIZATION OF EVIDENCE: THE VOICEMAILS

Defendants' Motion grossly mischaracterizes the evidence in an effort to portray Plaintiff in a negative light and to falsely portray evidence as threats to the court when in reality the voicemails are protected by the 1st amendment.

- No Connection Between Plaintiff and the Callers: Defendants' Exhibit A includes voicemails from two individuals unknown to Plaintiff. One voicemail is from a photojournalist who politely requests permission to record in City Hall—notably, he did not ask to record Ms. Siaba-Green specifically, as Defendants incorrectly claim. The other voicemail, while rude and offensive in tone, contains no actual threats of harm. In short, neither voicemail contains a true threat or instruction from Plaintiff, and there is no evidence that Plaintiff had any involvement with or influence over these callers.

- Unfounded Attribution to Plaintiff: Despite this, Defendants characterize these unsolicited voicemails as "threats" and attempt to attribute them to Plaintiff as if he orchestrated or condoned them. This assertion is completely unsupported by the evidence. Defendants are effectively blaming Plaintiff for the independent actions of unrelated third parties.

- Selective Targeting of Plaintiff: Numerous media outlets—including The Young Turks, Rebel HQ, BJ Investigates, That Surprise Witness, and Audit the Audit—have reported on this case. Yet Defendants singularly target Plaintiff for the resulting public scrutiny. This suggests that Defendants' real issue is not with alleged harassment, but rather with speech they dislike coming from Plaintiff.

## IV. SANCTIONS AND ATTORNEY'S FEES ARE UNWARRANTED

For the reasons stated above, sanctions and attorney's fees are inappropriate. Plaintiff acted in good faith, promptly complied with the Court's order, and did not willfully violate any directive. There is no basis for penalizing Plaintiff for what was at most a misunderstanding that was immediately corrected. Also, defense counsel could have simply contacted plaintiff's attorney and plaintiff realizing his error would have removed the video immediately as he did now and has done in prior instances throughout these proceedings.

## CONCLUSION

For the foregoing reasons, Plaintiff Sean Paul Reyes respectfully requests that this Honorable Court:

1. Deny Defendants' Emergency Motion in its entirety, including the requests to impose sanctions and award attorney's fees.

2. Recognize that Plaintiff's misunderstanding of the Court's order was not willful defiance, but rather an honest mistake that was promptly remedied.

3.      Acknowledge that Plaintiff has a consistent history of compliance with court orders, as demonstrated by his prior immediate adherence to judicial directives.

Respectfully submitted,

Dated: March 4, 2024

Signature: _Sean-Paul Reyes_

Sean Paul Reyes, Pro Se Plaintiff

21 Mt Snow Lane

Coram, NY 11727

seanpaulreyes91@gmail.com

631-660-3544

## CERTIFICATE OF SERVICE

I hereby certify that on March 4, 2024, I served a copy of the foregoing document on Defendants' counsel via Certified U.S. Mail and also sent a copy via email to:

Sean M. Sullivan (#6204611)

Acacia Roberts (#6348401)

DEL GALDO LAW GROUP, LLC

1441 S. Harlem Ave.

Berwyn, IL 60402

Additionally, the document was filed with the Court Clerk's Office via U.S. Mail on March 4, 2024.

Signature: _Sean Paul Reyes_

Sean Paul Reyes, Pro Se Plaintiff



RDC 07

$31.40

S2324D502049-28

**PRESS FIRMLY TO SEAL**

POSTAGE REQUIRED

# PRI EXPRESS®

# FLAT RATE ENVELOPE
## ONE RATE ■ ANY WEIGHT

 

To schedule free Package Pickup, scan the QR code.



405



USPS.COM/PICKUP MAR 06 2025 R.M.

PS10001000006

EP13F Octob
OD: 12 1/2 x

**UNITED STATES POSTAL SERVICE** ®

**PRIORITY MAIL EXPRESS**®




ER 183 322 065 US

**CUSTOMER USE ONLY**

FROM: (PLEASE PRINT)   PHONE (63) 600-3544

SeanPaul Reyes
21 Mt. Snow lane
Coram, NY 11727

**DELIVERY OPTIONS (Customer Use Only)**

☐ SIGNATURE REQUIRED Note: The mailer must check the "Signature Required" box if the mailer: 1) Requires the addressee's signature; OR 2) Purchases additional insurance; OR 3) Purchases COD service; OR 4) Purchases Return Receipt service. If the box is not checked, the Postal Service will leave the item in the addressee's mail receptacle or other secure location without attempting to obtain the addressee's signature on delivery.

**Delivery Options**
☐ No Saturday Delivery (delivered next business day)
☐ Sunday/Holiday Delivery Required (additional fee, where available*)
*Refer to USPS.com® or local Post Office™ for availability.

TO: (PLEASE PRINT)   PHONE ( )

Office of the clerk
U.S. District court
219 S. Dearborn Street
chicago IL 60604

ZIP + 4® (U.S. ADDRESSES ONLY)

**PAYMENT BY ACCOUNT (if applicable)**
Federal Agency Acct. No. or Postal Service™ Acct. No.

**ORIGIN (POSTAL SERVICE USE ONLY)**

| | | | |
|---|---|---|---|
| ☒ 1-Day | ☐ 2-Day | ☐ Military | ☐ DPO |
| PO ZIP Code 11784 | Scheduled Delivery Date 3/4 | Postage $ | |
| Date Accepted 3/3 | Scheduled Delivery Time ☒6:00 PM | Insurance Fee $ | COD Fee $ |
| Time Accepted 1124 ☒AM ☐PM | | Return Receipt Fee $ | Live Animal Transportation Fee $ |
| Special Handling/Fragile $ | Sunday/Holiday Premium Fee $ | Total Postage & Fees $ 31.40 | |
| Weight lbs. ozs. | ☒Flat Rate | Acceptance Employee Initials TL | |

**DELIVERY (POSTAL SERVICE USE ONLY)**

| Delivery Attempt (MM/DD/YY) | Time ☐AM ☐PM | Employee Signature |
|---|---|---|
| Delivery Attempt (MM/DD/YY) | Time ☐AM ☐PM | Employee Signature |

■ For pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.
■ $100.00 insurance included.

 **PEEL FROM THIS CORNER**

LABEL 11-B, NOVEMBER 2023   PSN 7690-02-000-9996