

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF ILLINOIS

Sean Paul Reyes,

  Plaintiff,

                                        Case No. 22 CV 07339

v.

Richard Volanti, et al.,

  Defendants.

**FILED**

**MAR 25 2025**

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Magistrate Judge Maria Valdez

## MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL

### PURSUANT TO FED. R. APP. P. 4(a)(5)(A)

## I. INTRODUCTION

Plaintiff Sean Paul Reyes, proceeding pro se, respectfully moves this Court for an extension of time to file a Notice of Appeal pursuant to Federal Rule of Appellate Procedure 4(a)(5)(A). This motion is filed out of an abundance of caution, as Plaintiff believes the Notice of Appeal was timely filed but was misfiled due to an administrative error by the Clerk's Office.

## II. BACKGROUND

1.     Judgment Entry: The Court entered judgment in this case on January 14, 2025. Under 28 U.S.C. § 2107(a) and Federal Rule of Appellate Procedure 4(a)(1)(A), Plaintiff had 30 days from that date (until February 13, 2025) to file a notice of appeal.

2.     Initial Filing Attempt: On February 12, 2025, within the 30-day period prescribed by Rule 4(a)(1)(A), Plaintiff sent a representative to the Clerk's Office to file the Notice of Appeal. The representative submitted two copies of the Notice and paid the $605 appellate filing fee. The Clerk's Office issued a receipt confirming payment for a "Notice of Appeal" dated February 12,

2025. (See Exhibit A, Notice of Appeal Filing Receipt.) This receipt evidences Plaintiff's timely compliance with the filing deadline.

3.      Clerical Error: Later that day, Plaintiff's former attorney, Gregory Kulis, contacted Plaintiff, questioning why an amended complaint had been filed under his name on the docket.

Plaintiff clarified that he had filed a Notice of Appeal, not an amended complaint, and provided Mr. Kulis with the filing receipt. It became apparent that a clerical mistake had occurred in processing the submission.

4.      Discovery of Error: On February 19, 2025, Plaintiff contacted the Clerk's Office and spoke with Court Operations Manager Nairee Hagopian, who confirmed that the Clerk's Office had erroneously filed an amended complaint instead of the Notice of Appeal.

Consequently, despite Plaintiff's timely submission and payment, the Notice of Appeal was not properly docketed on February 12. The error resulted in the appeal not appearing on the docket within the 30-day jurisdictional window.

5.      Correction of Filing: Ms. Hagopian instructed Plaintiff to email her the original Notice of Appeal. She then filed the Notice of Appeal on February 19, 2025, correcting the record. This resulted in a six-day delay in the official docketing date (February 19 instead of February 12). But for this clerical mishap entirely outside Plaintiff's control, the Notice of Appeal would have been timely docketed on February 12, 2025.

6.      Seventh Circuit Jurisdictional Inquiry: As a result of the above administrative error, the Seventh Circuit Court of Appeals issued an order directing Plaintiff to explain why the court has jurisdiction given that the Notice of Appeal appeared to be filed outside the statutory 30-day window. Plaintiff maintains that the Notice was in fact timely submitted, and that the delayed docketing was due to clerical error. In compliance with the Seventh Circuit's order, Plaintiff prepared and filed a memorandum on March 24, 2025, detailing the circumstances and arguing that jurisdiction exists. (See Exhibit B, Plaintiff's Memorandum to Seventh Circuit filed March 24, 2025.)

7.      Current Motion (Protective Filing): In an abundance of caution, should the Court of Appeals determine that it lacks jurisdiction over this appeal due to the Clerk's Office error, Plaintiff now files this motion. Plaintiff respectfully requests that this District Court grant an extension of time for filing the Notice of Appeal, pursuant to Fed. R. App. P. 4(a)(5)(A). This motion is intended to ensure that the appeal may proceed on the merits and that Plaintiff's rights are preserved, in the event the Seventh Circuit finds a jurisdictional defect absent such an extension.

## III. LEGAL STANDARD

Federal Rule of Appellate Procedure 4(a)(5)(A) provides that a district court may extend the time to file a notice of appeal if two conditions are met: (i) the moving party files the motion for an extension no later than 30 days after the original appeal time expires, and (ii) the moving party shows excusable neglect or good cause for the delay. This rule implements 28 U.S.C. § 2107(c), which likewise permits a 30-day extension upon a showing of excusable neglect or good cause.

