IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SEAN PAUL REYES | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:22-cv-07339 |
| | ) | |
| RICHARD VOLANTI, DETECTIVE | ) | The Honorable Maria Valdez |
| MONACO, OFFICER GHILONI, RUTH | ) | Magistrate Judge |
| SIABA [GREEN], individually, and the | ) | |
| CITY OF BERWYN, a municipal corporation, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT-APPELLEE'S RESPONSE IN OPPOSITION TO PLAINTIFF-APPELLANT'S MOTION TO DESIGNATE VIDEO DEPOSITIONS AS PART OF THE RECORD ON APPEAL PURSUANT TO FRAP 10(a) and 10(e)**

NOW COMES Defendants-Appellees RICHARD VOLANTI ("Sgt. Volanti"), ROBERT MONACO ("Det. Monaco"), CHARLES GHILONI ("Officer Ghiloni"), RUTH SIABA GREEN ("Siaba Green"), and the CITY OF BERWYN (the "City"), by and through their attorneys Sean M. Sullivan and Peter M. Quigley of Del Galdo Law Group, LLC, and for their response in opposition to Plaintiff-Appellant's motion to designate video depositions as part of the record on appeal, state as follows:

**ARGUMENT**

Plaintiff-Appellant Sean Paul Reyes, almost a year after the Court's final ruling on Summary Judgment (*See* Dkts.111, 112, dated 13 January 25), now seeks to improperly incorporate video recordings of the witness depositions into the official record on appeal. Defendants oppose this request because the videos were never filed by then Plaintiff's counsel, Gregory E. Kulis, with the Court as exhibits to Plaintiff's Response brief during the summary

judgment pleading phase, ever made part of the official record or reviewed by the Court at any time prior to its final ruling on summary judgment, and were not considered by the Court in reaching its final ruling on summary judgment. Additionally, the actual substantive testimony of the relevant deponents/witnesses were filed as exhibits by Defendants via their written deposition transcripts in support of the Defendants' Motion for Summary Judgment. (*See* Dkt. No. 82-1, Exhibits 2, 3, 6, 9).

Therefore, permitting Plaintiff to supplement the record on appeal, over a year after the Court issued its final ruling on summary judgment, would be contrary to Federal Rule of Appellate Procedure 10 and Seventh Circuit precedent. *See Stagman v. Ryan*, 176 F.3d 986, 994 (7th Cir. 1999). Furthermore, Plaintiff cannot show that he will suffer any unfair prejudice from the omission of the deposition videos from the record on appeal as the written deposition transcripts fully preserved the substance of the witnesses' testimony and are already incorporated into the record.

Finally, Plaintiff's prior violations of the Court's orders prohibiting the public disclosure of the deposition videos at issue, as noted in both of Defendants' Motion for Sanctions (*See* Dkts.74,115), clearly demonstrate his history of, and tendency toward, noncompliance with the Court's directives. These prior improper actions by Plaintiff, as alleged in in Defendants' previously filed Motions for Sanctions (See Dkts.74, 115), also raise legitimate concerns regarding potential prospective improper publication of the witness deposition videos, leading again to online and phone harassment of deponents who were videotaped.

For these reasons, the Court should deny Plaintiff's motion and preserve the record on appeal as it currently stands.

I. **The Video Recordings of the Depositions were Never Filed with the Court.**

Under Federal Rule of Appellate Procedure 10, "[t]he following items constitute the record on appeal: (1) the original papers and exhibits filed in the court; (2) the transcript of proceedings, if any; and (3) a certified copy of the docket entries prepared by the clerk." Fed. R. App. P. 10(a). The Seventh Circuit has consistently held that it "will not consider evidence that was not before the court in making its decision." *Stagman*, 176 F.3d at 994.

Here, the video recordings of the depositions were never filed with the Court and therefore never became part of the official record. Only the written deposition transcripts were submitted and considered by the Court in reaching its decision. (*See* Dkt. 82-1, Exhibits 2, 3, 6, 9). Notably, during the summary judgment proceedings, Plaintiff was represented by counsel Gregory E. Kulis who clearly chose not to submit the video recordings of the deposition with Plaintiff's Response to Summary Judgment. (Dkt. 91). After Defendants filed the written deposition transcripts in support of their Motion for Summary Judgment (Dkt. 81), Plaintiff's counsel did submit two Digital Exhibits (Dkts. 93, 107), but those exhibits consisted of Plaintiff's original YouTube video of the incident at issue—not the deposition videos.

Plaintiff and his counsel Kulis could have filed the deposition videos at the appropriate time in support of his Response to the Defendants' Motion Summary Judgment (Dkt. 91) if they believed the videos had independent evidentiary value beyond the written deposition transcripts. Plaintiff and his counsel chose not to do so, and pro se Plaintiff, over a year after the Court's final ruling on summary judgment (Dkt. 112, dated 13 January 2024), should not now be permitted to submit those deposition videos for the record on appeal as the Court never had the opportunity to review them at the appropriate time before issuing its summary judgment ruling.

Accordingly, the Defendants respectfully submit that the Court should deny Plaintiff's motion and preserve the record on appeal as composed of the materials actually presented to the Court prior to its consideration of and ruling on summary judgment.

