IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SEAN PAUL REYES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 22 C 7339 |
| v. | ) | |
| | ) | Magistrate Judge |
| RICHARD VOLANTI et al., | ) | Maria Valdez |
| | ) | |
| Defendants. | ) | |
| | ) | |

# ORDER

This matter is before the Court on Plaintiff's Motion to Designate Video Depositions as Part of the Record on Appeal and to Direct Transmission Under Federal Rule of Appellate Procedure 10 [Doc. No. 137]. For the reasons that follow, the motion is denied.

# BACKGROUND

On March 12, 2024, this Court granted in part a request by Defendants for a protective order permitting the Individual Defendants' videotaped depositions, which had not yet taken place, to be used for the sole purpose of this litigation and prohibiting the video footage from being posted online or on social media (*see* Docs. Nos. 60-61.) On January 14, 2025, this Court granted Defendants' motion for summary judgment and entered judgment in favor of Defendants. (*See* Docs. Nos. 111-13.) At the time of these rulings, Plaintiff was represented by counsel. Plaintiff's counsel subsequently withdrew, and, proceeding pro se, Plaintiff filed a notice of appeal regarding the above orders.

On December 30, 2025, Plaintiff filed the instant motion. In the Motion, Plaintiff requests that this Court designate the video-recorded depositions of the Individual Defendants as part of the record on appeal, and to direct transmission of those video exhibits to the United States Court of Appeals for the Seventh Circuit. Plaintiff explains that he intends to reference testimony contained within the videos and avers that this Court relied on deposition testimony in its order granting summary judgment. Plaintiff asserts that "the complete evidentiary context is material to appellate review of the summary judgment ruling." (Mot. ¶ 5.)

## DISCUSSION

Under Federal Rule of Appellate Procedure 10(a), the record on appeal includes "the original papers and exhibits filed in the district court" and the "transcript of proceedings." Fed. R. App. P. 10(a). Rule 10(e)(2) authorizes supplementation of the record when "anything material to either party is omitted from the record by error or accident." Fed. R. App. P. 10(e)(2). Plaintiff explains that the above-mentioned protective order allows the videos to be used for the purposes of this litigation, and that appellate review "requires access to the entire evidentiary record that was before the district court." (Mot. ¶¶ 8-10 (quoting *Ruffin-Thompkins v. Experian Info. Sols., Inc.*, 422 F.3d 603, 607 (7th Cir. 2005).)

The video recordings of the depositions were never filed with this Court as exhibits to any motion or otherwise. Only transcripts of the depositions were submitted as exhibits to the summary judgment briefs. Plaintiff did later submit two digital exhibits during the summary judgment proceedings, but those were

2

videos of Plaintiff's original video of the incident underlying this litigation, not the depositions. The other order Plaintiff appeals was entered before the depositions had taken place, so the videos could not have been included as exhibits to those pleadings. Therefore, the videos of the depositions were not part of the evidentiary record that was before this Court. *See id.*

Regarding Plaintiff's quotation of the Rule allowing supplementation of the record when "anything material to either party is omitted from the record by error or accident," Plaintiff identifies no accident by him, the attorney who represented him, or anyone else during the relevant proceedings that caused the video recordings to be omitted from the record erroneously. Thus, Plaintiff has not developed this argument and has therefore waived it. Although district courts have a special responsibility to construe *pro se* pleadings liberally, pro se litigants still must develop their arguments. *See King v. MCI Telecomms. Corp.*, 1998 U.S. App. LEXIS 9379, *5 (7th Cir. May 5, 1998) (Where a pro se litigant's argument is not developed, a court "will not create the argument for the [litigant]"); *U.S. ex rel. Verdone v. Cir. Ct. for Taylor Cnty.*, 73 F.3d 669, 673 (7th Cir. 1995) ("Even pro se litigants … must expect to file a legal argument and some supporting authority."); *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994) ("[P]ro se litigants are not entitled to a general dispensation from the rules of procedure or court imposed deadlines.").

3

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Designate Video Depositions as Part of the Record on Appeal and to Direct Transmission Under Federal Rule of Appellate Procedure 10 [Doc. No. 137] is denied.

**SO ORDERED.**     **ENTERED:**

**DATE:   January 20, 2026**

_____
**HON. MARIA VALDEZ**
**United States Magistrate Judge**