Under Rule 4(a)(5)(A), the "good cause" and "excusable neglect" standards have "different domains" and are not interchangeable. The good cause standard applies in situations where the delay is caused by forces outside the movant's control (with no fault of the movant), such as unforeseen events or external error. The excusable neglect standard applies when the delay arguably involves some fault of the movant (e.g. inadvertence), and requires a equitable determination that the neglect was excusable under the circumstances. In determining excusable neglect, courts consider "all relevant circumstances," including "the danger of prejudice [to the non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, whether it was within the reasonable control of the movant, and whether the movant acted in good faith" (quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd., 507 U.S. 380, 395 (1993)). Importantly, a district court's ruling on excusable neglect or good cause is reviewed for abuse of discretion and given substantial deference, especially if the extension is granted.

Courts also recognize that pro se filings and actions are to be construed liberally to prevent unfair prejudice caused by technical mistakes. A pro se litigant's procedural missteps or confusion can qualify as excusable neglect in appropriate circumstances. See Haines v. Kerner, 404 U.S. 519, 520–21 (1972) (per curiam) (pro se pleadings are held to "less stringent standards than formal pleadings drafted by lawyers"). The Seventh Circuit has observed that "the court may find excusable neglect in a pro se litigant's confusion about how the federal rules work," given the complexity of those rules. In other words, courts should not penalize pro se litigants for reasonable procedural errors when they have been diligent in pursuing their rights. And while deadlines for filing a notice of appeal are jurisdictional, Rule 4(a)(5)(A) provides a mechanism to avoid harsh results in the event of excusable neglect or circumstances warranting good cause.

Finally, errors or omissions by court personnel are a paradigmatic basis for finding good cause or excusable neglect. When a litigant has done everything reasonably expected of them, a delay attributable to a clerk's office mistake should not bar the litigant's appeal. The Supreme Court recognized in Thompson v. INS, 375 U.S. 384 (1964), that where a party relied on the trial court's mistaken assurance about timing, thus causing a late filing, denying the appeal would be unjust. In Thompson, the petitioner was entitled to an out-of-time appeal because he "had done all that could reasonably be expected" and was misled by the court. Likewise, in Harris Truck Lines, Inc. v. Cherry Meat Packers, Inc., 371 U.S. 215 (1962), the Supreme Court allowed an appeal to proceed when the appellant was affirmatively misled by a district court's extension order later held invalid – a doctrine later known as the "unique circumstances" principle. While the absolute jurisdictional nature of appeal deadlines has been clarified (see Bowles v. Russell, 551 U.S. 205 (2007)), Rule 4(a)(5) and § 2107(c) explicitly vest the district court with authority to grant extensions in situations like this, to prevent clerical errors from defeating a litigant's rights.

## IV. ARGUMENT

### A. Timeliness of This Motion

Plaintiff's motion is timely under Fed. R. App. P. 4(a)(5)(A)(i). The original deadline to file the Notice of Appeal was February 13, 2025 (30 days after entry of judgment on January 14, 2025).
This Motion for Extension has been filed within 30 days after that deadline, thus satisfying the rule's timing requirement. No party will be prejudiced by the brief interval between the lapse of the original deadline and the filing of this motion, especially given that Defendants have been aware of Plaintiff's intent to appeal since shortly after judgment (indeed, Plaintiff attempted to file the appeal before the deadline). The Seventh Circuit docketing of the appeal (albeit with a February 19, 2025 date) and the subsequent jurisdictional memorandum make clear that Defendants have notice of the appeal and have not been prejudiced by the timing.

### B. Good Cause and Excusable Neglect Exist for the Modest Delay

Plaintiff satisfies both the good cause and excusable neglect standards of Rule 4(a)(5)(A)(ii). The circumstances here present a textbook case for granting an extension in the interests of justice.

- Clerical Error by Court Staff (Good Cause): Plaintiff's failure to have the Notice of Appeal timely docketed was due entirely to a clerical error by the Clerk's Office, and not any fault or lack of diligence by Plaintiff. Plaintiff met his obligation by submitting the Notice and fee on February 12, 2025, well within the deadline. The error originated with court personnel mistakenly docketing the filing as an amended complaint. This is precisely "a situation in which there is no fault—excusable or otherwise" on Plaintiff's part, so the more lenient good cause standard applies. Plaintiff had no control over the Clerk's actions. Courts have recognized that when delay is attributable to court personnel, an extension is warranted to avoid penalizing a party for circumstances beyond their control. See, e.g., Thompson, 375 U.S. at 386 (party who did everything reasonably expected should not be barred by delays caused by court personnel); United States v. D'Souza, No. 2:09-cr-00131, 2012 WL 2505331 (E.D. Cal. Jun. 19, 2012) (granting extension where clerical oversight delayed notice of appeal; defendant filed promptly after belated notice). Here, good cause is amply shown because the need for an extension was occasioned by something not within Plaintiff's control.