### II. Omission of the Video Recordings will Not Result in Unfair Prejudice.

Plaintiff will not suffer unfair prejudice from the omission of the video recordings of the depositions from the record on appeal. Where the substance of the evidence is fully preserved in the record and the omitted materials have no significance to the issues that may be raised on appeal, no prejudice exists. *See United States v. Smart*, 448 F.2d 931, 935 (2d Cir. 1971) (rejecting claim of prejudice where missing documents "would appear to have no significance to issues which could be advanced on appeal").

Here, the relevant written deposition transcripts were set forth in Defendants' Joint Rule 56.1 Statement filed on July 12, 2024. (Dkt. No. 82). The accompanying exhibit contained the entirety of Plaintiff's and Defendants' deposition transcripts. (*See* Dkt. No. 82-1, Exhibits 2, 3, 6, 9). Since the video recordings of the depositions were never provided to or considered by the Court, and the Court based the applicable portions of its decision on the written deposition transcripts, Plaintiff cannot demonstrate any resulting prejudice. Accordingly, the Court should deny Plaintiff's motion and decline to incorporate the video recordings of the depositions into the record on appeal.

### III. The Court Should Consider Plaintiff's Prior Violations of the Protective Order Prohibiting Public Dissemination of the Deposition Videos.

In considering Plaintiff's motion to incorporate the video recordings of depositions into the record on appeal, Defendants ask the Court to consider Plaintiff's prior improper public disclosure and misuse of deposition videos in this case. From the outset of discovery, Defendants raised concerns regarding Plaintiff's intended improper disclosure and use of the recordings, noting that

"given Reyes' past course of conduct, there is a strong probability or likelihood that the recording will be posted on his YouTube channel and be potential additional fodder for bullying and harassment." (Dkt. 57 at ¶ 19).

The Court expressly acknowledged and credited these concerns when it entered a Protective Order on March 12, 2024, finding:

> [T]he Court has reason to believe that, if he is allowed an unfettered right with respect to his use of the deposition videos, Plaintiff may be inclined to post the deposition video footage to his YouTube channel. The Court also has reason to believe that the named Defendants will be subject to further harassment from Plaintiff's followers if video from their depositions is posted online. As such, the Court finds that a protective order is warranted to protect Defendants from further annoyance, embarrassment, and oppression. (Dkt. 61 at 3).

Despite this clear directive, Plaintiff subsequently made public statements expressing his intent to use the deposition videos in violation of the Protective Order, as Defendants detailed in their first Motion for Sanctions. (*See* Dkt. 74 at 2). Those concerns were ultimately borne out when Plaintiff, in direct disregard of the Protective Order, published portions of the deposition videos on his YouTube channel on February 4, 2025. (*See* Dkt. 115 at 3). Plaintiff's intentional and improper misconduct, despite repeated legal admonitions not to publicize the deposition videos on his YouTube channel, confirmed the very risk the Court sought to prevent.

Given this history, Defendants reasonably fear that incorporating the witness deposition videos into the record on appeal would invite further misuse and improper publication by Plaintiff on his YouTube channel in violation of the Courts prior orders. Defendants anticipate that Plaintiff would again publish the videos online and then submit an argument that he is a simple non-lawyer, potentially asserting that he thought that the appellate proceedings or the record on appeal are not subject to the Protective Order and thereby subject Defendants to renewed phone and online harassment. Based on this particular Plaintiff's prior conduct, as set forth in the previously filed Defendants' Motion for Sanctions (Dkt. 115), this risk is neither speculative nor hypothetical.

This risk of prospective harassment of the deponents is further heightened by Plaintiff's substantial YouTube platform, which includes approximately 1.01 million subscribers and typical view counts in hundreds of thousands to millions.[1] Additional publication of deposition footage by Plaintiff would carry a concrete financial incentive in the form of advertising revenue and increased channel traffic. That potential economic benefit would undermine the deterrent effect of any prospective monetary sanctions the Court may impose in ruling on Defendants' pending Motion for Sanctions (Dkt. 115, 129), particularly in light of Plaintiff's demonstrated willingness to disregard the Court's Protective Order. At minimum, the existence of this financial incentive materially increases the risk of continued noncompliance with the terms of the Court's Protective Order and supports denial of Plaintiff's request.

Plaintiff has already submitted his Appeal Brief and he may fully rely upon the written deposition transcripts in prosecuting his appeal. Plaintiff has not shown, and Defendants do not perceive, how inclusion of the video recordings, a year after the Court's final ruling on summary judgment, would materially aid the Appellate Court's review. Accordingly, given Plaintiff's demonstrated disregard for the Court's Protective Order and his prior noncompliant use of deposition videos, the Court should exercise its discretion to deny Plaintiff's motion.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to incorporate the video recordings of the depositions into the record on appeal should be denied. The videos were never filed with the district court and are therefore not part of the record on appeal. Their omission causes no prejudice because the deposition transcripts fully preserve the substance of the testimony, and Plaintiff's demonstrated history of disregarding the Court's Protective Order creates a concrete and ongoing

---

[1] Details and estimates observed at: https://www.youtube.com/@LongIslandAudit

risk of misuse of the videos. The Court should exercise its discretion to maintain the record as composed and deny Plaintiff's motion.

                                    Respectfully submitted,

                                    DEFENDANTS

                                    By: */s/ Peter M. Quigley*

Sean M. Sullivan (6204611)
Peter M. Quigley (6344324)
DEL GALDO LAW GROUP, LLC
1441 S. Harlem Avenue
Berwyn, Illinois 60402
(708) 222-7000 (t)
sullivan@dlglawgroup.com
quigley@dlglawgroup.com