- Equitable Factors (Excusable Neglect): Even if the Court analyzes the issue as one of excusable neglect, all relevant Pioneer factors weigh decisively in Plaintiff's favor. The delay in docketing the Notice of Appeal was only six days beyond the deadline, which is minimal. Such a short delay, promptly rectified upon discovery, has little to no impact on judicial proceedings or the appeal's progression. Indeed, Plaintiff acted as soon as he learned of the issue: he contacted the Clerk's Office and ensured the Notice was properly filed on February 19, 2025, and he timely complied with the Seventh Circuit's order by submitting a memorandum on March 24, 2025 to address the jurisdictional question. This swift action demonstrates good faith and diligence, not

neglect. There is no prejudice to Defendants or any other party from allowing the appeal to proceed on its merits — Defendants can still oppose the appeal, and the brief delay did not impair their ability to do so. Courts have found excusable neglect in similar circumstances, especially where delays are short and cause no prejudice or tactical advantage. See Salts v. Epps, 676 F.3d 468, 474 (5th Cir. 2012) (upholding extension for a four-day late notice of appeal, noting lack of prejudice and no bad faith); Pearson v. Gatto, 933 F.2d 521, 524–25 (7th Cir. 1991) (district court did not abuse discretion in granting extension where counsel's calendaring error caused short delay; absence of prejudice and counsel's good faith were important factors supporting excusable neglect). Here, the reason for the delay was a clerical mistake – an "oversight causing the delay" expressly acknowledged by the Clerk's Office – which is beyond the reasonable control of the movant and would ordinarily qualify as excusable if not outright good cause. Plaintiff acted in good faith throughout, believing (rightly) that he had filed the appeal on time and quickly following up when alerted to the issue. There is no indication whatsoever of willfulness, carelessness, or gaming of the system by Plaintiff – the hallmark of excusable neglect is that "the actions leading to the default were not willful, careless, or negligent" (quoting Johnson v. Gudmundsson, 35 F.3d 1104, 1117 (7th Cir. 1994)). In fact, Plaintiff's conduct was the opposite of neglect: he was proactive in filing the notice and diligent in curing the filing error once discovered.

- Pro Se Status: Plaintiff's pro se status further supports a finding of excusable neglect. While pro se litigants must follow procedural rules, courts afford leeway to ensure that meritorious claims are not lost due to unfamiliarity with complex procedures. The Seventh Circuit has noted that a pro se litigant's reasonable confusion or misunderstanding of the rules can constitute excusable neglect, given the complexity of federal procedural rules (Whitfield v. Howard, 852 F.3d 656, 660–61 (7th Cir. 2017)). Here, Plaintiff did not even misconstrue the rules – he fully complied with them – but to the extent any procedural misstep is attributed to him, his actions were those of a reasonably prudent non-lawyer trying to navigate the system. He should not be penalized for the Clerk's mistake. This Court has the discretion to grant an extension and courts "enjoy wide latitude" in determining excusable neglect or good cause, especially in favor of a pro se litigant who has shown his intent to appeal within the original time frame . Equity strongly favors allowing the appeal to proceed. Denying this motion would result in extreme hardship – dismissal of an appeal that was, in reality, timely attempted – and would undermine confidence in the administration of justice by elevating form over substance. Granting the extension, by contrast, preserves the status quo and ensures that the appeal will be decided on the merits, which is the fundamental purpose of the excusable neglect/good cause safety valve in Rule 4(a)(5).

In sum, Plaintiff has demonstrated both good cause and excusable neglect. The delay was caused by a breakdown in the court's own process, and Plaintiff acted diligently and in good faith at all times. There is no prejudice to any party by granting the modest extension requested. Conversely, refusing an extension would unfairly penalize Plaintiff for an error he did not commit. Justice is best served by preventing a clerical error from extinguishing Plaintiff's right to appeal. Courts have long held that litigants should not be made to suffer for the mistakes of court officials in handling filings. See Thompson, 375 U.S. at 386; Harris Truck Lines, 371 U.S. at 217. This principle applies with full force here. Accordingly, Plaintiff

respectfully submits that the requirements of Rule 4(a)(5)(A) are satisfied and an extension should be granted.


## V. **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Court grant an extension of time to file the Notice of Appeal, and enter an order deeming the Notice of Appeal filed on February 19, 2025 as timely (nunc pro tunc to February 12, 2025). In the alternative, Plaintiff requests an order extending his appellate filing deadline to Febuary 19th , 2025, such that the Notice of Appeal docketed on that date is considered within the time allowed. Granting this motion will ensure Plaintiff's appeal can be heard on the merits and that a clerical mishap does not deprive the Court of Appeals of jurisdiction. Plaintiff has shown good cause and excusable neglect, and no party will be prejudiced by the requested relief.

Respectfully submitted,

/s/ Sean Paul Reyes

Sean Paul Reyes, Pro Se

21 Mt. Snow Lane

Coram, NY 11727

Email: seanpaulreyes91@gmail.com

Phone: 631-660-3544

Dated: March 25, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2025, I served a copy of the foregoing Motion for Extension of Time to File Notice of Appeal on Defendants' counsel by Certified U.S. Mail, and also sent a copy via email, addressed to:

Sean M. Sullivan (#6204611)

Acacia Roberts (#6348401)

Del Galdo Law Group, LLC

1441 S. Harlem Ave.

Berwyn, IL 60402

Email: ssullivan@dlglawgroup.com

Email: aroberts@dlglawgroup.com

Additionally, a copy of this Motion was mailed for filing to the Clerk of the Court on March 25, 2025 (via U.S. Mail).

/s/ Sean Paul Reyes

Sean Paul Reyes, Pro Se

Dated: March 25, 2025

## EXHIBITS

- Exhibit A: Notice of Appeal Filing Receipt dated February 12, 2025.

- Exhibit B: Plaintiff's Memorandum to Seventh Circuit Court of Appeals (Jurisdictional Statement) filed March 25, 2025.

# EXHIBIT

# A

Generated: Feb 12, 2025 2:15PM



# U.S. District Court

## Illinois Northern - Chicago

Receipt Date: Feb 12, 2025 2:15PM

Sean Paul Reyes

Rcpt. No: 100016457          Trans. Date: Feb 12, 2025 2:15PM          Cashier ID: #GM (6326)

| CD | Purpose | Case/Party/Defendant | Qty | Price | Amt |
|----|---------|----------------------|-----|-------|-----|
| 203 | Notice of Appeal/Docketing Fee | | 1 | 605.00 | 605.00 |

| CD | Tender | Amt |
|----|--------|-----|
| CA | Cash | $605.00 |
| | Total Due Prior to Payment: | $605.00 |
| | Total Tendered: | $605.00 |
| | Total Cash Received: | $605.00 |
| | Cash Change Amount: | $0.00 |

**Comments:** Over the counter filing fee for new appeals case 22cv7339

Only when the bank clears the check, money order, or verifies credit of funds, is the fee or debt officially paid or discharged. A $53 fee will be charged for a returned check.

# EXHIBIT

# B

**UNITED STATES COURT OF APPEALS**
**FOR THE SEVENTH CIRCUIT**

**SEAN PAUL REYES,**
Plaintiff–Appellant,

v.

**RICHARD VOLANTI, et al.,**
Defendants–Appellees.

**Appeal No. 25-1272**
On Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division
Magistrate Judge Maria Valdez

---

# APPELLANT'S MEMORANDUM IN RESPONSE TO ORDER TO SHOW CAUSE DATED MARCH 14, 2025

---

## I. INTRODUCTION

Appellant Sean Paul Reyes, proceeding pro se, respectfully submits this memorandum in response to the Court's March 14, 2025 Order to Show Cause regarding his failure to respond to the February 20, 2025 Order. The failure to respond was not intentional; rather, Appellant never received that Order. Appellant has diligently complied with all court requirements and respectfully requests the Court to find good cause for the delay.

This memorandum also addresses the substance of the February 20, 2025 Order. The Notice of Appeal was timely filed on February 12, 2025, one day before the deadline. A subsequent six-day delay in docketing was due entirely to a clerical error in the District Court Clerk's Office. Appellant has taken every reasonable step to perfect his appeal, and should not be penalized for an administrative error beyond his control. Accordingly, jurisdiction exists and this appeal should proceed on the merits.

---

## II. NON-DELIVERY OF FEBRUARY 20, 2025 ORDER

Appellant did not receive the February 20, 2025 Order at his listed mailing address and was unaware of its existence until receiving the March 14, 2025 Order. Upon discovery, he acted promptly to prepare and submit this memorandum. The failure to respond earlier was entirely due to a delivery issue outside Appellant's control. Therefore, good cause exists for any delay.

## III. TIMELY FILING OF THE NOTICE OF APPEAL

### A. Statutory Deadline

Pursuant to 28 U.S.C. § 2107(a) and Federal Rule of Appellate Procedure 4(a)(1)(A), a notice of appeal must be filed within 30 days of the entry of judgment. Judgment was entered on January 14, 2025, establishing a filing deadline of February 13, 2025. Appellant, aware of this, sent a representative to the Clerk's Office on February 12, 2025 to file the Notice of Appeal. Two copies were submitted and the $605 fee paid, as confirmed by the attached receipt (Exhibit A).

### B. Clerical Error in Docketing

Despite timely filing, the District Court Clerk's Office erroneously docketed an amended complaint instead of the Notice of Appeal. On the same day, Appellant's former attorney, Gregory Kulis, contacted him regarding the mistaken docket entry. Appellant clarified that he had submitted a Notice of Appeal, not a complaint.

Following further inquiry, Appellant spoke with Court Operations Manager Nairee Hagopian on February 19, 2025. Ms. Hagopian acknowledged the mistake and corrected the docket to properly reflect the Notice of Appeal. This six-day delay was purely administrative and not due to any lapse by Appellant.

## IV. APPELLANT SHOULD NOT BE PENALIZED FOR A CLERICAL ERROR

In **Thompson v. INS**, 375 U.S. 384, 386 (1964), the Supreme Court held that a litigant who has done all that could reasonably be expected should not be penalized for delays caused by court personnel. Likewise, in **Fiore v. McDonald's Corp.**, 795 F.2d 1259, 1261 (7th Cir. 1986), this Court emphasized that technical filing errors should not deprive a party of its right to appeal when the intent is clear.

Here, Appellant's intent to appeal was unequivocal, and the administrative delay in docketing was beyond his control. To deny jurisdiction in such circumstances would be inequitable and contrary to established legal principles.

## V. ALTERNATIVE RELIEF UNDER RULE 4(a)(5)(A)

In the alternative, Appellant filed a Motion for Extension of Time to File Notice of Appeal in the District Court on March 25, 2025 (District Court Docket No. 22-cv-07339), pursuant to Federal Rule of Appellate Procedure 4(a)(5)(A). The motion reiterates that any delay was solely due to

clerical error. If this Court determines that the appeal may appear untimely, Appellant respectfully requests that jurisdiction be preserved pending resolution of that motion. See Exhibit B.

## VI. PRO SE CONSIDERATION

As a pro se litigant, Appellant respectfully requests that the Court consider his lack of formal legal representation when evaluating these procedural matters. In **Haines v. Kerner**, 404 U.S. 519, 520 (1972), the Supreme Court held that pro se filings are to be interpreted with less stringency than those drafted by attorneys. While procedural rules must still be followed, courts may exercise discretion to avoid undue prejudice caused by technical errors beyond a litigant's control. Appellant has shown diligence and acted in good faith throughout.

## VII. CONCLUSION

For the foregoing reasons, Appellant respectfully requests that this Court:

1. **Find that appellate jurisdiction exists**, as the Notice of Appeal was filed on February 12, 2025, within the statutory deadline, and the subsequent delay was the result of clerical error;
2. **Alternatively, stay dismissal** of the appeal pending the District Court's decision on Appellant's Rule 4(a)(5)(A) motion;
3. **Permit the appeal to proceed on the merits.**

Respectfully submitted,
/s/ Sean Paul Reyes

Sean Paul Reyes, Pro Se
21 Mt. Snow Lane
Coram, NY 11727
Email: seanpaulreyes91@gmail.com
Phone: 631-660-3544

Dated: March 25, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2025, I served a copy of the foregoing Appellant's Memorandum on Defendants' counsel via Certified U.S. Mail and email:

- Sean M. Sullivan (ARDC #6204611)
- Acacia Roberts (ARDC #6348401)
  Del Galdo Law Group, LLC
  1441 S. Harlem Ave.
  Berwyn, IL 60402
  Emails: ssullivan@dlglawgroup.com, aroberts@dlglawgroup.com

Additionally, this document was filed with the Clerk of the United States Court of Appeals for the Seventh Circuit via U.S. Mail on March 25, 2025.

/s/ Sean Paul Reyes

Sean Paul Reyes, Pro Se

**EXIBITS**

**EXHIBIT A**: Notice of Appeal Filing Receipt dated February 12, 2025
**EXHIBIT B**: Motion for Extension of Time to File Notice of Appeal filed in District Court on March 25, 2025



U.S. POSTAGE PAID
PME
ISLIP TERRACE, NY 11752
MAR 24, 2025

60604 **$31.40**

RDC 07 S2324P506178-13

# PRIORITY MAIL EXPRESS®

# FLAT RATE ENVELOPE

ONE RATE ■ ANY WEIGHT

To schedule free Package Pickup,
scan the QR code.



USPS.COM/PICKUP



PS10001000006

EP13F October 2023
OD: 12 1/2 x 9 1/2

 UNITED STATES POSTAL SERVICE® | **PRIORITY MAIL EXPRESS®**


ER 165 542 754 US

**CUSTOMER USE ONLY**

FROM: (PLEASE PRINT)  PHONE (631) 660-3544
Sean Paul Reyes
21 Mt. Snow lane
Coram, NY 11727

**PAYMENT BY ACCOUNT (if applicable)**
Federal Agency Acct. No. or Postal Service® Acct. No.

**DELIVERY OPTIONS (Customer Use Only)**

☐ **SIGNATURE REQUIRED** Note: The mailer must check the "Signature Required" box if the mailer: 1) Requires the addressee's signature; OR 2) Purchases additional insurance; OR 3) Purchases COD service; OR 4) Purchases Return Receipt service. If the box is not checked, the Postal Service will leave the item in the addressee's mail receptacle or other secure location without attempting to obtain the addressee's signature on delivery.

**Delivery Options**
☐ No Saturday Delivery (delivered next business day)
☐ Sunday/Holiday Delivery Required (additional fee, where available*)
*Refer to USPS.com® or local Post Office™ for availability.

TO: (PLEASE PRINT)  PHONE ( )
Clerks office
United States District Court
Northern District Illinois
219 South Dearborn street
Chicago, IL 60604

ZIP + 4® (U.S. ADDRESSES ONLY)

■ For pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.
■ $100.00 insurance included.

◄ **PEEL FROM THIS CORNER**

**ORIGIN (POSTAL SERVICE USE ONLY)**

| ☒ 1-Day | ☐ 2-Day | ☐ Military | ☐ DPO |
|---|---|---|---|

| PO ZIP Code | Scheduled Delivery Date (MM/DD/YY) | Postage |
|---|---|---|
| 11752 | 3/25/25 | $ 31.40 |

| Date Accepted (MM/DD/YY) | Scheduled Delivery Time | Insurance Fee | COD Fee |
|---|---|---|---|
| 3/24/25 | ☒ 6:00 PM | $ | $ |

| Time Accepted | Return Receipt Fee | Live Animal Transportation Fee |
|---|---|---|
| 11:44 ☒ AM ☐ PM | $ | $ |

| Special Handling/Fragile | Sunday/Holiday Premium Fee | Total Postage & Fees |
|---|---|---|
| $ | $ | $ 31.40 |

| Weight | ☒ Flat Rate | Acceptance Employee Initials |
|---|---|---|
| lbs. ozs. | | MR |

**DELIVERY (POSTAL SERVICE USE ONLY)**

| Delivery Attempt (MM/DD/YY) | Time | Employee Signature |
|---|---|---|
| | ☐ AM ☐ PM | |

| Delivery Attempt (MM/DD/YY) | Time | Employee Signature |
|---|---|---|
| | ☐ AM ☐ PM | |

LABEL 11-B, NOVEMBER 2023  PSN 7690-02-000-9996

    **POSTAL SERVICE**



# UNITED STATES POSTAL SERVICE®

# PRIORITY MAIL EXPRESS®



# FLAT RATE ENVELOPE

ONE RATE ■ ANY WEIGHT

To schedule free Package Pickup,
scan the QR code.



USPS.COM/PICKUP

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE



PS10001000006

EP13F October 2023
OD: 12 1/2 x 9 1/2



RECEIVED

MAR 25 2025

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

# GUARANTEED* ▪ TRACKED ▪ INSURED

For Domestic shipments, the maximum weight is 70 lbs. For international shipments, the maximum weight is 20 lbs.